John C. Hueston, State Bar No. 164921
Marshall A. Camp, State Bar No. 231389
Thomas Zaccaro, State Bar No. 183241
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:  (213) 788-4340
Facsimile:   (888) 866-4825
jhueston@hueston.com
mcamp@hueston.com
tzaccaro@hueston.com

Attorneys for Defendant
Joseph Kiani

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO VAZQUEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MASIMO CORPORATION, JOSEPH KIANI, MICAH YOUNG, BILAL MUHSIN, and ELI KAMMERMAN,<br><br>Defendants. | Case No. 3:23-cv-01546-L-DEB<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF JOSEPH KIANI TO FIRST AMENDED COMPLAINT** |

Defendant Joseph Kiani ("Kiani" or "Defendant"), by and through his attorneys, hereby answers the Lead Plaintiffs' First Amended Complaint For Violations of the Federal Securities Laws (the "First Amended Complaint") filed by Sergio Vasquez, individually and on behalf of all others similarly situated ("Plaintiffs").  The numbered paragraphs of this Answer correspond to the numbered paragraphs in the First Amended Complaint.  Except as expressly admitted in the responses below, Plaintiffs' allegations are denied.

## ANSWER TO FIRST AMENDED COMPLAINT

The introductory allegations contain a characterization of Plaintiffs' action, for which an answer is not required. To the extent that an answer is required, Defendant denies these allegations.[1]

1. The allegations contained in Paragraph 1 contain a characterization of Plaintiffs' action, for which an answer is not required. To the extent that an answer is required, Defendant denies these allegations.

2. Pursuant to the Court's November 5, 2024 Order, the cause of action asserted against Defendant under Section 10(b) of the Securities Exchange Act (the "Exchange Act") has been dismissed. The remaining allegations contained in Paragraph 2 contain a characterization of Plaintiffs' action, for which an answer is not required. To the extent that an answer is required, Defendant denies these allegations.

3. Denied.

4. Denied.

5. Defendant admits the first sentence of Paragraph 5. The allegations in Paragraph 5 regarding Defendant's comments at Masimo's 2022 Investor Day contain a characterization of certain comments. Defendant refers the Court to a transcript of such comments, which speaks for itself, for the best evidence of its contents. Except as expressly admitted, Defendant denies the allegations in Paragraph 5.

6. Defendant admits that Masimo's stock price generally increased in 2020 and 2021 and that Masimo's pulse oximetry devices are reliable and market-leading. Except as expressly admitted, Defendant denies the allegations of Paragraph 6.

7. Denied.[2]

8. Denied.

---

[1] These allegations contained in footnote 1 contain a characterization of Plaintiffs' action, for which an answer is not required. To the extent that an answer is required, Defendant denies those allegations.

[2] Defendant admits the allegations contained in footnote 2.

9. Denied.

10. Defendant admits that Masimo announced that it had entered into an agreement to acquire Sound United on February 15, 2022 for $1.025 billion. Defendant denies the second sentence of Paragraph 10. The remaining allegations of Paragraph 10 are a characterization of the February 16, 2022 Piper Sandler article, and Defendant refers the Court to such article, which speaks for itself, for the best evidence of its contents. To the extent an answer is required, Defendant denies the remaining allegations of Paragraph 10.

11. Defendant denies the allegations in the first sentence of Paragraph 11. The remaining allegations of Paragraph 11 are a characterization of a press release, and Defendant refers the Court to such press release, which speaks for itself, for the best evidence of its contents. To the extent an answer is required, Defendant denies the remaining allegations of Paragraph 11.

12. The allegations contained in the first sentence of Paragraph 12 contain a characterization of Plaintiffs' action, for which no answer is required. To the extent an answer is required, Defendant denies these allegations. The remaining allegations of Paragraph 12 contain a characterization of Masimo's Q1 2022 earnings announcement. Defendant refers the Court to such announcement, which speaks for itself, for the best evidence of its contents. To the extent an answer is required, Defendant denies the allegations in Paragraph 12.

13. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 13 pertaining to Defendant Young's statements and denies them on that basis. Defendant denies all other allegations.

14. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 14 pertaining to conversations between Sound United personnel and Defendant Young and denies them on that basis. Defendant denies all other allegations.

15.    Defendant lacks sufficient information to admit or deny the allegations in the first sentence of Paragraph 15 and denies them on that basis.  Defendant denies all other allegations in Paragraph 15.

16.    Denied.

17.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 17 and denies them on that basis.

18.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 18 and denies them on that basis.

19.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 19 and denies them on that basis.

20.    Denied.

21.    The allegations contained in Paragraph 21 contain a characterization of Masimo's July 17, 2023 Q2 2023 earnings preannouncement.  Defendant refers the Court to such preannouncement, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations in Paragraph 21.

22.    The allegations contained in Paragraph 22 contain a characterization of Masimo's press release and stock price performance.  Defendant refers the Court to such press release and publicly available stock information, which speak for themselves, for the best evidence of their contents.  To the extent an answer is required, Defendant denies the allegations in Paragraph 22.

23.    Defendant admits that Masimo released its Q2 2023 earnings report on August 8, 2023.  The remaining allegations contained in Paragraph 23 contain a characterization of such earnings report and Masimo's stock price performance.  Defendant refers the Court to such report and publicly available stock information, which speak for themselves, for the best evidence of their contents.  To the extent an answer is required, Defendant denies all other allegations not expressly admitted.

24.    Denied.

25.     Pursuant to the Court's November 5, 2024 Order, the cause of action asserted against Defendant under Section 10(b) of the Exchange Act has been dismissed.   The remaining allegations contained in Paragraph 25 contain a characterization of Plaintiffs' action, for which an answer is not required.  To the extent that an answer is required, Defendant denies these allegations.

26.     The allegations contained in Paragraph 26 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 26.

27.     Defendant admits that Masimo transacts business in California, including in this district, and that Masimo's securities trade on the NASDAQ Stock Market ("NASDAQ") under the ticker symbol "MASI." The remaining allegations contained in Paragraph 27 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 27.

28.     The allegations contained in Paragraph 28 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 28.

29.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 29 and denies them on that basis.

30.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 30 and denies them on that basis.

31.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 31 and denies them on that basis.

32.     Defendant admits that Masimo is a Delaware corporation with its headquarters located at 52 Discovery, Irvine, California 92618, and that its common stock is traded on NASDAQ under the ticker symbol "MASI."  The remaining allegations contained in Paragraph 32 contain a characterization of Masimo's 2023 Form 10-K.  Defendant refers the Court to such filing, which speaks for itself, for the

best evidence of its contents.  To the extent an answer is required, Defendant denies all other allegations not expressly admitted.[3]

33.    Admitted.

34.    Admitted.

35.    Admitted.

36.    Admitted.

37.    The allegations contained in Paragraph 37 contain a characterization of Plaintiffs' action, for which an answer is not required.  To the extent that an answer is required, Defendant denies these allegations.

38.    The first sentence of Paragraph 38 sets forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in the first sentence of Paragraph 38.  Defendant denies all other allegations in Paragraph 38.

39.    Pursuant to the Court's November 5, 2024 Order, this allegation has been dismissed as to Defendant, as the Court concluded that the First Amended Complaint failed to plausibly allege Defendant was liable for the allegedly false statements and omissions pleaded in the First Amended Complaint.  Additionally, the allegations contained in Paragraph 39 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 39.

