1  HARRY A. OLIVAR, JR. (Bar No. 143089)
   harryolivar@quinnemanuel.com
2  VALERIE RODDY (Bar No. 235163)
   valerieroddy@quinnemanuel.com
3  QUINN EMANUEL URQUHART & SULLIVAN LLP
   865 S. Figueroa Street, 10th Floor
4  Los Angeles, California 90017
   Telephone:   (213) 443-3000
5  Facsimile:    (213) 443-3100

6  MICHAEL E. SWARTZ (*pro hac vice*)
   michael.swartz@srz.com
7  SCHULTE ROTH & ZABEL LLP
   919 Third Avenue
8  New York, New York 10022
   Telephone:  (212) 756-2000
9  Facsimile:   (212) 593-5955

10 JEFFREY F. ROBERTSON (*pro hac vice*)
   jeffrey.robertson@srz.com
11 SCHULTE ROTH & ZABEL LLP
   555 13th Street, NW, Suite 6W
12 Washington, DC 20004
   Telephone:  (202) 729-7470
13 Facsimile:   (202) 730-4520

14 *Attorneys for Defendants Masimo Corporation,*
   *Micah Young, Bilal Muhsin, and*
15 *Eli Kammerman*

16

17

18                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF CALIFORNIA

19

20 | SERGIO VAZQUEZ, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:23-CV-01546-L-DEB |

21 |  | **CLASS ACTION** |

          Plaintiff,

22                                        **DEFENDANTS' ANSWER TO**
           vs.                            **LEAD PLAINTIFFS' FIRST**
23                                        **AMENDED COMPLAINT FOR**
                                          **VIOLATIONS OF THE FEDERAL**
   MASIMO CORPORATION, JOSEPH            **SECURITIES LAWS**
24 KIANI, MICAH YOUNG, BILAL
   MUHSIN, and ELI KAMMERMAN             **DEMAND FOR JURY TRIAL**
25
                                         Judge:   Hon. M. James Lorenz
26         Defendants.

27

28

Defendants Masimo Corporation ("Masimo"), Micah Young, Bilal Muhsin, Eli and Kammerman, (collectively, the "Defendants"), by and through their undersigned counsel, hereby answer the first amended complaint for violations of the federal securities laws, ECF No. 28, filed February 12, 2024 (the "Amended Complaint")[1] by lead plaintiffs Boston Retirement System, Central Pennsylvania Teamsters Pension Fund-Defined Benefit Plan and Central Pennsylvania Teamsters Pension Fund-Retirement Income Plan 1987 (together, "Plaintiffs") as follows.

To the extent that the paragraphs in the Amended Complaint are grouped under headings and subheadings (which are listed in the Amended Complaint's table of contents), Defendants respond generally that the headings and subheadings do not constitute factual averments, and thus the headings and subheadings are not included herein.  To the extent that a response is deemed necessary, Defendants deny each and every heading and subheading in the Amended Complaint.

The Court has dismissed Plaintiffs' claims with respect to several categories of purported misstatements, as set forth in the Court's November 5, 2024 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss (the "Order"), and no response is required to allegations related to those claims (the "Dismissed Claims"). To the extent a response is made to allegations related to the Dismissed Claims, it is without waiver of any defenses thereto, including on the basis of the Court's prior dismissal of those claims.

Defendants admit, deny, or otherwise respond to the allegations as set forth below, using numbered paragraphs that correspond to the paragraphs in the Amended Complaint.  All allegations are denied unless expressly and specifically admitted, including, without limitation, any allegations in the unnumbered paragraphs on page 1 of the Amended Complaint, headings, subheadings, footnotes, and/or the prayer for

---

[1]    Unless otherwise defined, this Answer utilizes the defined terms from the Amended Complaint.

relief.  An admission to a portion of an allegation does not constitute an admission, either express or implied, to the remainder of the allegation.  Defendants reserve their right to supplement or amend this Answer to the Amended Complaint as may be necessary or appropriate.

1.  The allegations in Paragraph 1 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 1.

2.  The allegations in Paragraph 2 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 1, except to admit that the Amended Complaint purports to assert claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

3.  Defendants deny the allegations in Paragraph 3.

4.  Defendants deny the allegations in Paragraph 4, except to admit that Masimo acquired Viper Holdings, the parent company of Sound United, for approximately $1.025 billion in cash.  To the extent the allegations in Paragraph 4 refer to Masimo's publicly available stock price data, Defendants refer the Court to that data and deny that the allegations in Paragraph 4 accurately and completely describe the factors affecting the stock price movements described therein.

5.  Defendants admit that Masimo was founded in 1989 and is a global medical technology company that develops and produces a wide array of industry-leading monitoring technologies, including innovative measurements, sensors, and patient monitors.  Defendants further admit that Masimo held an Investor Day in 2022.  To the extent the allegations in Paragraph 5 purport to quote, summarize, or characterize the transcript of that Investor Day, Defendants refer the Court to that transcript for a true and complete account of its contents and deny every allegation inconsistent therewith.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 5.

6.    Defendants deny the allegations in Paragraph 6.  To the extent the allegations in Paragraph 6 purport to summarize Masimo's business as described in its public disclosures, Defendants deny that Plaintiffs have accurately and completely characterized those disclosures and refer the Court to those public disclosures for a true and complete account of their contents.

7.    Defendants admit that Sound United was owned by Viper Holdings Corporation and was a manufacturer and distributor of audio equipment with brands including Bowers & Wilkins, Marantz, Denon, and Polk.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 7.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 7 and Footnote 2.

8.    Defendants deny the allegations in Paragraph 8.

9.    Defendants deny the allegations in Paragraph 9, except to admit that Defendants Kiani, Young, and Mushin were open to new opportunities to grow the Company.

10.    Defendants deny the allegations in Paragraph 10.  To the extent the allegations in Paragraph 10 purport to quote, summarize, or characterize a February 15, 2022 announcement by Masimo and a February 16, 2022 Piper Sandler & Co. article, Defendants refer the Court to those materials for a true and complete account of their contents and deny every allegation inconsistent therewith.

11.    Defendants deny the allegations in Paragraph 11, except to admit that Masimo announced on April 12, 2022 that it closed the transaction to buy Sound United and that Masimo issued a press release announcing the deal's closing.  To the extent that the allegations in Paragraph 11 purport to quote, summarize, or characterize the press release, Defendants refer the Court to that document for a true and complete account of its contents and deny every allegation inconsistent therewith.

12.    Defendants admit that Masimo announced its first quarter 2022 earnings on May 3, 2022 and that Plaintiffs allege a putative class period that begins on May

4, 2022.  To the extent the allegations in Paragraph 12 purport to quote, summarize, or characterize Masimo's May 3, 2022 earnings announcement, Defendants refer the Court to that document for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 12 .

13.    Defendants deny the allegations in Paragraph 13.  To the extent the allegations in Paragraph 13 purport to quote, summarize, or characterize documents that Plaintiffs have not identified containing statements made by any Defendant, Defendants refer the Court to those documents for a true and complete account of their contents and deny every allegation inconsistent therewith.

14.    Defendants deny the allegations in the first sentence of Paragraph 14.  To the extent the remaining allegations in Paragraph 14 purport to quote, summarize, or characterize alleged statements, Defendants refer the Court to those statements for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 14.

15.    Defendants deny the allegations in Paragraph 15, except that Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 15 concerning statements purportedly made by Masimo employees and/or an individual identified as "CW-14."

16.    Defendants deny the allegations in Paragraph 16 and Paragraph 16(a)-(f).

17.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 17 concerning statements purportedly made by former Masimo employees, including individuals identified as "CW-3," "CW-7," "CW-1," and "CW-10."

18.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 18 concerning statements purportedly made by former Masimo employees, including an individual identified as "CW-14."

19.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 19 concerning statements purportedly made by former Masimo employees, including an individual identified as "CW-15."

20.    The allegations in Paragraph 20 consist of Plaintiffs' characterization of Plaintiffs' claims, and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 20.

21.    Defendants admit that on July 17, 2023 Masimo announced preliminary second quarter 2023 results.  To the extent the allegations in Paragraph 21 purport to quote, summarize, or characterize Masimo's July 17, 2023 announcement, Defendants refer the Court to that announcement for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 21.

22.    To the extent the allegations in the first sentence of Paragraph 22 purport to quote, summarize, or characterize Masimo's July 17, 2023 announcement, Defendants refer the Court to that announcement for a true and complete account of its contents and deny every allegation inconsistent therewith.  To the extent the allegations in the second and third sentences of Paragraph 22 refer to Masimo's publicly available stock price data, Defendants refer the Court to that data and deny that the allegations accurately and completely describe the factors affecting the stock price movements described therein.  Defendants deny any remaining allegations in Paragraph 22.

23.    To the extent the allegations in the first and second sentences of Paragraph 23 purport to quote, summarize, or characterize Masimo's August 8, 2023 earnings announcement, Defendants refer the Court to that announcement for a true and complete account of its contents and deny every allegation inconsistent therewith. To the extent the allegations in the third and fourth sentences of Paragraph 23 refer to Masimo's publicly available stock price data, Defendants refer the Court to that data and deny that the allegations accurately and completely describe the factors affecting

the stock price movements described therein.   Defendants deny any remaining allegations in Paragraph 23.