40.    Pursuant to the Court's November 5, 2024 Order, this allegation has been dismissed as to Defendant, as the Court concluded the First Amended Complaint failed to plausibly allege scienter with respect to Defendant.  Additionally, the allegations contained in Paragraph 40 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 40.

---

[3] Defendant admits the allegations in footnote 3.

ANSWER OF JOSEPH KIANI TO FIRST AMENDED COMPLAINT

41.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 41 and denies them on that basis.[4]

42.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 42 and denies them on that basis.

43.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 43 and denies them on that basis.

44.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 44 and denies them on that basis.

45.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 45 and denies them on that basis.

46.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 46 and denies them on that basis.

47.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 47 and denies them on that basis.

48.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 48 and denies them on that basis.

49.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 49 and denies them on that basis.

50.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 50 and denies them on that basis.

51.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 51 and denies them on that basis.

52.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 52 and denies them on that basis.

53.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 53 and denies them on that basis.

---

[4] The allegations contained in footnote 4 set forth legal conclusions for which an answer is not required. To the extent an answer is required, Defendant denies the allegations in footnote 4.

54. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 54 and denies them on that basis.

55. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 55 and denies them on that basis.

56. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 56 and denies them on that basis.[5]

57. Admitted.

58. Admitted.

59. Defendant denies that Masimo solely focused on its products related to healthcare prior to 2022. Defendant admits the remaining allegations in Paragraph 59.

60. Admitted.

61. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 61 and denies them on that basis.

62. Admitted.

63. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 63 and denies them on that basis.

64. Admitted.

65. Admitted.

66. Denied.

67. The allegations contained in Paragraph 67 contain a characterization of Masimo's February 15, 2022 press release. Defendant refers the Court to such press release, which speaks for itself, for the best evidence of its contents. To the extent an answer is required, Defendant denies the allegations in Paragraph 67.

68. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 68 and denies them on that basis.

---

[5] Defendant lacks sufficient information to admit or deny the allegations in footnote 5 and denies them on that basis.

69.    Defendant denies the second sentence of Paragraph 69.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 69 and denies them on that basis.

70.    The allegations contained in Paragraph 70 contain a characterization of allegations made in a complaint filed in another lawsuit.  Defendant refers the Court to such filing, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations in Paragraph 70.[6]

71.    The allegations contained in Paragraph 71 contain a characterization of allegations made in a complaint filed in another lawsuit.  Defendant refers the Court to such filing, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations in Paragraph 71.[7]

72.    The allegations contained in the first sentence of Paragraph 72 contain a characterization of Plaintiffs' action, for which an answer is not required.  To the extent that an answer is required, Defendant denies those allegations.  Defendant lacks sufficient knowledge to admit or deny the allegations contained in the second sentence of Paragraph 72 and denies them on that basis.  Defendant denies all other allegations.

73.    Defendant admits that Masimo announced the acquisition of Sound United in February 2022. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 73 regarding the reaction of Sound United and Masimo employees to the announcement of the acquisition and denies them on that basis. Defendant denies all other allegations.

74.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 74 and denies them on that basis.[8]

---

[6] Defendant admits that footnote 6 is a citation to the Third Verified Complaint, *Politan Cap. Mgmt. LP v. Kiani et al.*, Case No. 2022- 0948-NAC (Del. Ch. Aug. 7, 2023), ¶ 89.

[7] Defendant admits that footnote 7 is a citation to the Third Verified Complaint, *Politan Cap. Mgmt. LP v. Kiani et al.*, Case No. 2022- 0948-NAC (Del. Ch. Aug. 7, 2023), ¶ 91.

[8] Defendant lacks sufficient knowledge to admit or deny the allegations in footnote 8 and denies those allegations on that basis.

75.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 75 and denies them on that basis.

76.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 76 and denies them on that basis.

77.     The allegations contained in Paragraph 77 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 77.

78.     Denied.

79.     Denied.

80.     Denied.

81.     The allegations contained in Paragraph 81 contain a characterization of Masimo's 2022 Form 10-K.  Defendant refers the Court to such filing, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations in Paragraph 81.

82.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 82 regarding Masimo's executives and denies them on that basis.

83.     Defendant lacks sufficient information to admit or deny the allegations regarding Masimo's former employees and denies them on that basis.  The allegations in Paragraph 83 regarding a February 2023 PowerPoint slide deck involve a characterization of the slide deck.  Defendant refers the Court to such slide deck, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies these allegations.  Defendant denies all other allegations in Paragraph 83.

84.     The allegations in the first sentence of Paragraph 84 set forth accounting principles for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in the first sentence of Paragraph 84.  Defendant denies all other allegations.

85.     Denied.

86.     Defendant denies the first sentence of Paragraph 86.  The remaining allegations contained in Paragraph 86 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 86.[9]

87.     The allegations contained in Paragraph 87 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 87.

88.     The allegations contained in Paragraph 88 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 88.

89.     The allegations contained in Paragraph 89 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 89.

90.     The allegations contained in Paragraph 90 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 90.

91.     The allegations contained in Paragraph 91 contain a characterization of the COSO Framework.  Defendant refers the Court to such COSO Framework, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations in Paragraph 91.

92.     The allegations contained in Paragraph 92 contain a characterization of the COSO Framework.  Defendant refers the Court to such COSO Framework, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations in Paragraph 92.

93.     The allegations contained in Paragraph 93 contain a characterization of the COSO Framework.  Defendant refers the Court to such COSO Framework, which

---

[9] The allegations in footnote 9 set forth accounting principles for which an answer is not required. To the extent an answer is required, Defendant denies these allegations.

ANSWER OF JOSEPH KIANI TO FIRST AMENDED COMPLAINT

1  speaks for itself, for the best evidence of its contents. To the extent an answer is
2  required, Defendant denies the allegations in Paragraph 93.

3      94.    The allegations contained in Paragraph 94 contain a characterization of
4  the COSO Framework. Defendant refers the Court to such COSO Framework, which
5  speaks for itself, for the best evidence of its contents. To the extent an answer is
6  required, Defendant denies the allegations in Paragraph 94.

7      95.    The allegations contained in Paragraph 95 contain a characterization of
8  the COSO Framework. Defendant refers the Court to such COSO Framework, which
9  speaks for itself, for the best evidence of its contents. To the extent an answer is
10  required, Defendant denies the allegations in Paragraph 95.

11      96.    The allegations contained in Paragraph 96 contain a characterization of
12  the COSO Framework. Defendant refers the Court to such COSO Framework, which
13  speaks for itself, for the best evidence of its contents. To the extent an answer is
14  required, Defendant denies the allegations in Paragraph 96.

15      97.    The allegations contained in Paragraph 97 contain a characterization of
16  the COSO Framework. Defendant refers the Court to such COSO Framework, which
17  speaks for itself, for the best evidence of its contents. To the extent an answer is
18  required, Defendant denies the allegations in Paragraph 97.

19      98.    The allegations contained in Paragraph 98 set forth legal conclusions for
20  which an answer is not required. To the extent an answer is required, Defendant denies
21  the allegations in Paragraph 98.