24.     Defendants deny the allegations in Paragraph 24.

25.     The allegations in Paragraph 25 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 25, except to admit that the Amended Complaint purports to bring claims under §§10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder.

26.     The allegations in Paragraph 26 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 26, except to admit that Plaintiffs purport to base jurisdiction over the Defendants in this action on the statutory provisions cited.

27.     The allegations in Paragraph 27 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 27, except to admit that Masimo is headquartered in Irvine, California and its securities trade on the NASDAQ Stock Market under the ticker symbol "MASI."

28.     The allegations in Paragraph 28 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 28.

29.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 29.

30.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 30.

31.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 31.

32.   Defendants admit the allegations in the first and fifth sentences of Paragraph 32.   To the extent the allegations in Paragraph 32 purport to quote, summarize, or characterize Masimo's 2023 Form 10-K, Defendants refer the Court to that document for a true and complete account of its contents and deny every allegation inconsistent therewith.   Defendants deny the allegations in Footnote 3, except to admit that Masimo was founded in 1989 and acquired Sound United in April 2022.   Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 32 and Footnote 3.

33.   Defendants admit that Mr. Kiani founded Masimo in 1989 and served as its CEO and Chairman from its founding until the fall of 2024.

34.   Defendants admit the allegations in Paragraph 34.

35.   Defendants admit the allegations in Paragraph 35.

36.   Defendants admit the allegations in Paragraph 36.

37.   Paragraph 37 contains no allegations, and thus no response is required.

38.   The allegations in Paragraph 38 contain legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 38.

39.   The allegations in Paragraph 39 contain legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 39.

40.   The allegations in Paragraph 40 and Footnote 4 contain legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 40 and Footnote 4.

41.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 41, including allegations concerning statements purportedly made by former Masimo employees, including an individual identified as "CW-1."

42.      Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 42.

43.      Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 43, including allegations concerning statements purportedly made by former Masimo employees, including an individual identified as "CW-3."

44.      Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 44, including allegations concerning statements purportedly made by former Masimo employees, including an individual identified as "CW-4."

45.      Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 45, including allegations concerning statements purportedly made by former Masimo employees, including an individual identified as "CW-5."

46.      Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 46, including allegations concerning statements purportedly made by former Masimo employees, including an individual identified as "CW-6."

47.      Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 47, including allegations concerning statements purportedly made by former Masimo employees, including an individual identified as "CW-7."

48.      Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 48, including allegations concerning statements purportedly made by former Masimo employees, including an individual identified as "CW-8."

49.      Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 49.

50.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 50, including allegations concerning statements purportedly made by former Masimo employees, including an individual identified as "CW-10."

51.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 51, including allegations concerning statements purportedly made by former Masimo employees, including an individual identified as "CW-11."

52.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 52, including allegations concerning statements purportedly made by former Masimo employees, including an individual identified as "CW-12."

53.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 53, including allegations concerning statements purportedly made by former Masimo employees, including an individual identified as "CW-13."

54.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 54, including the allegations in Footnote 5, including allegations concerning statements purportedly made by former Masimo employees, including an individual identified as "CW-14."

55.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 55, including allegations concerning statements purportedly made by former Masimo employees, including an individual identified as "CW-15."

56.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 56, including allegations concerning statements purportedly made by former Masimo employees, including an individual identified as "CW-16."

57.    To the extent the allegations in Paragraph 57 purport to quote, summarize, or characterize Masimo's business as reflected in its public disclosures, Defendants deny that Plaintiffs have accurately and completely characterized those disclosures, refer the Court to those disclosures for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 57.

58.    Defendants admit the allegations in Paragraph 58.

59.    To the extent the allegations in Paragraph 59 purport to quote, summarize, or characterize Masimo's business as reflected in its public disclosures, Defendants deny that Plaintiffs have accurately and completely characterized those disclosures, refer the Court to those disclosures for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 59.

60.    To the extent the allegations in Paragraph 60 purport to quote, summarize, or characterize Masimo's business as reflected in its public disclosures, Defendants deny that Plaintiffs have accurately and completely characterized those disclosures, refer the Court to those disclosures for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 60.

61.    To the extent the allegations in Paragraph 61 purport to quote, summarize, or characterize Masimo's business as reflected in its public disclosures, Defendants deny that Plaintiffs have accurately and completely characterized those disclosures, refer the Court to those disclosures for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 61.

62.    To the extent the allegations in Paragraph 62 purport to quote, summarize, or characterize Masimo's business as reflected in its public disclosures, Defendants deny that Plaintiffs have accurately and completely characterized those

disclosures, refer the Court to those disclosures for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 62.

63.    To the extent the allegations in Paragraph 63 purport to quote, summarize, or characterize Masimo's business as reflected in its public disclosures, Defendants deny that Plaintiffs have accurately and completely characterized those disclosures, refer the Court to those disclosures for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 63.

64.    To the extent the allegations in Paragraph 64 purport to quote, summarize, or characterize documents that Plaintiffs have not identified, Defendants refer the Court to those documents for a true and complete account of their contents deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 64.

65.    Defendants deny the allegations in Paragraph 65, except to admit that in February 2022 Masimo entered into an agreement to acquire Sound United, which was then owned by Viper Holdings, for $1.025 billion.

66.    Defendants deny the allegations in Paragraph 66, except to admit that on April 12, 2022 Masimo announced it completed its acquisition of Sound United.

67.    To the extent the allegations in Paragraph 67 purport to quote, summarize, or characterize a February 15, 2022 press release, Defendants refer the Court to that press release for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 67.

68.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 68 concerning statements purportedly made by former Masimo employees, including individuals identified as "CW-14," "CW-15," and "CW-6," and otherwise deny the allegations in Paragraph 68.

69.     Defendants deny the allegations in the first sentence of Paragraph 69.  To the extent the allegations in the second sentence of Paragraph 69 refer to Masimo's publicly available stock price data, Defendants refer the Court to that data and deny that the allegations accurately and completely describe the factors affecting the stock price movements described therein.   Defendants admit that Politan Capital Management ("Politan") sued Defendants Kiani, Masimo, and the board of directors in the Delaware Court of Chancery in October 2022.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 69.

70.     To the extent the allegations in Paragraph 70 and Footnote 6 purport to quote, summarize, or characterize the complaint in the Politan Litigation, Defendants refer the Court to that complaint for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 70.

71.     To the extent the allegations in Paragraph 71 and Footnote 7 purport to quote, summarize, or characterize the complaint in the Politan Litigation, Defendants refer the Court to that complaint for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 71.

72.     Defendants admit that Plaintiffs allege a putative class period that begins on May 4, 2022.  Defendants lack knowledge or information sufficient to form a belief as to the allegations in the second sentence of Paragraph 72.  Defendants deny the remaining allegations in Paragraph 72.

73.     Defendants admit the allegations in the first two sentences of Paragraph 73.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Footnote 8.  Defendants deny the remaining allegations in Paragraph 73.

74.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74.

75.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75.

76.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76.

77.    To the extent the allegations in Paragraph 77 purport to quote, summarize, or characterize Masimo's August 10, 2022 Form 10-Q, Defendants refer the Court to that document for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 77.

78.    To the extent the allegations in Paragraph 78 purport to quote, summarize, or characterize Masimo's publicly-disclosed financial statements, Defendants refer the Court to those financial statements for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 78.

79.    Defendants deny the allegations in the first sentence of Paragraph 79.  To the extent the remaining allegations in Paragraph 79 purport to quote, summarize, or characterize Masimo's publicly-disclosed financial statements, Defendants refer the Court to those financial statements for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 79.

80.    Defendants deny the allegations in the first sentence of Paragraph 80.  To the extent the remaining allegations in Paragraph 80 purport to quote, summarize, or characterize Masimo's publicly-disclosed financial statements, Defendants refer the Court to those financial statements for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 80.

81.    To the extent the allegations in Paragraph 81 purport to quote, summarize, or characterize Masimo's 2022 Form 10-K or other publicly-disclosed

-13-

financial statements, Defendants refer the Court to those documents for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 81.

82.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 82 concerning statements purportedly made by former employees.  Defendants deny the remainder of the allegations in Paragraph 82.

83.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 83 concerning statements purportedly made by former employees.  To the extent the allegations in the second sentence of Paragraph 83 purport to quote, summarize, or characterize a Sound United February 2023 PowerPoint slide deck titled "Global Accounting Concerns," Defendants refer the Court to that document for a true and complete account of its contents and deny every allegation inconsistent therewith. Defendants deny the remaining allegations in Paragraph 83.

84.   The allegations in Paragraph 84 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84.

85.   Defendants deny the allegations in Paragraph 85.  The allegations in Footnote 9 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.   To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Footnote 9.

86.   The allegations in Paragraph 86 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 86.

87.     The allegations in Paragraph 87 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 87.

88.     The allegations in Paragraph 88 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 88.

89.     The allegations in Paragraph 89 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 89.

90.     The allegations in the first sentence of Paragraph 90 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 90. To the extent the remaining allegations in Paragraph 90 purport to quote, summarize, or characterize Masimo's publicly-disclosed financial statements, Defendants refer the Court to those financial statements for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 90.

91.     To the extent the allegations in Paragraph 91 purport to quote, summarize, or characterize documents published by the Committee of Sponsoring Organizations of the Treadway Commission, Defendants refer the Court to those documents for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 91.