22      99.    The allegations contained in Paragraph 99 set forth legal conclusions for
23  which an answer is not required. To the extent an answer is required, Defendant denies
24  the allegations in Paragraph 99.

25      100.    The allegations contained in Paragraph 100 set forth legal conclusions for
26  which an answer is not required. To the extent an answer is required, Defendant denies
27  the allegations in Paragraph 100.

28

ANSWER OF JOSEPH KIANI TO FIRST AMENDED COMPLAINT

101.   The allegations contained in Paragraph 101 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 101.

102.   The allegations contained in Paragraph 102 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 102.

103.   The allegations contained in Paragraph 103 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 103.

104.   The allegations contained in Paragraph 104 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 104.

105.   The allegations contained in Paragraph 105 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 105.

106.   The allegations contained in Paragraph 106 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 106.

107.   The allegations contained in Paragraph 107 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 107.

108.   The allegations contained in Paragraph 108 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 108.

109.   Denied.

110.   Denied.

111.   Denied.

ANSWER OF JOSEPH KIANI TO FIRST AMENDED COMPLAINT

112.    Defendant lacks sufficient information to admit or deny the allegations regarding CW-15 and denies them on that basis.    Defendant denies all other allegations.

113.    The allegations in Paragraph 113 set forth accounting principles for which an answer is not required.  To the extent an answer is required, Defendant denies these allegations.  Defendant denies all other allegations in Paragraph 113.

114.    The allegations contained in the first sentence of Paragraph 114 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in the first sentence of Paragraph 114. Defendant denies all other allegations in Paragraph 114.

115.    The allegations contained in the first two sentences of Paragraph 115 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in the first two sentences of Paragraph 115.  Defendant denies all other allegations in Paragraph 115.

116.    The allegations contained in the first sentence of Paragraph 116 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in the first sentence of Paragraph 116.  The remaining allegations contained in Paragraph 116 contain a characterization of Masimo's filings with the SEC.  Defendant refers the Court to such filings, which speak for themselves, for the best evidence of their contents.  To the extent an answer is required, Defendant denies these allegations.

117.    The allegations contained in Paragraph 117 contain a characterization of Masimo's filings with the SEC.  Defendant refers the Court to such filings, which speak for themselves, for the best evidence of their contents.  To the extent an answer is required, Defendant denies these allegations.

118.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 118 and denies them on that basis.

ANSWER OF JOSEPH KIANI TO FIRST AMENDED COMPLAINT

119.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 119 and denies them on that basis.

120.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 120 and denies them on that basis.

121.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 121 and denies them on that basis.

122.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 122 and denies them on that basis.

123.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 123 and denies them on that basis.

124.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 124 and denies them on that basis.

125.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 125 and denies them on that basis.

126.   The allegations contained in Paragraph 126 contain a characterization of internal emails.   Defendant refers the Court to such emails, which speak for themselves, for the best evidence of their contents.  To the extent an answer is required, Defendant denies these allegations.

127.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 127 and denies them on that basis.

128.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 128 and denies them on that basis.

129.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 129 and denies them on that basis.

130.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 130 and denies them on that basis.

131.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 131 and denies them on that basis.

ANSWER OF JOSEPH KIANI TO FIRST AMENDED COMPLAINT

132.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 132 and denies them on that basis.

133.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 133 and denies them on that basis.

134.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 134 and denies them on that basis.

135.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 135 and denies them on that basis.

136.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 136 and denies them on that basis.

137.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 137 and denies them on that basis.

138.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 138 and denies them on that basis.

139.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 139 and denies them on that basis.

140.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 140 and denies them on that basis.

141.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 141 and denies them on that basis.

142.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 142 and denies them on that basis.

143.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 143 and denies them on that basis.

144.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 144 and denies them on that basis.

145.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 145 and denies them on that basis.

146. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 146 and denies them on that basis.

147. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 147 and denies them on that basis.

148. The allegations contained in Paragraph 148 contain a characterization of internal emails. Defendant refers the Court to such emails, which speak for themselves, for the best evidence of their contents. To the extent an answer is required, Defendant denies these allegations. Defendant denies all other allegations.

149. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 149 and denies them on that basis.

150. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 150 and denies them on that basis.

151. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 151 and denies them on that basis.

152. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 152 and denies them on that basis.

153. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 153 and denies them on that basis.

154. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 154 and denies them on that basis.

155. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 155 and denies them on that basis.

156. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 156 and denies them on that basis.

157. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 157 and denies them on that basis.

158. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 158 and denies them on that basis.

ANSWER OF JOSEPH KIANI TO FIRST AMENDED COMPLAINT

159.    Denied.

160.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 160 and denies them on that basis.

161.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 161 and denies them on that basis.

162.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 162 and denies them on that basis.

163.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 163 and denies them on that basis.

164.    The allegations contained in Paragraph 164 contain a characterization of internal documents.  Defendant refers the Court to such documents, which speak for themselves, for the best evidence of their contents.  To the extent an answer is required, Defendant denies these allegations.  Defendant denies all other allegations.

165.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 165 and denies them on that basis.

166.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 166 and denies them on that basis.

167.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 167 and denies them on that basis.

168.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 168 and denies them on that basis.

169.    The allegations contained in Paragraph 169 contain a characterization of internal emails.  Defendant refers the Court to such emails, which speak for themselves, for the best evidence of their contents.  To the extent an answer is required, Defendant denies these allegations.  Defendant denies all other allegations.

170.    The allegations contained in Paragraph 170 contain a characterization of internal emails.  Defendant refers the Court to such emails, which speak for

ANSWER OF JOSEPH KIANI TO FIRST AMENDED COMPLAINT

themselves, for the best evidence of their contents.  To the extent an answer is required, Defendant denies these allegations.  Defendant denies all other allegations.

171.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 171 and denies them on that basis.

172.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 172 and denies them on that basis.

173.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 173 and denies them on that basis.

174.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 174 and denies them on that basis.

175.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 175 and denies them on that basis.

176.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 176 and denies them on that basis.

177.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 177 and denies them on that basis.

178.   Denied.

179.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 179 and denies them on that basis.

180.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 180 and denies them on that basis.

181.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 181 and denies them on that basis.

182.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 182 and denies them on that basis.

183.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 183 and denies them on that basis.

184. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 184 and denies them on that basis.

185. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 185 and denies them on that basis.

186. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 186 and denies them on that basis.

187. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 187 and denies them on that basis.

188. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 188 and denies them on that basis.

189. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 189 and denies them on that basis.

190. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 190 and denies them on that basis.

191. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 191 and denies them on that basis.

192. Denied.

193. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 193 and denies them on that basis.

194. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 194 and denies them on that basis.

195. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 195 and denies them on that basis.

196. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 196 and denies them on that basis.

197. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 197 and denies them on that basis.

ANSWER OF JOSEPH KIANI TO FIRST AMENDED COMPLAINT

198.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 198 and denies them on that basis.

199.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 199 and denies them on that basis.

200.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 200 and denies them on that basis.

201.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 201 and denies them on that basis.

202.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 202 and denies them on that basis.

203.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 203 and denies them on that basis.

204.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 204 and denies them on that basis.

205.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 205 and denies them on that basis.

206.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 206 and denies them on that basis.

207.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 207 and denies them on that basis.