92.     To the extent the allegations in Paragraph 92 purport to quote, summarize, or characterize documents published by the Committee of Sponsoring Organizations of the Treadway Commission, Defendants refer the Court to those documents for a true and complete account of their contents, deny every allegation

inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 92.

93.    To the extent the allegations in Paragraph 93 purport to quote, summarize, or characterize documents published by the Committee of Sponsoring Organizations of the Treadway Commission, Defendants refer the Court to those documents for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 93.

94.    To the extent the allegations in Paragraph 94 purport to quote, summarize, or characterize documents published by the Committee of Sponsoring Organizations of the Treadway Commission, Defendants refer the Court to those documents for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 94.

95.    To the extent the allegations in Paragraph 95 purport to quote, summarize, or characterize documents published by the Committee of Sponsoring Organizations of the Treadway Commission, Defendants refer the Court to those documents for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 95.

96.    To the extent the allegations in Paragraph 96 purport to quote, summarize, or characterize documents published by the Committee of Sponsoring Organizations of the Treadway Commission, Defendants refer the Court to those documents for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 96.

97.    To the extent the allegations in Paragraph 97 purport to quote, summarize, or characterize documents published by the Committee of Sponsoring

Organizations of the Treadway Commission, Defendants refer the Court to those documents for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 97.

98.     The allegations in Paragraph 98 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 98.

99.     The allegations in Paragraph 99 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 99.

100.    The allegations in Paragraph 100 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 100.

101.    The allegations in Paragraph 101 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 101.

102.    The allegations in Paragraph 102 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 102.

103.    The allegations in Paragraph 103 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 103.

104.    The allegations in Paragraph 104 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 104.

105.    The allegations in Paragraph 105 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 105.

106.   The allegations in the first sentence of Paragraph 106 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.   To the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 106.   To the extent the allegations in the second sentence of Paragraph 106 purport to quote, summarize, or characterize documents published by the Committee of Sponsoring Organizations of the Treadway Commission, Defendants refer the Court to those documents for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 106.

107.   The allegations in Paragraph 107 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.   To the extent a response is required, Defendants deny the allegations in Paragraph 107.

108.   The allegations in Paragraph 108 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.   To the extent a response is required, Defendants deny the allegations in Paragraph 108.

109.   Defendants deny the allegations in Paragraph 109.

110.   Defendants deny the allegations in Paragraph 110.

111.   Defendants deny the allegations in Paragraph 111.

112.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in Paragraph 112.   Defendants deny the remainder of the allegations in Paragraph 112.

113.   Defendants deny the allegations in the first, second, third, and fifth sentences of Paragraph 113.   The allegations in the fourth sentence of Paragraph 113 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.   To the extent a response is required, Defendants deny the allegations in the fourth sentence of Paragraph 113.

114.   Defendants deny the allegations in Paragraph 114.

115.    The allegations in the first and second sentences of Paragraph 115 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.   To the extent a response is required, Defendants deny the allegations in the first and second sentences of Paragraph 115.   Defendants deny the allegations in the third sentence of Paragraph 115.

116.    The allegations in the first and third sentences of Paragraph 116 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims as to which no response is required. To the extent a response is required, Defendants deny the allegations in the first and third sentences of Paragraph 116.  Defendants deny the allegations in the second sentence of Paragraph 116.

117.    Defendants deny the allegations in Paragraph 117.

118.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 regarding statements purportedly made by an individual identified as "CW-14."

119.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 regarding statements purportedly made by an individual identified as "CW-14."

120.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 regarding statements purportedly made by an individual identified as "CW-14."

121.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 regarding statements purportedly made by an individual identified as "CW-14."

122.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 regarding statements purportedly made by an individual identified as "CW-14."

123.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 regarding statements purportedly made by an individual identified as "CW-14."

124.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 regarding statements purportedly made by an individual identified as "CW-15."

125.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 regarding statements purportedly made by an individual identified as "CW-15."

126.    To the extent the allegations in the second sentence of Paragraph 126 purport to quote, summarize, or characterize certain internal Masimo emails, Defendants refer the Court to those emails for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 126.

127.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127, including allegations regarding statements purportedly made by an individual identified as "CW-15."

128.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128, including allegations regarding statements purportedly made by an individual identified as "CW-15."

129.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 regarding statements purportedly made by an individual identified as "CW-15."

130.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 regarding statements purportedly made by an individual identified as "CW-15."

1    131.    Defendants lack knowledge or information sufficient to form a belief as
2    to the truth of the allegations in Paragraph 131 regarding statements purportedly made
3    by an individual identified as "CW-14."

4    132.    Defendants lack knowledge or information sufficient to form a belief as
5    to the truth of the allegations in Paragraph 132 regarding statements purportedly made
6    by an individual identified as "CW-14."

7    133.    Defendants lack knowledge or information sufficient to form a belief as
8    to the truth of the allegations in Paragraph 133 regarding statements purportedly made
9    by an individual identified as "CW-14."

10    134.    Defendants lack knowledge or information sufficient to form a belief as
11    to the truth of the allegations in Paragraph 134, including allegations regarding
12    statements purportedly made by an individual identified as "CW-14."

13    135.    Defendants lack knowledge or information sufficient to form a belief as
14    to the truth of the allegations in Paragraph 135 regarding statements purportedly made
15    by an individual identified as "CW-14."

16    136.    Defendants lack knowledge or information sufficient to form a belief as
17    to the truth of the allegations in Paragraph 136 regarding statements purportedly made
18    by an individual identified as "CW-14."

19    137.    Defendants lack knowledge or information sufficient to form a belief as
20    to the truth of the allegations in Paragraph 137, including allegations regarding
21    statements purportedly made by an individual identified as "CW-14."

22    138.    Defendants lack knowledge or information sufficient to form a belief as
23    to the truth of the allegations in Paragraph 138, including allegations regarding
24    statements purportedly made by an individual identified as "CW-14."

25    139.    Defendants lack knowledge or information sufficient to form a belief as
26    to the truth of the allegations in Paragraph 139 regarding statements purportedly made
27    by an individual identified as "CW-14."

28

140.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 regarding statements purportedly made by an individual identified as "CW-14."

141.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 regarding statements purportedly made by an individual identified as "CW-15."

142.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 regarding statements purportedly made by an individual identified as "CW-15."

143.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 regarding statements purportedly made by individuals identified as "CW-14" and "CW-15."

144.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 144 regarding statements purportedly made by an individual identified as "CW-14."  The allegations in the second sentence of Paragraph 144 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 144.  To the extent the allegations in the third sentence of Paragraph 144 purport to quote, summarize, or characterize certain internal Masimo emails, Defendants refer the Court to those emails for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 144.

145.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 regarding statements purportedly made by an individual identified as "CW-14."

146.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 regarding statements purportedly made

by an individual identified as "CW-14."  To the extent the allegations in Paragraph 146 purport to quote, summarize, or characterize certain internal Masimo emails, Defendants refer the Court to those emails for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 146.

147.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and fifth sentences of Paragraph 147, including allegations regarding statements purportedly made by an individual identified as "CW-14."  Defendants deny the allegations in the second, third, and fourth sentences of Paragraph 147.

148.   To the extent the allegations in Paragraph 148 purport to quote, summarize, or characterize certain internal Masimo emails, Defendants refer the Court to those emails for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 148.

149.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 regarding statements purportedly made by an individual identified as "CW-14."

150.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 regarding statements purportedly made by an individual identified as "CW-14."

151.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 regarding statements purportedly made by an individual identified as "CW-14."

152.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 regarding statements purportedly made by an individual identified as "CW-14."

153.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 regarding statements purportedly made by individuals identified as "CW-14" and "CW-15."

154.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154, including allegations regarding statements purportedly made by individuals identified as "CW-14" and "CW-15."

155.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155, including allegations regarding statements purportedly made by individuals identified as "CW-14" and "CW-15." To the extent the allegations in Paragraph 155 purport to quote, summarize, or characterize certain internal Masimo emails, Defendants refer the Court to those emails for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 155.

156.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 regarding statements purportedly made by an individual identified as "CW-14."

157.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 regarding statements purportedly made by an individual identified as "CW-14."

158.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 regarding statements purportedly made by an individual identified as "CW-14."

159.    Defendants deny the allegations in Paragraph 159.

160.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 regarding statements purportedly made by an individual identified as "CW-14."

161.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 regarding statements purportedly made by an individual identified as "CW-14."

162.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162, including allegations regarding statements purportedly made by an individual identified as "CW-14."

163.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 regarding statements purportedly made by an individual identified as "CW-14."

164.   To the extent the allegations in Paragraph 164 purport to quote, summarize, or characterize certain internal Masimo documents and a presentation prepared by Masimo employees, Defendants refer the Court to those documents for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 164.

165.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 regarding statements purportedly made by individuals identified as "CW-14" and "CW-15."

166.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 regarding statements purportedly made by an individual identified as "CW-14."

167.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 regarding statements purportedly made by individuals identified as "CW-14" and "CW-15."

168.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168, including allegations regarding statements purportedly made by an individual identified as "CW-14."

169.   To the extent the allegations in Paragraph 169 purport to quote, summarize, or characterize certain internal Masimo emails, Defendants refer the

Court to those emails for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 169.

170. To the extent the allegations in Paragraph 170 purport to quote, summarize, or characterize certain internal Masimo emails, Defendants refer the Court to those emails for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 170.

171. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 171, including allegations by an individual identified as "CW-14." Defendants deny the allegations in the second sentence of Paragraph 171.

172. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 regarding statements purportedly made by an individual identified as "CW-14."

173. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 regarding statements purportedly made by an individual identified as "CW-14."

174. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 regarding statements purportedly made by an individual identified as "CW-14."

175. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 regarding statements purportedly made by an individual identified as "CW-14."

176. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 regarding statements purportedly made by an individual identified as "CW-14."

177. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 regarding statements purportedly made by an individual identified as "CW-14."

178. Defendants deny the allegations in Paragraph 178.

179. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179, including allegations regarding statements purportedly made by an individual identified as "CW-14."

180. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 regarding statements purportedly made by an individual identified as "CW-15."

181. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 regarding statements purportedly made by an individual identified as "CW-15."

182. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 regarding statements purportedly made by an individual identified as "CW-15."

183. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 regarding statements purportedly made by an individual identified as "CW-15."

184. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 regarding statements purportedly made by an individual identified as "CW-14."

185. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 regarding statements purportedly made by an individual identified as "CW-16."

186. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 regarding statements purportedly made by individuals identified as "CW-14" and "CW-15."

187.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 regarding statements purportedly made by an individual identified as "CW-14."

188.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 regarding statements purportedly made by former Masimo employees.

189.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 regarding statements purportedly made by an individual identified as "CW-13."

190.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 regarding statements purportedly made by an individual identified as "CW-13."

191.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 regarding statements purportedly made by an individual identified as "CW-13."

192.   Defendants deny the allegations in Paragraph 192.

193.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 regarding statements purportedly made by individuals identified as "CW-14" and "CW-15."

194.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 regarding statements purportedly made by an individual identified as "CW-15."

195.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195 regarding statements purportedly made by individuals identified as "CW-14" and "CW-15."

196.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 regarding statements purportedly made by an individual identified as "CW-14."

197.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197 regarding statements purportedly made by an individual identified as "CW-14."

198.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 regarding statements purportedly made by an individual identified as "CW-14."

199.   Defendants admit that Mr. Young hosted quarterly CFO calls, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 regarding statements purportedly made by an individual identified as "CW-15."

200.   Defendants admit that Mr. Young hosted quarterly CFO calls, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 regarding statements purportedly made by an individual identified as "CW-15."

201.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201 regarding statements purportedly made by an individual identified as "CW-14."

202.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202 regarding statements purportedly made by an individual identified as "CW-14."

203.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 regarding statements purportedly made by an individual identified as "CW-14."

204.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204, including allegations regarding statements purportedly made by an individual identified as "CW-14."

205.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205 regarding statements purportedly made by an individual identified as "CW-14."

206.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206 regarding statements purportedly made by an individual identified as "CW-14."

207.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207 regarding statements purportedly made by an individual identified as "CW-14."

208.    Defendants deny the allegations in the first and third sentences of Paragraph 208.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 208 regarding statements purportedly made by former Masimo employees.

209.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 regarding statements purportedly made by an individual identified as "CW-3."

210.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210 regarding statements purportedly made by an individual identified as "CW-3."

211.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211 regarding statements purportedly made by an individual identified as "CW-3."

212.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212 regarding statements purportedly made by an individual identified as "CW-3."

213.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213 regarding statements purportedly made by an individual identified as "CW-3."

214.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214 regarding statements purportedly made by an individual identified as "CW-7."

215.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215 regarding statements purportedly made by an individual identified as "CW-7."

216.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216, including allegations regarding statements purportedly made by an individual identified as "CW-7."

217.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217 regarding statements purportedly made by an individual identified as "CW-7."

218.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218 regarding statements purportedly made by an individual identified as "CW-5."

219.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 219 regarding statements purportedly made by an individual identified as "CW-5."

220.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220 regarding statements purportedly made by an individual identified as "CW-8."

221.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221 regarding statements purportedly made by an individual identified as "CW-2."

222.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 222 regarding statements purportedly made by an individual identified as "CW-2."

223.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223 regarding statements purportedly made by an individual identified as "CW-2."

224.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224 regarding statements purportedly made by an individual identified as "CW-2."

225.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225 regarding statements purportedly made by an individual identified as "CW-2."

226.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226 regarding statements purportedly made by an individual identified as "CW-2."

227.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227 regarding statements purportedly made by an individual identified as "CW-2."

228.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228, including allegations regarding statements purportedly made by an individual identified as "CW-1."

229.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 229 regarding statements purportedly made by an individual identified as "CW-1." Defendants deny the allegations in the second sentence of Paragraph 229.

230.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230 regarding statements purportedly made by an individual identified as "CW-1."

231.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231 regarding statements purportedly made by an individual identified as "CW-1."

232.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232 regarding statements purportedly made by an individual identified as "CW-4."

233.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233 regarding statements purportedly made by an individual identified as "CW-4."

234.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234 regarding statements purportedly made by an individual identified as "CW-9."

235.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235, including allegations regarding statements purportedly made by an individual identified as "CW-6."

236.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 236, including allegations regarding statements purportedly made by an individual identified as "CW-6."

237.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237 regarding statements purportedly made by an individual identified as "CW-6."

238.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238 regarding statements purportedly made by an individual identified as "CW-10."

239.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239 regarding statements purportedly made by an individual identified as "CW-10."

240.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240 regarding statements purportedly made by an individual identified as "CW-10."

241.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241 regarding statements purportedly made by an individual identified as "CW-11."

242.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242 regarding statements purportedly made by an individual identified as "CW-11."

243.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243 regarding statements purportedly made by an individual identified as "CW-11."

244.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244 regarding statements purportedly made by an individual identified as "CW-11."

245.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 245 regarding statements purportedly made by an individual identified as "CW-12."

246.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246 regarding statements purportedly made by an individual identified as "CW-12."

247.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 247 regarding statements purportedly made by an individual identified as "CW-2."

248.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248 regarding statements purportedly made by an individual identified as "CW-2."

249.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 249 regarding statements purportedly made by an individual identified as "CW-2."

250.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 250 regarding statements purportedly made by an individual identified as "CW-2."

251.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 251 regarding statements purportedly made by an individual identified as "CW-2."

252.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 252 regarding statements purportedly made by an individual identified as "CW-2."

253.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 253 regarding statements purportedly made by an individual identified as "CW-11."

254.   The allegations in Paragraph 254 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 254.

255.   Defendants deny the allegations in Paragraph 255.

256.   Defendants admit that Plaintiffs' putative class period begins on May 4, 2022, that Masimo issued an earnings release, filed a Form 10-Q, and held an earnings call on May 3, 2022.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 256.

257.   To the extent that the allegations in Paragraph 257 purport to quote, summarize, or characterize Masimo's May 3, 2022 earnings release, Defendants refer the Court to that earnings release for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 257.

258.   Defendants deny the allegations in Paragraph 258 and Paragraph 258(a)-(c).

259.   Defendants deny the allegations in Paragraph 259 and Paragraph 259(a)-(b).   To the extent that the allegations in Paragraph 259 and Paragraph 259(a)-(b) refer to Paragraph 257, Defendants incorporate by reference their response to such paragraph.

260.   Defendants admit that Masimo filed its quarterly report on Form 10-Q for Q1 2022 on May 3, 2022.   To the extent that the allegations in Paragraph 260 purport to quote, summarize, or characterize Masimo's Q1 2022 Form 10-Q, Defendants refer the Court to that document for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 260.

261.   Defendants deny the allegations in the first, third, and fourth sentences in Paragraph 261.   To the extent that the allegations in Paragraph 261 refer to Paragraph 260, Defendants incorporate by reference their response to such paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in the second and third sentences of Paragraph 261 regarding statements purportedly made by former Masimo employees.

262.   To the extent that the allegations in Paragraph 262 purport to quote, summarize, or characterize Masimo's May 3, 2022 earnings call, Defendants refer the Court to the earnings call transcript for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 262.

263.   To the extent that the allegations in Paragraph 263 purport to quote, summarize, or characterize Masimo's May 3, 2022 earnings call, Defendants refer the Court to the earnings call transcript for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 263.

264.   To the extent that the allegations in Paragraph 264 purport to quote, summarize, or characterize Masimo's May 3, 2022 earnings call, Defendants refer the

Court to the earnings call transcript for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 264.

265. To the extent that the allegations in Paragraph 265 purport to quote, summarize, or characterize Masimo's May 3, 2022 earnings call, Defendants refer the Court to the earnings call transcript for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 265.

266. To the extent that the allegations in Paragraph 266 purport to quote, summarize, or characterize Masimo's May 3, 2022 earnings call, Defendants refer the Court to the earnings call transcript for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 266.

267. To the extent that the allegations in Paragraph 267 purport to quote, summarize, or characterize Masimo's May 3, 2022 earnings call, Defendants refer the Court to the earnings call transcript for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 267.

268. Defendants deny the allegations in Paragraph 268 and Paragraph 268(a)-€. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 268(f) regarding statements purportedly made by former Masimo employees. To the extent that the allegations in Paragraph 268 and Paragraph 268(a)-(f) refer to Paragraphs 262-265, Defendants incorporate by reference their response to such paragraphs.

269. Defendants deny the allegations in Paragraph 269. To the extent that the allegations in Paragraph 269 refer to Paragraphs 266-267 and Paragraph 258(a)-(b), Defendants incorporate by reference their responses to such paragraphs and subparagraphs.