208. Defendant denies that Masimo's healthcare force encountered tremendous obstacles selling new products to customers.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 208 and denies them on that basis.

209.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 209 and denies them on that basis.

210.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 210 and denies them on that basis.

211.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 211 and denies them on that basis.

212.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 212 and denies them on that basis.

213.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 213 and denies them on that basis.

214.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 214 and denies them on that basis.

215.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 215 and denies them on that basis.

216.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 216 and denies them on that basis.

217.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 217 and denies them on that basis.

218.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 218 and denies them on that basis.

219.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 219 and denies them on that basis.

220.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 220 and denies them on that basis.

221.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 221 and denies them on that basis.

222.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 222 and denies them on that basis.

223.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 223 and denies them on that basis.

224.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 224 and denies them on that basis.

ANSWER OF JOSEPH KIANI TO FIRST AMENDED COMPLAINT

225.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 225 and denies them on that basis.

226.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 226 and denies them on that basis.

227.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 227 and denies them on that basis.

228.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 228 and denies them on that basis.

229.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 229 and denies them on that basis.

230.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 230 and denies them on that basis.

231.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 231 and denies them on that basis.

232.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 232 and denies them on that basis.

233.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 233 and denies them on that basis.

234.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 234 and denies them on that basis.

235.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 235 and denies them on that basis.

236.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 236 and denies them on that basis.

237.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 237 and denies them on that basis.

238.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 238 and denies them on that basis.

ANSWER OF JOSEPH KIANI TO FIRST AMENDED COMPLAINT

239.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 239 and denies them on that basis.

240.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 240 and denies them on that basis.

241.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 241 and denies them on that basis.

242.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 242 and denies them on that basis.

243.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 243 and denies them on that basis.

244.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 244 and denies them on that basis.

245.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 245 and denies them on that basis.

246.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 246 and denies them on that basis.

247.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 247 and denies them on that basis.

248.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 248 and denies them on that basis.

249.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 249 and denies them on that basis.

250.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 250 and denies them on that basis.

251.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 251 and denies them on that basis.

252.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 252 and denies them on that basis.

ANSWER OF JOSEPH KIANI TO FIRST AMENDED COMPLAINT

253.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 253 and denies them on that basis.

254.   Denied.

255.   Denied.

256.   The allegations contained in Paragraph 256 contain a characterization of Plaintiffs' action, for which an answer is not required.  To the extent that an answer is required, Defendant denies those allegations.

257.   The Court concluded in its November 5, 2024 Order that this statement was not adequately alleged to be false or misleading, and has thus been dismissed from the First Amended Complaint.  To the extent an answer is required, the allegations contained in Paragraph 257 contain a characterization of Masimo's Form 8-K. Defendant refers the Court to such filing, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations in Paragraph 257.

258.   The Court concluded in its November 5, 2024 Order that the statement in Paragraph 257 was not adequately alleged to be false or misleading, and this allegation has thus been dismissed from the First Amended Complaint.  To the extent an answer is required, this allegation is denied.

259.   The Court concluded in its November 5, 2024 Order that the statement in Paragraph 257 was not adequately alleged to be false or misleading, and this allegation has thus been dismissed from the First Amended Complaint.  To the extent an answer is required, this allegation is denied.

260.   The Court concluded in its November 5, 2024 Order that this statement was not adequately alleged to be false or misleading, and this allegation been dismissed from the First Amended Complaint.   To the extent an answer is required, the allegations contained in Paragraph 260 contain a characterization of Masimo's Q1 2022 Form 10-Q.  Defendant refers the Court to such filing, which speaks for itself,

for the best evidence of its contents. To the extent an answer is required, Defendant denies the allegations in Paragraph 260.

261. The Court concluded in its November 5, 2024 Order that the statement in Paragraph 260 was not adequately alleged to be false or misleading, and this allegation has thus been dismissed from the First Amended Complaint. To the extent an answer is required, this allegation is denied.

262. The allegations contained in Paragraph 262 contain a characterization of Defendant's statements on a May 3, 2022 earnings call. Defendant refers the Court to a transcript of such call, which speaks for itself, for the best evidence of its contents. To the extent an answer is required, Defendant denies the allegations.

263. The allegations contained in Paragraph 263 contain a characterization of Defendant's statements on a May 3, 2022 earnings call. Defendant refers the Court to a transcript of such call, which speaks for itself, for the best evidence of its contents. To the extent an answer is required, Defendant denies the allegations.

264. The Court concluded in its November 5, 2024 Order that the statement alleged in Paragraph 264 was not plausibly alleged to be false or misleading, and this allegation has thus been dismissed from the First Amended Complaint. To the extent an answer is required, the allegations contained in Paragraph 264 contain a characterization of Defendant Young's statements on a May 3, 2022 earnings call. Defendant refers the Court to a transcript of such call, which speaks for itself, for the best evidence of its contents. To the extent an answer is required, Defendant denies the allegations.

265. The allegations contained in Paragraph 265 contain a characterization of Defendant Young's statements made on a May 3, 2022 earnings call. Defendant refers the Court to a transcript of such call, which speaks for itself, for the best evidence of its contents. To the extent an answer is required, Defendant denies the allegations.

266. The allegations contained in Paragraph 266 contain a characterization of Defendant's statements on a May 3, 2022 earnings call. Defendant refers the Court to

1  a transcript of such call, which speaks for itself, for the best evidence of its contents.

2  To the extent an answer is required, Defendant denies the allegations.

3  267.   The allegations contained in Paragraph 267 contain a characterization of

4  Defendant's statements on a May 3, 2022 earnings call.  Defendant refers the Court to

5  a transcript of such call, which speaks for itself, for the best evidence of its contents.

6  To the extent an answer is required, Defendant denies the allegations.

7  268.   Denied.

8  269.   Denied.

9  270.   The allegations contained in Paragraph 270 contain a characterization of

10  two May 3, 2022 equity research reports.  Defendant refers the Court to such reports,

11  which speak for themselves, for the best evidence of their contents.  To the extent an

12  answer is required, Defendant denies the allegations.  Defendant lacks sufficient

13  information to admit or deny the remaining allegations in Paragraph 270 and denies

14  them on that basis.

15  271.   The allegations contained in Paragraph 271 contain a characterization of

16  Masimo's stock price performance.  Defendant refers the Court to such publicly

17  available stock information, which speaks for itself, for the best evidence of its

18  contents.  To the extent an answer is required, Defendant denies the allegations.

19  Defendant lacks sufficient information to admit or deny the remaining allegations in

20  Paragraph 271 and denies them on that basis.

21  272.   Admitted.

22  273.   The allegations contained in Paragraph 273 contain a characterization of

23  Masimo's Q2 2022 earnings press release.  Defendant refers the Court to such press

24  release, which speaks for itself, for the best evidence of its contents.  To the extent an

25  answer is required, Defendant denies the allegations.

26  274.   The allegations contained in Paragraph 274 contain a characterization of

27  Masimo's Q2 2022 earnings press release.  Defendant refers the Court to such press

28

ANSWER OF JOSEPH KIANI TO FIRST AMENDED COMPLAINT

release, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.

275.    Denied.

276.    Denied.[10]

277.    The allegations contained in Paragraph 277 contain a characterization of statements made by Defendant and Defendant Young on Masimo's Q2 2022 earnings call.  Defendant refers the Court to a transcript of such call, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.