270.   To the extent that the allegations in Paragraph 270 purport to quote, summarize, or characterize Morningstar, Inc.'s May 3, 2022 report titled, "*While Masimo's Q1 Didn't Sound Great, Sound United Wasn't as Dilutive as Feared; Maintain $163 FVE,*" and Wolfe Research's May 3, 2022 report titled "*Value Case Starting to Kick, Scream, Shout 'Just Buy It'*," Defendants refer the Court to those documents for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 270.

271.   To the extent the allegations in Paragraph 271 refer to Masimo's publicly available stock price data, Defendants refer the Court to that data and deny that the allegations in Paragraph 271 accurately and completely describe the factors affecting the stock price movements described therein, and otherwise deny any remaining allegations in Paragraph 271.

272.   Defendants admit the allegations in Paragraph 272.

273.   To the extent that the allegations in Paragraph 273 purport to quote, summarize, or characterize Masimo's July 2, 2022 press release, Defendants refer the Court to that document for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 273.

274.   To the extent that the allegations in Paragraph 274 purport to quote, summarize, or characterize Masimo's July 2, 2022 press release, Defendants refer the Court to that document for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 274.

275.   Defendants deny the allegations in Paragraph 275.  To the extent that the allegations in Paragraph 275 refer to Paragraphs 273-274 and Paragraph 268(a)-(f), Defendants incorporate by reference their responses to such paragraphs and subparagraphs.

276.    Defendants deny the allegations in the first, second, and third sentences of Paragraph 276. To the extent that the allegations in Paragraph 276 refer to Paragraphs 273-274, Defendants incorporate by reference their responses to such paragraphs.  To the extent the allegations in the fourth sentence of Paragraph 276 and Footnote 10 purport to quote, summarize or characterize statements made in an internal Masimo email, Defendants refer the Court to that document for a true and complete account of its contents and deny every allegation inconsistent therewith. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations regarding statements purportedly made by former Masimo employees. Defendants deny any remaining allegations in Paragraph 276.

277.    To the extent that the allegations in Paragraph 277 purport to quote, summarize, or characterize Masimo's August 9, 2022 earnings call, Defendants refer the Court to the earnings call transcript for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 277.

278.    Defendants deny the allegations in Paragraph 278 and Paragraph 278(a)-(b).  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 278(c) regarding statements purportedly made by former Masimo employees.

279.    Defendants deny the allegations in Paragraph 279.  To the extent that the allegations in Paragraph 279 refer to Paragraph 277, Defendants incorporate by reference their response to such paragraph.

280.    To the extent that the allegations in Paragraph 280 purport to quote, summarize, or characterize Masimo's August 9, 2022 earnings call, Defendants refer the Court to the earnings call transcript for a true and complete account of its contents and deny every allegation inconsistent therewith.  To the extent that the allegations in Footnote 11 purport to quote, summarize, or characterize Masimo's July 13, 2022 Form 8-K, Defendants refer the Court to that document for a true and complete

-39-

account of its contents and deny every allegation inconsistent therewith. Defendants deny any remaining allegations in Paragraph 280.

281. Defendants deny the allegations in the first and second sentences of Paragraph 281. To the extent that the allegations in Paragraph 281 refer to Paragraph 280 and Paragraph 258(a)-(b), Defendants incorporate by reference their responses to such paragraphs and subparagraphs. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in the third sentence of Paragraph 281 regarding statements purportedly made by former Masimo employees.

282. To the extent that the allegations in Paragraph 282 purport to quote, summarize, or characterize Masimo's August 9, 2022 earnings call, Defendants refer the Court to the earnings call transcript for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 282.

283. Defendants deny the allegations in Paragraph 283. To the extent that the allegations in Paragraph 283 refer to Paragraphs 258(a)-(c), 276, 279, and 282, Defendants incorporate by reference their responses to such paragraphs and subparagraphs.

284. To the extent that the allegations in Paragraph 284 purport to quote, summarize, or characterize Wolfe Research's August 9, 2022 note titled, "*Core Caught Up and Sound United Didn't Whiff – So... Decent Report,*" and BTIG's August 9, 2022 report titled, "*Q2 Sales Beat Booster by Consumer Business and HC Shipping Catch Up; Forex Hits Guide; New Product Details Expected in December,*" Defendants refer the Court to those documents for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 284.

285. To the extent the allegations in Paragraph 285 refer to Masimo's publicly available stock price data, Defendants refer the Court to that data and deny that the allegations in Paragraph 285 accurately and completely describe the factors affecting

the stock price movements described therein, and otherwise deny any remaining allegations in Paragraph 285.

286.    Defendants admit the allegations in Paragraph 286.

287.    Defendants deny the allegations in Paragraph 287.  To the extent that the allegations in Paragraph 287 refer to Paragraphs 260 and 261, Defendants incorporate by reference their responses to such paragraphs.

288.    Defendants admit the allegations in Paragraph 288.

289.    To the extent that the allegations in Paragraph 289 purport to quote, summarize, or characterize Masimo's November 8, 2022 Form 8-K, Defendants refer the Court to that document for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 289.

290.    Defendants deny the allegations in Paragraph 290.  To the extent that the allegations in Paragraph 290 refer to Paragraphs 276 and 289, Defendants incorporate by reference their responses to such paragraphs.

291.    To the extent that the allegations in Paragraph 291 purport to quote, summarize, or characterize Masimo's November 8, 2022 earnings call, Defendants refer the Court to the earnings call transcript for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 291.

292.    To the extent that the allegations in Paragraph 292 purport to quote, summarize, or characterize Masimo's November 8, 2022 earnings call, Defendants refer the Court to the earnings call transcript for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 292.

293.    Defendants deny the allegations in Paragraph 293.  To the extent that the allegations in Paragraph 293 refer to Paragraph 291 and Paragraph 276, Defendants incorporate by reference their response to such paragraph.

294.   Defendants deny the allegations in Paragraph 294.  To the extent that the allegations in Paragraph 294 refer to Paragraph 292, Paragraph 278(a)-(c), Paragraph 292, and Paragraph 279, Defendants incorporate by reference their responses to such paragraphs and subparagraphs.

295.   To the extent that the allegations in Paragraph 295 purport to quote, summarize, or characterize Piper Sandler's November 8, 2022 report titled, "*Solid 3Q, but Fx and Supply Chain EPS Headwinds Extending to '23 as We Expected*," and Wolfe Research's November 8, 2022 report titled, "*This Report Sounds Good Enough for Now – Likely Get a Better Pulse on 2023 in a ~Month,*" Defendants refer the Court to those documents for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 295.

296.   To the extent the allegations in Paragraph 296 refer to Masimo's publicly available stock price data, Defendants refer the Court to that data and deny that the allegations in Paragraph 296 accurately and completely describe the factors affecting the stock price movements described therein, and otherwise deny any remaining allegations in Paragraph 296.

297.   Defendants admit the allegations in Paragraph 297.

298.   To the extent the allegations in Paragraph 298 refer to Paragraphs 260, 261, 286, and 287, Defendants incorporate by reference their response to each such Paragraph. Defendants deny the remaining allegations in Paragraph 298.

299.   Defendants deny the allegations in the first sentence of Paragraph 299, except to admit that Defendants Young and Kammerman appeared at a Stifel Healthcare Conference on November 15, 2022.  To the extent the allegations in the second and third sentences of Paragraph 299 purport to quote, summarize, or characterize a transcript of the November 15, 2022 Stifel Healthcare Conference, Defendants refer the Court to that document for a true and complete account of its

contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 299.

300.   Defendants deny the allegations in Paragraph 300.  To the extent that the allegations in Paragraph 300 refer to Paragraph 268(a)-(f) Defendants incorporate by reference their response to such paragraph and subparagraphs.

301.   Defendants deny the allegations in Paragraph 301 and Paragraph 301(a)-(c). To the extent that the allegations in Paragraph 301 and Paragraph 301(a)-(c) refer to Paragraph 299, Defendants incorporate by reference their responses to such paragraphs.

302.   To the extent the allegations in Paragraph 302 purport to quote, summarize, or characterize a transcript of the November 15, 2022 Stifel Healthcare Conference, Defendants refer the Court to that document for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 302.

303.   Defendants deny the allegations in Paragraph 303.  To the extent that the allegations in Paragraph 303 refer to Paragraph 302 and Paragraph 258(a)-(c), Defendants incorporate by reference their responses to such paragraphs and subparagraphs.

304.   To the extent the allegations in Paragraph 304 purport to quote, summarize, or characterize a transcript of the November 15, 2022 Stifel Healthcare Conference, Defendants refer the Court to that document for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 304.

305.   Defendants deny the allegations in Paragraph 305.  To the extent that the allegations in Paragraph 305 refer to Paragraph 304 and Paragraph 281, Defendants incorporate by reference their responses to such paragraphs.

306.   To the extent the allegations in Paragraph 306 refer to Masimo's publicly available stock price data, Defendants refer the Court to that data and deny that the

allegations in Paragraph 306 accurately and completely describe the factors affecting the stock price movements described therein, and otherwise deny any remaining allegations in Paragraph 306.

307.   Defendants admit the allegations in Paragraph 307.

308.   To the extent the allegations in Paragraph 308 purport to quote, summarize, or characterize a transcript of Masimo's December 13, 2022 Analyst/Investor Day, Defendants refer the Court to that document for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 308.