278.    Denied.

279.    Denied.

280.    The allegations contained in Paragraph 280 contain a characterization of Defendant's statements on Masimo's Q2 2022 earnings call.  Defendant refers the Court to a transcript of such call, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.[11]

281.    Denied.

282.    The allegations contained in Paragraph 282 contain a characterization of statements made by Defendant and Defendant Young on Masimo's Q2 2022 earnings call.  Defendant refers the Court to a transcript of such call, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.

283.    Denied.

284.    Defendant lacks sufficient knowledge to admit or deny the allegations in the first sentence of Paragraph 284 and denies them on that basis.  The remaining

---

[10] Defendant lacks sufficient information to admit or deny the allegations in footnote 10 and denies those allegations on that basis.

[11] The allegations in footnote 11 contain a characterization of Masimo's Form 8-K.  Defendant refers the court to such filing, which speaks for itself, for the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations.

ANSWER OF JOSEPH KIANI TO FIRST AMENDED COMPLAINT

allegations contained in Paragraph 284 contain a characterization of two August 9, 2022 equity research reports.  Defendant refers the Court to such reports, which speak for themselves, for the best evidence of their contents.  To the extent an answer is required, Defendant denies the allegations.

285.   The allegations contained in Paragraph 285 contain a characterization of Masimo's stock price performance.   Defendant refers the Court to such publicly available stock information, which speaks for itself, for the best evidence of its contents.   To the extent an answer is required, Defendant denies the allegations. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 285 and denies them on that basis.

286.   Admitted.

287.   The Court concluded in its November 5, 2024 Order that the statement alleged in Paragraph 287 was not plausibly alleged to be false or misleading, and it has thus been dismissed from the First Amended Complaint.  To the extent an answer is required, this allegation is denied.

288.   Admitted.

289.   The allegations contained in Paragraph 289 contain a characterization of a November 8, 2022 press release.  Defendant refers the Court to such press release, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.

290.   Denied.

291.   The allegations contained in Paragraph 291 contain a characterization of Defendant Young's statements made on Masimo's Q3 2022 earnings call.  Defendant refers the Court to a transcript of such call, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.

292.   The allegations contained in Paragraph 292 contain a characterization of Defendant Young's statements made on Masimo's Q3 2022 earnings call.  Defendant

ANSWER OF JOSEPH KIANI TO FIRST AMENDED COMPLAINT

refers the Court to a transcript of such call, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.

293.   Denied.

294.   Denied.

295.   The allegations contained in Paragraph 295 contain a characterization of two November 8, 2022 equity research reports.  Defendant refers the Court to such reports, which speak for themselves, for the best evidence of their contents.  To the extent an answer is required, Defendant denies the allegations.  Defendant lacks sufficient knowledge to admit or deny the remaining allegations and denies them on this basis.

296.   Defendant lacks sufficient knowledge to admit or deny the allegations in the first sentence of Paragraph 296 and denies them on that basis.  The remaining allegations contained in Paragraph 296 contain a characterization of Masimo's stock price performance.  Defendant refers the Court to such publicly available stock information, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.

297.   Admitted.

298.   The Court concluded in its November 5, 2024 Order that the statement alleged in Paragraph 298 was not adequately alleged to be false or misleading, and has thus been dismissed from the First Amended Complaint.  To the extent an answer is required, this allegation is denied.

299.   The allegations contained in Paragraph 299 contain a characterization of statements made by Defendant Young at a November 15, 2022 conference.  Defendant refers the Court to a transcript of such statements, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.

300.   Denied.

301.   Denied.

302.   The allegations contained in Paragraph 302 contain a characterization of statements made by Defendant Young at a November 15, 2022 conference.  Defendant refers the Court to a transcript of such statements, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.

303.   Denied.

304.   The allegations contained in Paragraph 304 contain a characterization of statements made by Defendant Young at a November 15, 2022 conference.  Defendant refers the Court to a transcript of such statements, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.

305.   Denied.

306.   Defendant lacks sufficient information to admit or deny the allegations in the first sentence of Paragraph 306 and denies them on that basis.  The remaining allegations contained in Paragraph 306 contain a characterization of Masimo's stock price performance.  Defendant refers the Court to such publicly available stock information, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.

307.   Admitted.

308.   The allegations contained in Paragraph 308 contain a characterization of statements made by Defendant at a December 13, 2022 conference.  Defendant refers the Court to a transcript of such statements, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.

309.   Denied.

310.   The Court concluded in its November 5, 2024 Order that the statement alleged in Paragraph 310 was not adequately alleged to be false or misleading, and has thus been dismissed from the First Amended Complaint.  To the extent an answer is

ANSWER OF JOSEPH KIANI TO FIRST AMENDED COMPLAINT

required, the allegations contained in Paragraph 310 contain a characterization of statements made by Defendant Mushin at a December 13, 2022 conference.  Defendant refers the Court to a transcript of such statements, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.

311.   The Court concluded in its November 5, 2024 Order that the statement alleged in Paragraph 310 was not adequately alleged to be false or misleading, and has thus been dismissed from the First Amended Complaint.  To the extent an answer is required to this allegation, it is denied.

312.   The allegations contained in Paragraph 312 contain a characterization of Defendant Young's statements made at a December 13, 2022 conference.  Defendant refers the Court to a transcript of such statements, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.

313.   Denied.

314.   The allegations contained in Paragraph 314 contain a characterization of Defendant Young's statements made at a December 13, 2022 conference.  Defendant refers the Court to a transcript of such statements, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.

315.   The allegations contained in Paragraph 315 contain a characterization of statements made by Defendant Young at a December 13, 2022 conference.  Defendant refers the Court to a transcript of such statements, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.

316.   Denied.

317.   The allegations contained in Paragraph 317 contain a characterization of Defendant Young's statements made at a December 13, 2022 conference.  Defendant

refers the Court to a transcript of such statements, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.

318.   Denied.

319.   Defendant lacks sufficient information to admit or deny the allegations in the first sentence of Paragraph 319 and denies them on that basis.  The remaining allegations contained in Paragraph 319 contain a characterization of Masimo's stock price performance.  Defendant refers the Court to such publicly available stock information, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.

320.   The allegations contained in Paragraph 320 contain a characterization of statements made by Defendant Young at a January 11, 2023 conference.  Defendant refers the Court to a transcript of such statements, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.  Defendant admits that Defendant Young presented on behalf of Masimo at the J.P. Morgan Healthcare Conference.

321.   Denied.

322.   Defendant lacks sufficient information to admit or deny the allegations in the first sentence of Paragraph 322 and denies them on that basis.  The remaining allegations contained in Paragraph 322 contain a characterization of Masimo's stock price performance.  Defendant refers the Court to such publicly available stock information, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.

323.   Admitted.

324.   The allegations contained in Paragraph 324 contain a characterization of Masimo's Q4 2022 earnings press release.  Defendant refers the Court to such press release, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.

325.   Denied.

326.   The allegations contained in Paragraph 326 contain a characterization of statements made by Defendant on Masimo's Q4 2022 earnings call.  Defendant refers the Court to a transcript of such call, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.

327.   Denied.

328.   The allegations contained in Paragraph 328 contain a characterization of statements made by Defendant Young on Masimo's Q4 2022 earnings call.  Defendant refers the Court to a transcript of such call, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.