309.   Defendants deny the allegations in Paragraph 309.  To the extent that the allegations in Paragraph 309 refer to Paragraph 308, Paragraph 281, and Paragraph 268(a)-(f), Defendants incorporate by reference their responses to such paragraphs and subparagraphs.

310.   To the extent the allegations in Paragraph 310 purport to quote, summarize, or characterize a transcript of Masimo's December 13, 2022 Analyst/Investor Day, Defendants refer the Court to that document for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 310.

311.   Defendants deny the allegations in Paragraph 311.  To the extent that the allegations in Paragraph 311 refer to Paragraph 310 and Paragraph 258(a)-(c), Defendants incorporate by reference their responses to such paragraphs and subparagraphs.

312.   To the extent the allegations in Paragraph 312 purport to quote, summarize, or characterize a transcript of Masimo's December 13, 2022 Analyst/Investor Day, Defendants refer the Court to that document for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 312.

313.   Defendants deny the allegations in Paragraph 313.  To the extent that the allegations in Paragraph 313 refer to Paragraph 312, Paragraph 276, and Paragraph 268(a)-(f), Defendants incorporate by reference their responses to such paragraphs and subparagraphs.

314.   To the extent the allegations in Paragraph 314 purport to quote, summarize, or characterize a transcript of Masimo's December 13, 2022 Analyst/Investor Day, Defendants refer the Court to that document for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 314.

315.   To the extent the allegations in Paragraph 315 purport to quote, summarize, or characterize a transcript of Masimo's December 13, 2022 Analyst/Investor Day, Defendants refer the Court to that document for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 315.

316.   Defendants deny the allegations in Paragraph 316.  To the extent that the allegations in Paragraph 316 refer to Paragraphs 314-315, Paragraph 276, Paragraph 278(a)-(c), Paragraph 279, and Paragraph 281, Defendants incorporate by reference their responses to such paragraphs and subparagraphs.

317.   To the extent the allegations in Paragraph 317 purport to quote, summarize, or characterize a transcript of Masimo's December 13, 2022 Analyst/Investor Day, Defendants refer the Court to that document for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 317.

318.   Defendants deny the allegations in Paragraph 318.  To the extent that the allegations in Paragraph 318 refer to Paragraph 317, Paragraph 268(a)-(f), Paragraph 276, and Paragraph 301(a)-(c), Defendants incorporate by reference their responses to such paragraphs and subparagraphs.

319.    To the extent the allegations in Paragraph 319 refer to Masimo's publicly available stock price data, Defendants refer the Court to that data and deny that the allegations in Paragraph 319 accurately and completely describe the factors affecting the stock price movements described therein, and otherwise deny any remaining allegations in Paragraph 319.

320.    Defendants deny the allegations in the first sentence of Paragraph 320, except to admit that Defendant Young presented at the J.P. Morgan Healthcare Conference on January 11, 2023.  To the extent the allegations in Paragraph 320 purport to quote, summarize, or characterize a transcript of the January 11, 2023 J.P. Healthcare Conference, Defendants refer the Court to that document for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 320.

321.    Defendants deny the allegations in Paragraph 321.  To the extent that the allegations in Paragraph 321 refer to Paragraph 276, Paragraph 278(a)-(c), Paragraph 279, and Paragraph 281, Defendants incorporate by reference their responses to such paragraphs and subparagraphs.

322.    To the extent the allegations in Paragraph 322 refer to Masimo's publicly available stock price data, Defendants refer the Court to that data and deny that the allegations in Paragraph 322 accurately and completely describe the factors affecting the stock price movements described therein, and otherwise deny any remaining allegations in Paragraph 322.

323.    Defendants admit the allegations in Paragraph 323.

324.    To the extent the allegations in Paragraph 324 purport to quote, summarize, or characterize Masimo's February 28, 2023 Press Release, Defendants refer the Court to that document for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 324.

325.   Defendants deny the allegations in Paragraph 325.  To the extent that the allegations in Paragraph 325 refer to Paragraph 324 and Paragraph 281, Defendants incorporate by reference their responses to such paragraphs.

326.   To the extent the allegations in Paragraph 326 purport to quote, summarize, or characterize Masimo's February 28, 2023 earnings call, Defendants refer the Court to that document for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 326.

327.   Defendants deny the allegations in Paragraph 327.  To the extent that the allegations in Paragraph 327 refer to Paragraph 326 and Paragraph 281, Defendants incorporate by reference their responses to such paragraphs.

328.   To the extent the allegations in Paragraph 328 purport to quote, summarize, or characterize a transcript of Masimo's February 28, 2023 earnings call, Defendants refer the Court to that document for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph.

329.   Defendants deny the allegations in Paragraph 329.  To the extent that the allegations in Paragraph 329 refer to Paragraph 328 and Paragraph 268(a)-(f), Defendants incorporate by reference their responses to such paragraphs and subparagraphs.

330.   To the extent that the allegations in Paragraph 330 purport to quote, summarize, or characterize Wolfe Research's February 28, 2023 report titled, "*MASI: Holy Guacamole that was an Epic Q&A Talk Up (Bullish)*," a Raymond James February 28, 2023 report titled, "*Estimates Higher, a Lot of Optionality Still on the Board; Outperform,*" or a Jeffries LLC March 1, 2023 report titled, "*Beat and Raise; Pipeline Offers Upside; Raising Numbers and PT,*" Defendants refer the Court to those documents for a true and complete account of their contents, deny every

allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 330.

331.    To the extent the allegations in Paragraph 331 refer to Masimo's publicly available stock price data, Defendants refer the Court to that data and deny that the allegations in Paragraph 331 accurately and completely describe the factors affecting the stock price movements described therein, and otherwise deny any remaining allegations in Paragraph 331.

332.    Defendants admit the allegations in Paragraph 332.

333.    To the extent the allegations in Paragraph 333 purport to quote, summarize, or characterize Masimo's March 1, 2023 Form 10-K, Defendants refer the Court to that document for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 333.

334.    Defendants deny the allegations in Paragraph 334.  To the extent that the allegations in Paragraph 334 refer to Paragraph 333, Paragraph 268(a)-(f), Paragraph 276, and Paragraph 301(a)-(c), Defendants incorporate by reference their responses to such paragraphs and subparagraphs.

335.    Defendants admit the allegations in the first sentence of Paragraph 335. To the extent the allegations in the second sentence of Paragraph 335 purport to quote, summarize, or characterize Masimo's April 1, 2023 Form 8-K, Defendants refer the Court to that document for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 335.

336.    Defendants deny the allegations in Paragraph 336.  To the extent that the allegations in Paragraph 336 refer to Paragraph 335, Paragraph 268(a)-(f), and Paragraph 276, Defendants incorporate by reference their responses to such paragraphs and subparagraphs.

337.   To the extent the allegations in Paragraph 337 purport to quote, summarize, or characterize a transcript of Masimo's May 9, 2023 Q1 2023 earnings call, Defendants refer the Court to that document for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 337.

338.   Defendants deny the allegations in Paragraph 338.  To the extent that the allegations in Paragraph 338 refer to Paragraph 258(a)-(c), Defendants incorporate by reference their response to such paragraph and subparagraphs.

339.   To the extent that the allegations in Paragraph 339 purport to quote, summarize, or characterize Jeffries' May 9, 2023 report titled, "*1Q Beat; Guidance Maintained; Good Underlying Trends; Litigation 'Do Over'*," or a BTIG May 10, 2023 report titled, "*Plenty to Like with Fast Start to the Year; Maintained Guide Points to a Shift Back to the Pre-Pandemic Quarterly Cadence; Reiterate Buy,*" Defendants refer the Court to those documents for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 339.

340.   Defendants admit the allegations in Paragraph 340.

341.   Defendants deny the allegations in Paragraph 341.  To the extent that the allegations in Paragraph 341 refer to Paragraph 260 and Paragraph 261, Defendants incorporate by reference their responses to such paragraphs.

342.   Defendants deny the allegations in the first sentence of Paragraph 342, except to admit that Defendant Kammerman presented at a June 8, 2023 Jefferies Healthcare Conference.  To the extent the allegations in Paragraph 342 purport to quote, summarize, or characterize a transcript of the June 8, 2023 Jeffries Healthcare Conference, Defendants refer the Court to that document for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 342.

343.   Defendants deny the allegations in Paragraph 343.  To the extent that the allegations in Paragraph 343 refer to Paragraph 342, Paragraph 258(a)-(c), and Paragraph 301(b)-(c), Defendants incorporate by reference their responses to such paragraphs.

344.   Defendants deny the allegations in Paragraph 344, except to admit that on July 17, 2023, Masimo issued a press release announcing preliminary revenue results for the quarter ending July 1, 2023.  To the extent the allegations in Paragraph 344 purport to quote, summarize, or characterize Masimo's July 17, 2023 press release, Defendants refer the Court to that document for a true and complete account of its contents and deny every allegation inconsistent therewith.  To the extent the allegations in Paragraph 344 refer to Masimo's publicly available stock price data, Defendants refer the Court to that data and deny that the allegations in Paragraph 344 accurately and completely describe the factors affecting the stock price movements described therein.