329.   Denied.

330.   Defendant lacks sufficient information to admit or deny the allegations in the first sentence of Paragraph 330 and denies them on that basis.  The remaining allegations contained in Paragraph 330 contain a characterization of two February 28, 2023 equity research reports and one March 1, 2023 equity research report.  Defendant refers the Court to such reports, which speak for themselves, for the best evidence of their contents.  To the extent an answer is required, Defendant denies the allegations.

331.   Defendant lacks sufficient information to admit or deny the allegations in the first sentence of Paragraph 331 and denies them on that basis.  The remaining allegations contained in Paragraph 331 contain a characterization of Masimo's stock price performance.  Defendant refers the Court to such publicly available stock information, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.

332.   Admitted.

333.   The allegations contained in Paragraph 333 contain a characterization of Masimo's 2022 Form 10-K.  Defendant refers the Court to such filing, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.

1    334.   Denied.

2    335.   The allegations contained in Paragraph 335 contain a characterization of

3 Masimo's Q1 2023 earnings press release.  Defendant refers the Court to such press

4 release, which speaks for itself, for the best evidence of its contents.  To the extent an

5 answer is required, Defendant denies the allegations.  Defendant admits that Masimo

6 issued the press release on April 1, 2023.

7    336.   Denied.

8    337.   The allegations contained in Paragraph 337 contain a characterization of

9 statements made by Defendant Young during Masimo's Q1 2023 earnings call.

10 Defendant refers the Court to a transcript of such call, which speaks for itself, for the

11 best evidence of its contents.  To the extent an answer is required, Defendant denies

12 the allegations.

13    338.   Denied.

14    339.   Defendant lacks sufficient information to admit or deny the allegations in

15 the first sentence of Paragraph 339 and denies them on that basis.  The remaining

16 allegations contained in Paragraph 339 contain a characterization of a May 9, 2023

17 and a May 10, 2023 equity research report.  Defendant refers the Court to such reports,

18 which speak for themselves, for the best evidence of their contents.  To the extent an

19 answer is required, Defendant denies the allegations.

20    340.   Admitted.

21    341.   The Court concluded in its November 5, 2024 Order that this statement

22 was not adequately alleged to be false or misleading, and has thus been dismissed from

23 the First Amended Complaint.  To the extent that an answer is required, this allegation

24 is denied.

25    342.   The allegations contained in Paragraph 342 contain a characterization of

26 statements made by Defendant Kammerman at a June 8, 2023 conference.  Defendant

27 refers the Court to a transcript of such statements, which speaks for itself, for the best

28 evidence of its contents.  To the extent an answer is required, Defendant denies the

1  allegations.  Defendant admits that Defendant Kammerman presented on behalf of
2  Masimo at the Jeffries Healthcare Conference.

3      343.   Denied.

4      344.   The allegations contained in Paragraph 344 contain a characterization of
5  Masimo's Q2 2023 earnings preannouncement.  Defendant refers the Court to such
6  announcement, which speaks for itself, for the best evidence of its contents.  To the
7  extent an answer is required, Defendant denies the allegations.  Defendant lacks
8  sufficient knowledge to admit or deny the allegation of how investors reacted and
9  denies those allegations on that basis.  All other allegations are denied.

10      345.   Defendant admits that Masimo released its earnings results and filed its
11  Q2 2023 Form 10-Q on August 8, 2023.  The allegations contained in Paragraph 345
12  contain a characterization of Masimo's Form 10-Q and earnings release, and
13  Defendant refers the Court to such filing, which speaks for itself, for the best evidence
14  of its contents.  To the extent an answer is required, Defendant denies the allegations.
15  Defendant lacks sufficient knowledge to admit or deny the allegation of how investors
16  reacted and denies those allegations on that basis.

17      346.   Defendant admits that Masimo released its preliminary revenue results
18  for Q2 2023 and filed the same as a Form 8-K on July 17, 2023.  The remaining
19  allegations contained in Paragraph 346 contain a characterization of such Form 8-K,
20  and Defendant refers the Court to such filing, which speaks for itself, for the best
21  evidence of its contents.  To the extent an answer is required, Defendant denies the
22  allegations.[12]

23      347.   The allegations contained in Paragraph 347 contain a characterization of
24  a July 17, 2023 equity research report.  Defendant refers the Court to such report,
25  which speaks for itself, for the best evidence of its contents.  To the extent an answer
26
27
28  [12] Footnote 12 contains a legal conclusion for which no response is required.  To the extent a
    response is required, Defendant denies those allegations.

1   is required, Defendant denies the allegations.  Defendant lacks sufficient knowledge

2   to admit or deny the remaining allegations and denies them on this basis.

3       348.   The allegations contained in Paragraph 348 contain a characterization of

4   a July 17, 2023 equity research report.  Defendant refers the Court to such report,

5   which speaks for itself, for the best evidence of its contents.  To the extent an answer

6   is required, Defendant denies the allegations.

7       349.   The allegations contained in Paragraph 349 contain a characterization of

8   a July 18, 2023 equity research report.  Defendant refers the Court to such report,

9   which speaks for itself, for the best evidence of its contents.  To the extent an answer

10  is required, Defendant denies the allegations.

11      350.   The allegations contained in Paragraph 350 contain a characterization of

12  two July 18, 2023 reports.  Defendant refers the Court to such reports, which speak for

13  themselves, for the best evidence of their contents.  To the extent an answer is required,

14  Defendant denies the allegations.

15      351.   The allegations contained in Paragraph 351 contain a characterization of

16  a July 17, 2023 and a July 19, 2023 article.  Defendant refers the Court to such articles,

17  which speak for themselves, for the best evidence of their contents.  To the extent an

18  answer is required, Defendant denies the allegations.  Defendant lacks sufficient

19  knowledge to admit or deny how the press reacted and denies those allegations on that

20  basis.

21      352.   The allegations contained in Paragraph 352 contain a characterization of

22  Masimo's stock price performance.  Defendant refers the Court to such publicly

23  available stock information, which speaks for itself, for the best evidence of its

24  contents.  To the extent an answer is required, Defendant denies the allegations.

25  Defendant lacks sufficient information to admit or deny the remaining allegations in

26  Paragraph 352 and denies them on that basis.

27      353.   Defendant admits that Masimo issued its Q2 2023 earnings press release

28  and filed its Form 8-K on August 8, 2023.  The remaining allegations contained in

Paragraph 353 contain a characterization of Masimo's Form 8-K filing and earnings press release, and Defendant refers the Court to such filings, which speak for themselves, for the best evidence of their contents. To the extent an answer is required, Defendant denies the allegations.

354. The allegations contained in Paragraph 354 contain a characterization of statements made by Defendant on Masimo's Q2 2023 earnings call. Defendant refers the Court to a transcript of such statements, which speaks for itself, for the best evidence of its contents. To the extent an answer is required, Defendant denies the allegations.

355. The allegations contained in Paragraph 355 contain a characterization of statements made by Defendant Young on Masimo's Q2 2023 earnings call. Defendant refers the Court to a transcript of such statements, which speaks for itself, for the best evidence of its contents. To the extent an answer is required, Defendant denies the allegations.