345.   Defendants deny the allegations in Paragraph 345, except to admit that on August 8, 2023, Masimo released its Q2 2023 earnings results and filed a Form 10-Q.  To the extent the allegations in Paragraph 345 purport to quote, summarize, or characterize Masimo's August 8, 2023 press release or Form 10-Q, Defendants refer the Court to those documents for a true and complete account of their contents and deny every allegation inconsistent therewith.   To the extent the allegations in Paragraph 345 refer to Masimo's publicly available stock price data, Defendants refer the Court to that data and deny that the allegations in Paragraph 345 accurately and completely describe the factors affecting the stock price movements described therein.

346.   Defendants admit the allegations in the first two sentences of Paragraph 346.  To the extent the allegations in the remainder of Paragraph 346 purport to quote, summarize, or characterize Masimo's July 17, 2023 press release, Defendants refer the Court to that document for a true and complete account of its contents, deny every

allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 346.

347.   To the extent that the allegations in Paragraph 347 purport to quote, summarize, or characterize a Wells Fargo July 17, 2023 report titled, "*MASI: Preliminary Q2 Revenues Well Below Expectations; Lowering Estimates and Price Target*," Defendants refer the Court to that document for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph.

348.   To the extent that the allegations in Paragraph 348 purport to quote, summarize, or characterize a Piper Sandler July 17, 2023 report titled, "*Preannounced Wide Miss for Healthcare and Consumer Revenue in 2Q*," Defendants refer the Court to that document for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 348.

349.   To the extent that the allegations in Paragraph 349 purport to quote, summarize, or characterize a Raymond James July 18, 2023 note titled, "*Messy MASI, 2Q Shortfall Spurs New Questions…and Likely More Action*," Defendants refer the Court to that document for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 349.

350.   To the extent that the allegations in Paragraph 350 purport to quote, summarize, or characterize a Needham & Co. July 18, 2023 report titled, "*MASI: Difficult 2Q23 Strengthens Case for Separating Sound United*," or a BTIG report titled, "*Slashing Forecast*," Defendants refer the Court to that document for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 350.

351.   To the extent that the allegations in Paragraph 351 purport to quote, summarize, or characterize an Investor's Business Daily July 18, 2023 article by

Allison Gatlin titled, "*Masimo Crashes To Four-Year Low; Why It Could Take 'Months to Regain Footing'*," or a Medical Device and Diagnostic Industry July 19, 2023 article by Omar Ford titled, "M*ore Hard Times for Masimo*," Defendants refer the Court to those documents for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 351.

352.    To the extent the allegations in Paragraph 352 refer to Masimo's publicly available stock price data, Defendants refer the Court to that data and deny that the allegations in Paragraph 352 accurately and completely describe the factors affecting the stock price movements described therein, and otherwise deny any remaining allegations in Paragraph 352.

353.    Defendants admit the allegations in the first sentence of Paragraph 353. To the extent the allegations in Paragraph 353 purport to quote, summarize, or characterize Masimo's August 8, 2023 Form 8-K, Defendants refer the Court to that document for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 353.

354.    To the extent the allegations in Paragraph 354 purport to quote, summarize, or characterize Masimo's August 8, 2023 earnings call, Defendants refer the Court to the transcript of that call for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 354.

355.    To the extent the allegations in Paragraph 355 purport to quote, summarize, or characterize Masimo's August 8, 2023 earnings call, Defendants refer the Court to the transcript of that call for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 355.

356.   To the extent that the allegations in Paragraph 356 purport to quote, summarize, or characterize a Jeffries August 8, 2023 report titled, "*Rebasing '23 For Ongoing Pressure; '24 Could Have 'Normal' Growth*," Defendants refer the Court to that document for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 356.

357.   To the extent that the allegations in Paragraph 357 purport to quote, summarize, or characterize a Piper Sandler August 9, 2023 report titled, "*Rebasing Revenue in 2023, More Questions than Answers for Now*," Defendants refer the Court to that document for a true and complete account of its contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 357.

358.   To the extent the allegations in Paragraph 358 refer to Masimo's publicly available stock price data, Defendants refer the Court to that data and deny that the allegations in Paragraph 358 accurately and completely describe the factors affecting the stock price movements described therein, and otherwise deny any remaining allegations in Paragraph 358.

359.   Defendants deny the allegations in Paragraph 359.

360.   Defendants deny the allegations in Paragraph 360 and Paragraph 360(a)-(e).

361.   Defendants deny the allegations in Paragraph 361, except to admit that the Individual Defendants had access to information regarding Masimo's sales and accounting metrics.  Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations regarding statements purportedly made by former Masimo employees.

362.   Defendants admit that Mr. Young hosted quarterly CFO calls, and otherwise deny the remaining allegations in Paragraph 362.

363.   Defendants deny the allegations in Paragraph 363.

364.   Defendants deny the allegations in Paragraph 364, except to admit that Sound United was Masimo's largest-ever acquisition at $1.025 billion.  To the extent the allegations in Paragraph 364 refer to Masimo's publicly available stock price data, Defendants refer the Court to that data and deny that the allegations in Paragraph 364 accurately and completely describe the factors affecting the stock price movements described therein.  To the extent that the allegations in Paragraph 364 purport to quote, summarize, or characterize transcripts of earnings calls or conferences, Defendants refer the Court to those documents for a true and complete account of their contents and deny every allegation inconsistent therewith.

365.   Defendants deny the allegations in Paragraph 365.

366.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 366 concerning statements purportedly made by an individual identified as "CW-14."

367.   Defendants deny the allegations in the first sentence of Paragraph 367. Defendants lack knowledge or information sufficient to form a belief as to the allegations in the second sentence of Paragraph 367 concerning statements purportedly made by an individual identified as "CW-14."

368.   The allegations in Paragraph 368 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 368.

369.   Defendants deny the allegations in Paragraph 369.

370.   Defendants deny the allegations in Paragraph 370.  To the extent that the allegations in Paragraph 370 purport to quote, summarize, or characterize certain statements purportedly made by Defendants, Defendants refer the Court to those statements for a true and complete account of their contents and deny every allegation inconsistent therewith.

371.   To the extent that the allegations in the first, second, and third sentences of Paragraph 371 purport to quote, summarize, or characterize Masimo's SEC filings,

Defendants refer the Court to those documents for a true and complete account of their contents and deny every allegation inconsistent therewith.  The allegations in the fourth sentence of Paragraph 371 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the fourth sentence of Paragraph 371.  Defendants deny any remaining allegations in Paragraph 371.

372.   The allegations in Paragraph 372 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 372.

373.   The allegations in Paragraph 373 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 373.

374.   The allegations in Paragraph 374 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 374.

375.   Defendants incorporate by reference their responses to all other paragraphs of the Amended Complaint with the same legal force and effect as if fully set forth at length herein. Defendants deny the allegations in the second sentence of Paragraph 375.

376.   Defendants deny the allegations in Paragraph 376.  To the extent the allegations in Paragraph 376 refer to Masimo's publicly available stock price data, Defendants refer the Court to that data and deny that the allegations in Paragraph 376 accurately and completely describe the factors affecting the stock price movements described therein.

377.   Defendants deny the allegations in Paragraph 377.  To the extent the allegations in Paragraph 377 refer to Masimo's publicly available stock price data, Defendants refer the Court to that data and deny that the allegations in Paragraph 377

accurately and completely describe the factors affecting the stock price movements described therein.

378.   Defendants deny the allegations in Paragraph 378, except to admit that on July 17, 2023 Masimo filed a Form 8-K with the SEC.  To the extent that the allegations in Paragraph 378 purport to quote, summarize, or characterize Masimo's July 17, 2023 Form 8-K, Defendants refer the Court to those documents for a true and complete account of their contents and deny every allegation inconsistent therewith.

379.   To the extent the allegations in Paragraph 379 refer to Masimo's publicly available stock price data, Defendants refer the Court to that data and deny that the allegations in Paragraph 379 accurately and completely describe the factors affecting the stock price movements described therein, and otherwise deny any remaining allegations in Paragraph 379.

380.   To the extent that the allegations in Paragraph 380 purport to quote, summarize, or characterize certain analyst reports, Defendants refer the Court to those documents for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 380.

381.   To the extent that the allegations in Paragraph 381 purport to quote, summarize, or characterize a Masimo press release and transcript of an earnings call, Defendants refer the Court to those documents for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 381.

382.   To the extent the allegations in Paragraph 382 refer to Masimo's publicly available stock price data, Defendants refer the Court to that data and deny that the allegations in Paragraph 382 accurately and completely describe the factors affecting the stock price movements described therein, and otherwise deny any remaining allegations in Paragraph 382.

383.   To the extent that the allegations in Paragraph 383 purport to quote, summarize, or characterize certain analyst reports, Defendants refer the Court to those documents for a true and complete account of their contents, deny every allegation inconsistent therewith, and otherwise deny any remaining allegations in Paragraph 383.

384.   The allegations in Paragraph 384 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 384.

385.   The allegations in Paragraph 385 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 385.

386.   The allegations in Paragraph 386 and Paragraph 386(a)-(i) consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 386 and Paragraph 386(a)-(i), except to admit that Masimo is listed on NASDAQ, files periodic reports with the SEC and NASDAQ, periodically issues press releases, and is covered by certain securities analysts.