356. The allegations contained in Paragraph 356 contain a characterization of an August 8, 2023 equity research report. Defendant refers the Court to such report, which speaks for itself, for the best evidence of its contents. To the extent an answer is required, Defendant denies the allegations. Defendant lacks sufficient knowledge to admit or deny how analysts reacted and denies those allegations on that basis.

357. The allegations contained in Paragraph 357 contain a characterization of an August 9, 2023 equity research report. Defendant refers the Court to such report, which speaks for itself, for the best evidence of its contents. To the extent an answer is required, Defendant denies the allegations.

358. The allegations contained in Paragraph 358 contain a characterization of Masimo's stock price performance. Defendant refers the Court to such publicly available stock information, which speaks for itself, for the best evidence of its contents. To the extent an answer is required, Defendant denies the allegations.

Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 358 and denies them on that basis.

359. Denied.

360. The Court concluded in its November 5, 2024 Order that the First Amended Complaint failed to plausibly allege scienter with respect to the Defendant, and this allegation has thus been dismissed as to Defendant. To the extent that an answer is required, this allegation is denied.

361. The Court concluded in its November 5, 2024 Order that the First Amended Complaint failed to plausibly allege scienter with respect to the Defendant, and this allegation has thus been dismissed as to Defendant. To the extent that an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 361 and denies them on that basis.

362. The Court concluded in its November 5, 2024 Order that the First Amended Complaint failed to plausibly allege scienter with respect to the Defendant, and this allegation has thus been dismissed as to Defendant. To the extent that an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 362 and denies them on that basis.

363. The Court concluded in its November 5, 2024 Order that the First Amended Complaint failed to plausibly allege scienter with respect to the Defendant, and this allegation has thus been dismissed as to Defendant. To the extent that an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 363 and denies them on that basis.

364. The Court concluded in its November 5, 2024 Order that the First Amended Complaint failed to plausibly allege scienter with respect to the Defendant, and this allegation has thus been dismissed as to Defendant. To the extent that an answer is required, this allegation is denied.

365. The Court concluded in its November 5, 2024 Order that the First Amended Complaint failed to plausibly allege scienter with respect to the Defendant,

and this allegation has thus been dismissed as to Defendant.  To the extent that an answer is required, this allegation is denied.

366.  The Court concluded in its November 5, 2024 Order that the First Amended Complaint failed to plausibly allege scienter with respect to the Defendant, and this allegation has thus been dismissed as to Defendant.  To the extent that an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 366 and denies them on that basis.

367.  The Court concluded in its November 5, 2024 Order that the First Amended Complaint failed to plausibly allege scienter with respect to the Defendant, and this allegation has thus been dismissed as to Defendant.  To the extent that an answer is required, this allegation is denied.

368.  The Court concluded in its November 5, 2024 Order that the First Amended Complaint failed to plausibly allege scienter with respect to the Defendant, and this allegation has thus been dismissed as to Defendant.  To the extent that an answer is required, this allegation is denied.

369.  The Court concluded in its November 5, 2024 Order that the First Amended Complaint failed to plausibly allege scienter with respect to the Defendant, and this allegation has thus been dismissed as to Defendant.  To the extent that an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 369 and denies them on that basis.

370.  The Court concluded in its November 5, 2024 Order that the First Amended Complaint failed to plausibly allege scienter with respect to the Defendant, and this allegation has thus been dismissed as to Defendant.  To the extent that an answer is required, the allegations contained in Paragraph 370 contain a characterization of Plaintiffs' action, for which an answer is not required.  To the extent that an answer is required, Defendant denies those allegations.

371.  The Court concluded in its November 5, 2024 Order that the First Amended Complaint failed to plausibly allege scienter with respect to the Defendant,

and this allegation has thus been dismissed as to Defendant. To the extent that an answer is required, the allegations contained in Paragraph 371 contain a characterization of documents filed with the SEC. Defendant refers the Court to such filings, which speak for themselves, for the best evidence of their contents. To the extent an answer is required, Defendant denies the allegations. Defendant denies all other allegations.

372. The Court concluded in its November 5, 2024 Order that the First Amended Complaint failed to plausibly allege scienter with respect to the Defendant, and this allegation has thus been dismissed as to Defendant. To the extent that an answer is required, Defendant denies those allegations.

373. The allegations contained in Paragraph 373 set forth legal conclusions for which an answer is not required. To the extent an answer is required, Defendant denies those allegations.

374. The allegations contained in Paragraph 374 set forth legal conclusions for which an answer is not required. To the extent an answer is required, Defendant denies those allegations.

375. The allegations contained in Paragraph 375 contain a characterization of Plaintiffs' action, for which an answer is not required. To the extent that an answer is required, Defendant denies those allegations.

376. The allegations contained in the first sentence of Paragraph 376 contain a characterization of Plaintiffs' action, for which an answer is not required. The remaining allegations contained in Paragraph 376 set forth legal conclusions for which an answer is not required. To the extent that an answer is required, Defendant denies those allegations.

377. The allegations contained in Paragraph 377 contain a characterization of Plaintiffs' action, for which an answer is not required. To the extent that an answer is required, Defendant denies those allegations.

ANSWER OF JOSEPH KIANI TO FIRST AMENDED COMPLAINT

378.   The allegations contained in Paragraph 378 contain a characterization of Masimo's Q2 2023 preliminary earnings report.  Defendant refers the Court to such earnings report, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies those allegations.

379.   The allegations contained in Paragraph 379 contain a characterization of Masimo's stock price performance.  Defendant refers the Court to such publicly available stock information, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 379 and denies them on that basis.

380.   The allegations contained in Paragraph 380 contain a characterization of a July 17, 2023 equity research report.  Defendant refers the Court to such report, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.  Defendant lacks sufficient knowledge to admit or deny how analysts reacted and denies these allegations on that basis.

381.   The allegations contained in Paragraph 381 contain a characterization of Masimo's August 8, 2023 press release.  Defendant refers the Court to such press release, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.

382.   The allegations contained in Paragraph 382 contain a characterization of Masimo's stock price performance.  Defendant refers the Court to such publicly available stock information, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.

383.   The allegations contained in Paragraph 383 contain a characterization of an August 8, 2023 equity research report.  Defendant refers the Court to such report, which speaks for itself, for the best evidence of its contents.  To the extent an answer is required, Defendant denies the allegations.  Defendant lacks sufficient knowledge to admit or deny how analysts reacted and denies those allegations on that basis.

1 384. Denied.

2 385. The allegations contained in Paragraph 385 set forth legal conclusions

3 for which an answer is not required. To the extent an answer is required, Defendant

4 denies the allegations in Paragraph 385.

5 386. The allegations contained in Paragraph 386 contain a characterization of

6 Plaintiffs' action, for which an answer is not required. To the extent that an answer

7 is required, Defendant denies those allegations.

8 387. The allegations contained in Paragraph 387 set forth legal conclusions

9 for which an answer is not required. To the extent an answer is required, Defendant

10 denies the allegations in Paragraph 387.

11 388. The allegations contained in Paragraph 388 set forth legal conclusions

12 for which an answer is not required. To the extent an answer is required, Defendant

13 denies the allegations in Paragraph 388.

14 389. Defendant lacks sufficient information to admit or deny the allegations

15 in Paragraph 389 and denies them on that basis.