387.   The allegations in Paragraph 387 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 387.

388.   The allegations in Paragraph 388 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 388.

389.   The allegations in Paragraph 389 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 389.

390.   The allegations in Paragraph 390 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 390.

391.   The allegations in Paragraph 391 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 391.

392.   The allegations in Paragraph 392 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 392.

393.   The allegations in Paragraph 393 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 393.

394.   The allegations in Paragraph 394 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 394.

395.   The allegations in Paragraph 395 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 395.

396.   The allegations in Paragraph 396 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 396, except to admit that the Amended Complaint purports to bring this action pursuant to Federal Rule of Civil Procedure 23.

397.   The allegations in Paragraph 397 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 397, except to admit that throughout the Class Period, Masimo common stock was traded on NASDAQ.  To the extent the allegations in Paragraph 397 refer to Masimo's

publicly available stock price data, Defendants refer the Court to that data and deny that the allegations in Paragraph 397 accurately and completely describe the factors affecting the stock price movements described therein.

398. The allegations in Paragraph 398 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 398.

399. The allegations in Paragraph 399 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, and no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 399. Defendants otherwise deny the allegations in Paragraph 399.

400. The allegations in Paragraph 400 and Paragraph 400(a)-(g) consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 400 and Paragraph 400(a)-(g).

401. The allegations in Paragraph 401 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 401.

## COUNT I

**For Violations of Section 10(b) of the Exchange Act and SEC Rule 10b-5(b) Promulgated Thereunder Against Masimo and the Individual Defendants**

402. Defendants incorporate by reference their responses to all other paragraphs of the Amended Complaint with the same legal force and effect as if fully set forth at length herein.

403. As a result of the Court's Order, no response is required by Defendants Muhsin or Kammerman. The allegations in Paragraph 403 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, and no response

is required.  To the extent a response is required, Defendants Masimo and Young deny the allegations in Paragraph 403.

404.   As a result of the Court's Order, no response is required by Defendants Muhsin or Kammerman.   Defendants Masimo and Young deny the allegations contained in Paragraph 404.

405.   As a result of the Court's Order, no response is required by Defendants Muhsin or Kammerman.   Defendants Masimo and Young deny the allegations contained in Paragraph 405.

406.   As a result of the Court's Order, no response is required by Defendants Muhsin or Kammerman.   Defendants Masimo and Young deny the allegations contained in Paragraph 406.

407.   As a result of the Court's Order, no response is required by Defendants Muhsin or Kammerman.  The allegations in Paragraph 407 contain legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, and no response is required. To the extent a response is required, Defendants Masimo and Young deny the allegations in Paragraph 407.

408.   As a result of the Court's Order, no response is required by Defendants Muhsin or Kammerman.   Defendants Masimo and Young deny the allegations in Paragraph 408.

## <u>COUNT II</u>

### For Violations of Section 20(a) of the Exchange Act Against the Individual Defendants

409.   Defendants incorporate by reference their responses to all other paragraphs of the Amended Complaint with the same legal force and effect as if fully set forth at length herein.

410.   The allegations in Paragraph 410 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 410,

except to admit that Plaintiffs purport to assert claims pursuant to Section 20(a) of the Exchange Act against the Individual Defendants.

411.   The allegations in Paragraph 411 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 411.

412.   The allegations in Paragraph 412 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 412.

413.   Defendants deny the allegations in Paragraph 413.

## ANSWER TO PRAYER FOR RELIEF

The Prayer for Relief states legal conclusions to which no response is required; to the extent that a response is required, Defendants deny that Plaintiffs are entitled to the relief sought or any relief whatsoever.

## AFFIRMATIVE DEFENSES

Defendants state the following defenses to Plaintiffs' claims.  By raising these defenses, Defendants do not assume any burden of proof that applicable law may place on other parties.

## FIRST AFFIRMATIVE DEFENSE

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, which Defendants deny, then every act or omission was done or omitted in good faith conformity with the rules and regulations of the Securities and Exchange Commission and, thus, under Section 23(a) of the Exchange Act, there is no liability for any act or omission alleged.

## SECOND AFFIRMATIVE DEFENSE

Each and every Defendant alleged to be a control person under Section 20(a) of the Exchange Act acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violation and causes of action.

**THIRD AFFIRMATIVE DEFENSE**

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, because many of the matters now claimed by the Amended Complaint to be the subject of misrepresentations or omissions were publicly disclosed or were in the public domain at the relevant time and, as such, were received by, or otherwise available to, Plaintiffs and members of the putative class and were at all times reflected in the price of Masimo's securities.

**FOURTH AFFIRMATIVE DEFENSE**

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, which Defendants deny, then the claims of Plaintiffs and members of the putative class are barred, in whole or in part, because Plaintiffs and members of the putative class were aware of the misstatement or omission and/or did not rely upon the alleged misstatement or omission in connection with the purchase of Masimo's securities.

**FIFTH AFFIRMATIVE DEFENSE**

Any recovery for damages allegedly incurred by Plaintiffs or members of the putative class based on alleged violation of the Exchange Act is barred, in whole or in part, by the damages limitations in Section 21D(e) of the Exchange Act, 15 U.S.C. § 78u-4(e).

**SIXTH AFFIRMATIVE DEFENSE**

Any recovery for damages allegedly incurred by Plaintiffs or members of the putative class is limited to the percentage of responsibility by a defendant in proportion to the total fault of all persons, named as parties to this action or not, who caused or contributed to such alleged damages, pursuant to Section 21D(f) of the Exchange Act, 15 U.S.C. § 78u-4(f)(3)(A).

**SEVENTH AFFIRMATIVE DEFENSE**

Each Plaintiff and member of the putative class would have acquired Masimo's securities even if, when those securities were acquired, each Plaintiff and member of the putative class would have known of the allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other wrongful conduct upon which Defendants' purported liability rests.

## EIGHTH AFFIRMATIVE DEFENSE

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, which Defendants deny, then the claims of Plaintiffs and members of the putative class are barred, in whole or in part, because such misrepresentations did not cause or were not a material causal factor in any decline in the price of Masimo's securities alleged in the Amended Complaint.

## NINTH AFFIRMATIVE DEFENSE

All or a portion of the damages alleged by Plaintiffs and members of the putative class are attributable to causes other than any actions or omissions for which Defendants allegedly are responsible.

## TENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, because any increase or decrease in the value of Masimo's securities was and is, wholly or partially, the result of market conditions or other factors and not the result of any alleged wrongful conduct by Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs or members of the putative class is subject to offset in the amount of any tax benefits or other benefits received by Plaintiffs or members of the putative class through their investments.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent the claims asserted by Plaintiffs and members of the putative class are based on any predictions, expressions of opinion, or forward-looking statements,

such claims are not actionable under the statutory safe harbor in the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-5(c)(1)(A), (B) and/or the bespeaks caution doctrine.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification and/or unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and members of the putative class are barred from claiming injury or damage, if any, because they failed to make reasonable efforts to mitigate such injury or damage, which would have prevented their injury or damages, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and members of the putative class would be unjustly enriched if they were permitted to obtain any recovery in this action.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, by the doctrine of assumption of risk because the risks of investing in Masimo's securities were publicly disclosed to Plaintiffs and the market at all relevant times.  Plaintiffs and members of the putative class knew or should have known the risks inherent in investing in the securities at issue and thus assumed the risk of a decline in the value of their investments.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants may be entitled to a right of contribution from other individuals or entities whose acts or omissions may have contributed to the occurrence of the alleged injury, damage and/or loss, if any, should any Plaintiffs receive judgment against Defendants.

1   <u>**ADDITIONAL AFFIRMATIVE DEFENSES**</u>

2       Defendants may have additional, as yet unidentified defenses available against

3   Plaintiffs and/or putative class members and thus reserve the right to assert such

4   defenses in a timely fashion after the facts to support such defenses become known to

5   it.

6   <u>**DEFENDANTS' PRAYER FOR RELIEF**</u>

7       Based on the foregoing, Defendants request that (1) judgment be entered in

8   favor of the Defendants; (2) the Amended Complaint be dismissed against Defendants

9   with prejudice; (3) this Court award Defendants' costs of suit, including attorneys'

10  fees incurred in defense of this action; and (4) this Court grant such other and further

11  relief as it deems just and appropriate.

12

13  Dated:  January 21, 2025              SCHULTE ROTH & ZABEL LLP

14

15                                       By:  */s/ Michael E. Swartz*

16                                            Michael E. Swartz

17                                       MICHAEL E. SWARTZ *(pro hac vice)*
                                         michael.swartz@srz.com
18                                       SCHULTE ROTH & ZABEL LLP
                                         919 Third Avenue
19                                       New York, New York 10022
                                         Telephone:  (212) 756-2000
20                                       Facsimile:   (212) 593-5955

21                                       JEFFREY F. ROBERTSON *(pro hac vice)*
                                         jeffrey.robertson@srz.com
22                                       SCHULTE ROTH & ZABEL LLP
                                         555 13th Street, NW, Suite 6W
23                                       Washington, DC 20004
                                         Telephone:  (222) 729-7470
24                                       Facsimile:   (202) 730-4520

25

26

27

28

1
2

3
4

5
6

7
8

9
10

11
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

QUINN EMANUEL URQUHART &
SULLIVAN LLP

HARRY A. OLIVAR, JR.
harryolivar@quinnemanuel.com
VALERIE RODDY
valerieroddy@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

*Attorneys for Defendants Masimo
Corporation, Micah Young, Bilal Muhsin,
and Eli Kammerman*