16 390. The allegations contained in Paragraph 390 set forth legal conclusions

17 for which an answer is not required. To the extent an answer is required, Defendant

18 denies the allegations in Paragraph 390.

19 391. The allegations contained in Paragraph 391 set forth legal conclusions

20 for which an answer is not required. To the extent an answer is required, Defendant

21 denies the allegations in Paragraph 391.

22 392. The allegations contained in Paragraph 392 set forth legal conclusions

23 for which an answer is not required. To the extent an answer is required, Defendant

24 denies the allegations in Paragraph 392.

25 393. The allegations contained in Paragraph 393 set forth legal conclusions

26 for which an answer is not required. To the extent an answer is required, Defendant

27 denies the allegations in Paragraph 393.

28

394.   The allegations contained in Paragraph 394 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 394.

395.   The allegations contained in Paragraph 395 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 395.

396.   The allegations contained in Paragraph 396 contain a characterization of Plaintiffs' action, for which an answer is not required.  To the extent that an answer is required, Defendant denies the allegations in Paragraph 396.

397.   The allegations contained in Paragraph 397 contain a characterization of Plaintiffs' action, for which an answer is not required.  To the extent that an answer is required, Defendant denies the allegations in Paragraph 397.

398.   The allegations contained in Paragraph 398 contain a characterization of Plaintiffs' action, for which an answer is not required.  To the extent that an answer is required, Defendant denies the allegations in Paragraph 398.

399.   The allegations contained in Paragraph 399 contain a characterization of Plaintiffs' action, for which an answer is not required.  To the extent that an answer is required, Defendant denies the allegations in Paragraph 399.

400.   The allegations contained in Paragraph 400 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 400.

401.   The allegations contained in Paragraph 401 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 401.

402.   Pursuant to the Court's November 5, 2024 Order, the cause of action asserted against Defendant under Section 10(b) of the Securities Exchange Act (the "Exchange Act") has been dismissed.  To the extent an answer is required, the allegations contained in Paragraph 402 contain a characterization of Plaintiffs'

action, for which an answer is not required.  To the extent that an answer is required, Defendant denies those allegations.

403.   Pursuant to the Court's November 5, 2024 Order, the cause of action asserted against Defendant under Section 10(b) of the Securities Exchange Act (the "Exchange Act") has been dismissed.  To the extent an answer is required, the allegations contained in Paragraph 403 contain a characterization of Plaintiffs' action, for which an answer is not required.  To the extent that an answer is required, Defendant denies those allegations.

404.   Pursuant to the Court's November 5, 2024 Order, the cause of action asserted against Defendant under Section 10(b) of the Securities Exchange Act (the "Exchange Act") has been dismissed.  To the extent an answer is required, the allegations contained in Paragraph 404 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 404.

405.   Pursuant to the Court's November 5, 2024 Order, the cause of action asserted against Defendant under Section 10(b) of the Securities Exchange Act (the "Exchange Act") has been dismissed.  To the extent an answer is required, the allegations contained in Paragraph 405 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 405.

406.   Pursuant to the Court's November 5, 2024 Order, the cause of action asserted against Defendant under Section 10(b) of the Securities Exchange Act (the "Exchange Act") has been dismissed.  To the extent an answer is required, the allegations contained in Paragraph 406 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 406.

407.   Pursuant to the Court's November 5, 2024 Order, the cause of action asserted against Defendant under Section 10(b) of the Securities Exchange Act (the

"Exchange Act") has been dismissed.  To the extent an answer is required, the allegations contained in Paragraph 407 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 407.

408.   Pursuant to the Court's November 5, 2024 Order, the cause of action asserted against Defendant under Section 10(b) of the Securities Exchange Act (the "Exchange Act") has been dismissed.  To the extent an answer is required, the allegations contained in Paragraph 408 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 408.

409.   The allegations contained in Paragraph 409 contain a characterization of Plaintiffs' action, for which an answer is not required.  To the extent that an answer is required, Defendant denies those allegations.

410.   The allegations contained in Paragraph 410 contain a characterization of Plaintiffs' action, for which an answer is not required.  To the extent that an answer is required, Defendant denies those allegations.

411.   The allegations contained in Paragraph 411 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 411.

412.   The allegations contained in Paragraph 412 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 412.

413.   The allegations contained in Paragraph 413 set forth legal conclusions for which an answer is not required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 413.

## **PRAYER FOR RELIEF**

Defendant denies that Plaintiffs are entitled to any relief prayed in the First Amended Complaint.

**WHEREFORE**, Defendant respectfully requests that the Court grant the following relief:

a) That the Court issue findings of fact and conclusions of law that Defendant did not commit the alleged allegations;

b) That Plaintiffs' request that this Court determine that this action is a proper class action be denied;

c) That Plaintiffs' request for compensatory damages be denied;

d) That Plaintiffs' request for reasonable costs and expenses be denied; and

e) That Plaintiffs' request for equitable, injunctive, or further relief be denied.

## JURY DEMAND

Defendant hereby demands a trial by jury on all claims and defenses so triable.

## AFFIRMATIVE DEFFENSES

Without admitting any facts alleged by Plaintiffs, Defendant pleads the following as separate, distinct, and affirmative defenses. By alleging the following defenses, Defendant does not assume any burden of production, proof, or persuasion as to any issue not otherwise imposed by law. In addition to the affirmative defenses set forth below, Defendant reserves the right to allege additional defenses as they become known, or as they evolve during the litigation, and to amend this Answer accordingly.

## FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant did not make any misrepresentations or omissions of material fact, in light of the circumstances in which they were made.

## THIRD AFFIRMATIVE DEFENSE

Defendant conducted a reasonable investigation and had reasonable grounds to believe, and did believe, the statements alleged in this action were true and did not

1 | omit any material fact necessary to make the statements not misleading.

2 | **FOURTH AFFIRMATIVE DEFENSE**

3 | With regard to claims arising under Section 20 of the Exchange Act, and
4 | regulations promulgated thereunder, Defendant is not a "controlling person" within
5 | the meaning of Section 20, or regulations promulgated thereunder; among other
6 | things, he had no knowledge of or reasonable ground to believe in the existence of
7 | the facts by reason of which the liability of the controlled person is alleged to exist,
8 | he was not a culpable participant in any alleged primary violation, and he acted in
9 | good faith and did not directly or indirectly induce the act or acts constituting the
10 | cause of action.

11 | **FIFITH AFFIRMATIVE DEFENSE**

12 | Any alleged misstatements or omissions were rendered non-actionable by
13 | cautionary statements publicly disseminated to the securities markets.

14 | **SIXTH AFFIRMATIVE DEFENSE**

15 | Plaintiffs' claims are barred, in whole or in part, because Defendant relied on
16 | the advice of professionals and therefore did not have scienter for the claims alleged
17 | in the First Amended Complaint.

18 | Dated:  January 21, 2025                              HUESTON HENNIGAN LLP
19 |
20 |
21 |                                              By:  _____
22 |                                                   John C. Hueston
                                                      Marshall A. Camp
                                                      Thomas A Zaccaro
23 |
                                                      Attorneys for Defendant
24 |                                                   Joseph E. Kiani
25 |
26 |
27 |
28 |

ANSWER OF JOSEPH KIANI TO FIRST AMENDED COMPLAINT