# Exhibit 1

EXECUTION VERSION

Lauren A. Ormsbee (*pro hac vice*)
Lisa M. Strejlau (*pro hac vice*)
David M. Saldamando (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Fax: (212) 818-0477
lormsbee@labaton.com
lstrejlau@labaton.com
dsaldamando@labaton.com

*Attorneys for Lead Plaintiffs*
*and Lead Counsel for the Proposed Class*

[*Additional counsel on signature page*]

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO VAZQUEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MASIMO CORPORATION, JOSEPH KIANI, MICAH YOUNG, BILAL MUHSIN, and ELI KAMMERMAN<br><br>Defendants. | Case No.: 3:23-cv-01546-L-DEB<br><br>**STIPULATION AND AGREEMENT OF SETTLEMENT** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation") is made and entered into by and between Court-appointed Lead Plaintiffs Boston Retirement System, Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan, and Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan (collectively, "Lead Plaintiffs"), on behalf of themselves and all other members of the Settlement Class (defined below), on the one hand, and Masimo Corporation ("Masimo" or the "Company"), Micah Young ("Young"), Bilal Muhsin ("Muhsin"), and Eli Kammerman ("Kammerman") (collectively, "Settling Defendants" and, together with Lead Plaintiffs, the "Settling Parties"), on the other, by and through their counsel of record in the above-captioned litigation (the "Action") pending in the United States District Court for the Southern District of California (the "Court"). This Stipulation is intended by the Settling Parties to fully, finally, and forever, resolve, discharge, and settle the Released Plaintiffs' Claims as against the Released Defendant Parties and the Released Defendants' Claims as against the Released Plaintiff Parties (each of these terms as defined below), upon and subject to the terms and conditions hereof (the "Settlement"), and subject to the Court's approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

**WHEREAS:**

A.    All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms herein, including in the preface above and in ¶1 hereof entitled "Definitions."

B.    On August 22, 2023, a class action complaint, *Vazquez v. Masimo Corp.*, No. 23-cv-1546-L-DEB (ECF No. 1), was filed against Defendants Masimo, Young, and Joseph Kiani ("Kiani") in the United States District Court for the Southern District of California, alleging violations of the federal securities laws.

C.    By an Order dated November 14, 2023, the Court: (i) appointed Boston Retirement System, Central Pennsylvania Teamsters Pension Fund – Defined Benefit

Plan, and Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987 as Lead Plaintiffs; (ii) approved Labaton Sucharow LLP (n/k/a Labaton Keller Sucharow LLP) as Lead Counsel and Hagens Berman Sobol Shapiro LLP as Liaison Counsel. ECF No. 19.

D.    On February 12, 2024, Lead Plaintiffs filed an Amended Complaint for Violations of the Federal Securities Laws (ECF No. 28) ("Complaint") asserting claims under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against the Settling Defendants and Kiani,[1] and asserting claims against Kiani, Young, Muhsin, and Kammerman under Section 20(a) of the Exchange Act. In particular, the Complaint alleges that, during the Class Period of May 4, 2022 through August 8, 2023, inclusive, Defendants made false and misleading statements and omissions related to Masimo's acquisition and integration of consumer audio firm, Sound United. The Complaint also alleges false and misleading statements regarding Masimo's traditional healthcare unit—specifically that Defendants failed to disclose: (i) that Masimo misled the market about its healthcare division's inability to introduce new products into the market that would support Defendants' revenue forecasts; and (ii) the offering of large discounts to customers to take additional product before quarter end, which led to excess inventories of single-use sensors, which were a key growth driver for the Company.

E.    On April 29, 2024, Defendants filed a motion to dismiss the Complaint. ECF No. 38. On June 27, 2024, Lead Plaintiffs filed their memorandum of law in opposition to the motion to dismiss (ECF No. 42) and, on July 26, 2024, Defendants filed their reply brief in support of the motion to dismiss (ECF No. 44).

F.    On November 5, 2024, the Court entered its Opinion and Order granting in part and denying in part Defendants' motion to dismiss the Complaint. ECF No. 46. In its Order, the Court sustained two categories of alleged misstatements regarding the

---

[1] The Settling Defendants and Kiani are defined herein as "Defendants".

Sound United integration and Sound United's allegedly improper use of "plugs" and other accounting manipulations to fraudulently balance Sound United's (and, as a result, Masimo's) books. The Court dismissed several categories of alleged misstatements, including: (i) claims based on allegations that Defendants misrepresented Masimo's past financial performance, including that Masimo offered large customer discounts to take additional product before quarter end, which led to excess inventories; (ii) claims based on alleged misrepresentations of Masimo's internal controls; and (iii) claims based on statements made by Defendants Kiani, Muhsin, and Kammerman, as the Court found Plaintiffs failed to adequately plead scienter as to those defendants. As a result of the Opinion and Order, the Section 10(b) claims against Kiani, Muhsin, and Kammerman were dismissed, with the Section 10(b) claims against Masimo and Young remaining. The Section 20(a) claims against Kiani, Young, Muhsin, and Kammerman also remained. The Court also granted Lead Plaintiffs leave to amend the Complaint.

G.    On December 3, 2024, Lead Plaintiffs filed a notice informing the Court that Lead Plaintiffs did not intend to amend the Complaint, but that Lead Plaintiffs reserved the right to seek to amend the Complaint for good cause in the future if warranted. ECF No. 49.

H.    On January 21, 2025, the Settling Defendants filed their Answer to the Complaint. ECF No. 60. Kiani filed a separate Answer (ECF No. 59), and discovery commenced.

I.    Prior to filing the Complaint and the start of formal discovery, Lead Plaintiffs, through Lead Counsel, conducted their own investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing: (i) regulatory filings made by Masimo with the U.S. Securities and Exchange Commission (the "SEC"); (ii) Company press releases, transcripts of earnings calls, and other public statements issued and disseminated by the Company; (iii) Company website and marketing

4

materials; (iv) price and volume data for Masimo common stock; (v) research reports from securities and financial analysts; (vi) news and media reports concerning the Company and other facts related to this action; (vii) interviews with former Masimo employees and internal Masimo documents in Lead Plaintiffs' possession; (viii) consultation with accounting and damages experts; (ix) court filings in proceedings between Defendants, (x) other publicly available material and data; and (x) the applicable law governing the claims and potential defenses.

J.     On March 10, 2025, the Lead Plaintiffs and Defendants filed a Joint Case Management and Federal Rule of Civil Procedure 26(f) Conference Statement with the Court, proposing a pre-trial schedule. ECF No. 73.

K.     On March 18, 2025, following a March 17, 2025 Case Management Conference held pursuant to Local Rule 16.1(d), the Court issued a Scheduling Order Regulating Discovery And Other Pre-Trial Proceedings that set a schedule with (*inter alia*) class certification to be filed by September 12, 2025, fact discovery to close on November 14, 2025, and expert discovery to close on February 6, 2026. ECF No. 78.

L.     In December 2024, Lead Plaintiffs and the Settling Defendants first began exploring the possibility of a negotiated resolution. Discussions regarding a potential mediation resumed in January and February 2025 and Lead Plaintiffs and the Settling Defendants agreed to schedule a mediation session in Spring 2025. Ultimately, Lead Plaintiffs and Defendants agreed to participate in a mediation by May 28, 2025 and retained David Murphy of Phillips ADR Services to act as the mediator in the case (the "Mediator"). The parties agreed that the Settling Defendants would expedite certain targeted discovery in advance of the mediation.

M.     Lead Plaintiffs and Defendants engaged in formal discovery efforts, which began in March 2025 when Lead Plaintiffs and Defendants exchanged initial disclosures and Lead Plaintiffs served requests for production of documents and interrogatories on Defendants, as well as third party discovery; the Settling Defendants also served discovery requests on Lead Plaintiffs. Lead Plaintiffs and Defendants

5

responded to each other's discovery demands. The parties engaged in numerous meet and confer conferences regarding the scope of discovery and the Settling Defendants began document production as those negotiations continued. By the end of May 2025, the Settling Defendants had produced over 16,000 pages of documents and Lead Plaintiffs were in the process of responding to Defendants' requests for production. Confidential witnesses cited in the Complaint provided almost 900 documents (totaling approximately 13,000 pages), and third-parties later produced over 5,500 pages of documents. Lead Plaintiffs reviewed these documents, totaling approximately 74,500 pages, including the approximately 40,000 pages of documents from ongoing litigations involving Defendants Masimo and Kiani. Fact discovery was ongoing when the Settling Parties agreed to settle.

N.    On May 28, 2025, Lead Counsel and counsel for Defendants, among others, participated in a full-day, in-person mediation session before the Mediator. In advance of that session, Lead Plaintiffs and Defendants submitted detailed opening and reply mediation statements to the Mediator, together with numerous supporting exhibits, which addressed both liability and damages issues. Lead Plaintiffs and Defendants weighed the risks and benefits of settlement, including the risks that Defendants would be able to successfully challenge falsity and loss causation at summary judgment, and that Lead Plaintiffs would be able to further amend the complaint to add back allegations that Masimo made false and misleading statements regarding the offering of large customer discounts to take additional product before quarter end, which allegedly led to excess inventories, based on information obtained subsequent to the filing of the motion to dismiss, both during the May 28, 2025 mediation session and in discussions with the Mediator thereafter.

O.    The session ended without any agreement being reached. Lead Plaintiffs and Defendants continued discussions with the Mediator following the mediation to further explore the possibility of a settlement.

STIPULATION AND AGREEMENT OF SETTLEMENT
Case No.: 3:23-cv-01546-L-DEB

P.      On June 13, 2025, the Court held a status conference. At the status conference, Lead Plaintiffs and Defendants provided the Court with an update on the mediation and their discovery efforts, including a ripe discovery dispute. Although the mediation was not successful, the parties informed the Court that settlement discussions were ongoing. In light of the discovery dispute, the Court scheduled a discovery conference for June 27, 2025 and ordered Lead Plaintiffs and Defendants to submit letter briefs with exhibits to the Court by June 24, 2025.

Q.      On June 16, 2025, following discussions with Lead Plaintiffs and Defendants, the Mediator issued a mediator's recommendation.

R.      On June 26, 2025, the Settling Parties accepted the Mediator's recommendation and reached a settlement in principle to resolve all claims in this Action on a class-wide basis for $33,750,000 in cash.  The Settling Parties' acceptance of the Mediator's recommendation took into account, among other things, each of the Settling Parties' respective views on Lead Plaintiffs' claims and the Parties' defenses, inclusive of Lead Plaintiffs' position that they would seek to amend their Complaint to reassert claims and theories that were dismissed pursuant to the Court's November 5, 2024 Opinion and Order, including claims that Defendants made false and misleading statements regarding the offering of large customer discounts to take additional product before quarter end, which allegedly led to excess inventories.

S.      On June 26, 2025, Lead Plaintiffs and Defendants notified the Court that they had resolved the discovery dispute. As a result, the Court vacated the discovery conference scheduled for June 27, 2025.

T.      On July 11, 2025, Lead Plaintiffs and Defendants filed a Joint Motion Regarding Settlement requesting that the Court vacate all deadlines and hearings to allow the Settling Parties to finalize documentation of the settlement and Lead Plaintiffs to submit a motion for preliminary approval of the proposed class action settlement and certification of the class for settlement purposes on or before August 14, 2025. ECF No. 83.

7

U.     On July 16, 2025, the Court granted the Joint Motion and issued an order vacating all deadlines and hearings, and ordering that Lead Plaintiffs file their motion for preliminary approval of the proposed class action settlement on or before August 14, 2025. ECF No. 85.

V.     The Settling Parties' agreement in principle was subsequently memorialized in a confidential term sheet dated as of July 24, 2025 (the "Term Sheet"), subject to the execution of a customary "long form" stipulation and agreement of settlement and related papers.

W.     This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Settling Parties and supersedes the Term Sheet.

X.     Lead Plaintiffs believe that the claims and allegations in the Action have merit and that the information developed to date supports the claims and allegations asserted. However, Lead Plaintiffs and Lead Counsel have taken into account the uncertain outcome and the risk of litigation, especially complex actions such as the Action. Lead Counsel is mindful of the inherent problems of proof and the defenses to the claims alleged in the Action, including the challenges of certifying a class and maintaining certification through trial and appeals. Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests.

Y.     Throughout this litigation, Settling Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws. Settling Defendants have denied and continue to deny each and every one of the claims alleged by Lead Plaintiffs in the Action on behalf of the proposed class, including all claims in the Complaint. Settling Defendants also have denied, and continue to deny, *inter alia*, the allegations that Lead Plaintiffs or class members have suffered damage or were

8

otherwise harmed by the conduct alleged in the Action. Settling Defendants assert that, at all times, they acted in good faith and in a manner they reasonably believed to be in accordance with all applicable rules, regulations, and laws, and that they did not make any false or misleading statements and disclosed all information required to be disclosed by the federal securities laws. In addition, Settling Defendants maintain that they have meritorious defenses to all of the claims alleged in the Action. Nonetheless, Settling Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation to avoid the further expense, inconvenience, and burden of this Action, the distraction and diversion of personnel and resources, and to obtain the conclusive and complete dismissal and/or release of this Action and the Released Plaintiffs' Claims.

**NOW THEREFORE**, without any concession by Lead Plaintiffs that the Action lacks merit, and without any concession by Settling Defendants of any liability or wrongdoing or lack of merit of their defenses, it is hereby **STIPULATED AND AGREED**, by and among the parties to this Stipulation, through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), that, in consideration of the benefits flowing to the Settling Parties hereto, all Released Plaintiffs' Claims and all Released Defendants' Claims, as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice, and without costs, upon and subject to the following terms and conditions:

**DEFINITIONS**

1.    As used in this Stipulation, the following terms shall have the meanings set forth below.  In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

9

1    (a)    "Action" means the civil action captioned *Vazquez v. Masimo Corp.,* No. 3:23-cv-010546-L-DEB, pending in the United States District Court for the Southern District of California before the Honorable M. James Lorenz.

4    (b)    "Alternative Judgment" means a form of final judgment that may be entered by the Court in a form other than the form of Judgment provided for in this Stipulation and where none of the Settling Parties hereto elects to terminate this Settlement by reason of such variance.

8    (c)    "Authorized Claimant" means a Settlement Class Member who submits a valid Proof of Claim and Release form to the Claims Administrator that is accepted for payment.

11    (d)    "Claimant" means a person or entity who or which submits a Proof of Claim and Release form to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

14    (e)    "Claims Administrator" means the firm to be retained by Lead Counsel, subject to Court approval, to provide all notices approved by the Court to potential Settlement Class Members, to process Proof of Claim and Release forms, and to administer the Settlement.

18    (f)    "Class Period" means the period from May 4, 2022 through August 8, 2023, inclusive.

20    (g)    "Defendants" means Masimo Corporation, Joseph E. Kiani, Micah Young, Bilal Muhsin, and Eli Kammerman.

22    (h)    "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶39 below.

24    (i)    "Escrow Account" means the separate escrow account maintained at Citibank, N.A. (Private Bank), wherein the Settlement Amount shall be deposited and held for the benefit of the Settlement Class pursuant to this Stipulation and subject to the jurisdiction of the Court.

28    (j)    "Escrow Agent" means Lead Counsel.

10

(k)    "Fee and Expense Application" means Lead Counsel's application, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees and payment of Litigation Expenses incurred in prosecuting the case, including any costs and expenses of Lead Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(4) of the PSLRA.

(l)    "Final," with respect to a court order, including the Judgment or Alternative Judgment, means the later of: (i) if there is an appeal from a court order the date of final affirmance on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration, or a petition for a *writ of certiorari* and, if *certiorari* is granted, the date of final affirmance of the order following review pursuant to the grant; or (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on *certiorari* to review the order; or (iii) the expiration of the time for the filing or noticing of any appeal or petition for *certiorari* from the order (or, if the date for taking an appeal or seeking review of the order shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought), without any such filing or noticing being made. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to the Plan of Allocation of the Net Settlement Fund, or to the Court's award of attorneys' fees or expenses to Lead Counsel, shall not in any way delay or affect the time set forth above for the Judgment or Alternative Judgment to become Final or otherwise preclude the Judgment or Alternative Judgment from becoming Final.

(m)    "Immediate Family(ies)" or "Immediate Family Member(s)" means, as set forth in 17 C.F.R. § 229.404, children, stepchildren, parents, stepparents, Spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  "Spouse" as used in this definition means a husband, a wife, or a partner in a state-recognized domestic partnership, civil union, or marriage.

(n)    "Individual Defendants" means Micah Young, Bilal Muhsin, Eli Kammerman, and Joseph E. Kiani.

(o)    "Individual Settling Defendants" means Micah Young, Bilal Muhsin, and Eli Kammerman.

(p)    "Judgment" means the proposed final order and judgment to be entered by the Court approving the Settlement and dismissing the Complaint with prejudice, substantially in the form attached hereto as Exhibit B.

(q)    "Lead Counsel" means the law firm of Labaton Keller Sucharow LLP.

(r)    "Lead Plaintiffs" means Boston Retirement System, Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan, and Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan.

(s)    "Liaison Counsel" means Hagens Berman Sobol Shapiro LLP.

(t)    "Litigation Expenses" means the costs and expenses incurred by Plaintiffs' Counsel in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Lead Plaintiffs directly related to their representation of the Settlement Class pursuant to the PSLRA), for which Lead Counsel intend to apply to the Court for payment from the Settlement Fund.

(u)    "Mediator" means David M. Murphy of Phillips ADR Enterprises.

(v)    "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and Litigation Expenses; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees and expenses approved by the Court.

(w)    "Notice" means the long-form Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses to be sent to Settlement Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-1.

(x)    "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Settlement Class and the

12

administration of the Settlement, including but not limited to: (i) providing notice of the proposed Settlement by mail, publication, and other means to Settlement Class Members; (ii) receiving and reviewing claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the proposed Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

(y)    "Person(s)" means any individual, natural person, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

(z)    "Plaintiffs' Counsel" means Labaton Keller Sucharow LLP and Hagens Berman Sobol Shapiro LLP.

(aa)    "Plan of Allocation" means any plan for the distribution of the Net Settlement Fund, which, subject to the approval of the Court, shall be substantially in the form described in the Notice.

(bb)    "Postcard Notice" means the postcard notice concerning the Action and Settlement to be sent to Settlement Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-4.

(cc)    "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, which, subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit A.

(dd)    "Proof of Claim" or "Claim Form" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2, and which a Claimant must

13

1  complete and submit should that Claimant seek to share in a distribution of the Net

2  Settlement Fund.

3        (ee)  "Released Defendant Parties" means Defendants and each of their

4  respective former, present or future parents, subsidiaries, divisions, controlling

5  persons, associates, related entities, affiliates, present and former employees, members,

6  partners, principals, officers, directors, controlling shareholders, agents, attorneys,

7  advisors (including financial or investment advisors), accountants, auditors,

8  consultants, underwriters, investment bankers, commercial bankers, general or limited

9  partners or partnerships, limited liability companies, members, joint ventures, insurers

10  and reinsurers of each of them, predecessors, successors, estates, Immediate Family

11  Members, heirs, executors, trustees, administrators, legal representatives, and assigns

12  of each of them, in their capacities as such; and the predecessors, successors, estates,

13  Immediate Family Members, heirs, executors, trustees, administrators, agents, legal

14  representatives, and assigns of each of them, in their capacities as such, as well as any

15  trust of which any Released Defendant Party is the settlor or which is for the benefit of

16  any of their Immediate Family Members.

17        (ff)  "Released Defendants' Claims" means all claims and causes of

18  action of every nature and description, whether known or Unknown Claims (as defined

19  below), whether arising under federal, state, common, or foreign law, that arise out of

20  or relate in any way to the institution, prosecution, or settlement of the claims asserted

21  against Defendants in this Action, except for claims relating to the enforcement of the

22  Settlement or any claims against any person who submits a request for exclusion that

23  is accepted by the Court.  For the avoidance of doubt, by way of this Settlement, except

24  to the extent required by the PSLRA's contribution bar, Settling Defendants are not

25  releasing any past, present, or future claims, regardless of subject matter, against any

26  other Defendant.

27        (gg)  "Released Parties" means the Released Defendant Parties and the

28  Released Plaintiff Parties.

14

(hh)    "Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown Claims (as defined herein), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member of the Settlement Class: (a) asserted in the Action or (b) could have asserted in the Action, or in any forum, that in any way arise out of (directly or indirectly) or are based upon both: (1) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to (or that could have been involved, set forth, or referred to concerning the predicate allegations, transactions, facts, matters or occurrences, representations or omissions of the claims) in the complaints filed in the Action, and (2) the purchase, acquisition, or sale of Masimo publicly traded common stock during the Class Period.   For the avoidance of doubt, Released Plaintiffs' Claims shall not include: (i) claims to enforce the Settlement; (ii) claims in any shareholder derivative action, including *In re Masimo Corporation Stockholder Derivative Litigation*, Lead Case No. 3:24-cv-00781-L-DEB (S.D. Cal.) and any actions consolidated therewith; and (iii) claims arising from any regulatory or governmental investigation or proceeding.

(ii)    "Released Plaintiff Parties" means each and every Settlement Class Member, Lead Plaintiffs, Plaintiffs' Counsel, and each of their respective former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities, affiliates, present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, general or limited partners or partnerships, limited liability companies, members, joint ventures, insurers and reinsurers of each of them, predecessors, successors, estates, Immediate Family Members, heirs, executors, trustees, administrators, legal representatives, and assigns of each of them, in their

15

capacities as such; and the predecessors, successors, assigns, estates, Immediate Family Members, heirs, executors, trustees, administrators, agents, legal representatives, and assignees of each of them, in their capacities as such, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their Immediate Family Members.  Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class and their legal representatives, in their capacities as such.

(jj)  "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

(kk)  "Settlement Amount" means the total principal amount of thirty-three million and seven hundred and fifty thousand U.S. dollars ($33,750,000) in cash.

(ll)  "Settlement Class" or "Settlement Class Member(s)" means all persons and entities who or that purchased or acquired the publicly traded common stock of Masimo during the period from May 4, 2022 through August 8, 2023, both dates inclusive (the "Class Period"), and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Families, or any individual trust or family trust, of any Defendant who is an individual; (iii) any person who was an officer, director, or control person of Masimo during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest and/or beneficial interest; (v) parents, affiliates, as defined by 17 C.F.R. § 240.12b-2, or subsidiaries of Masimo; and (vi) the legal representatives, heirs, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such. Also excluded from the Settlement Class are any persons or entities who or that exclude themselves by submitting a timely and valid request for exclusion that is accepted by the Court. For the avoidance of doubt and notwithstanding anything herein to the contrary, no shareholder that directly owns less than 10% of Masimo stock shall be deemed an "affiliate" for purposes of the Settlement Class.

(mm) "Settlement Fund" means the Settlement Amount and any interest or income earned thereon.

(nn)    "Settlement Hearing" means the hearing to be held by the Court to determine, *inter alia*, whether the proposed Settlement is fair, reasonable, and adequate and should be approved.

(oo)    "Settling Defendants" means Masimo Corporation, Micah Young, Bilal Muhsin, and Eli Kammerman.

(pp)    "Settling Defendants' Counsel" means the law firm of Quinn Emanuel Urquhart & Sullivan, LLP.  For purposes of the releases set forth in ¶¶ 7, 10-11, 25, and 34, Settling Defendants' Counsel shall also include McDermott Will & Schulte LLP and Latham & Watkins LLP.

(qq)    "Settling Parties" means Lead Plaintiffs and the Settling Defendants.

(rr)    "Stipulation" means this Stipulation and Agreement of Settlement.

(ss)    "Summary Notice" means the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses for publication, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-3.

(tt)    "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants).

(uu)    "Unknown Claims" means any and all Released Plaintiffs' Claims that Lead Plaintiffs or any other Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Settling Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its

17

decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Settling Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs, other Settlement Class Members, or Settling Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the Action, the Released Plaintiffs' Claims or the Released Defendants' Claims, but Lead Plaintiffs and Settling Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiffs and Settling Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

18

## SCOPE AND EFFECT OF SETTLEMENT

2.      The obligations incurred pursuant to this Stipulation are: (i) subject to approval by the Court and to the Judgment, or Alternative Judgment, reflecting such approval becoming Final; and (ii) in full and final disposition of the Action with respect to the Released Parties and any and all Released Plaintiffs' Claims and Released Defendants' Claims.

3.      For purposes of this Settlement only, the Settling Parties agree to: (i) certification of the Action as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of the Settlement Class as defined in ¶1(ll); (ii) the appointment of Lead Plaintiffs as Class Representatives for the Settlement Class; and (iii) the appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g).

4.      By operation of the Judgment or Alternative Judgment, without further action by anyone, as of the Effective Date, Lead Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim form or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

5.      By operation of the Judgment or Alternative Judgment, without further action by anyone, as of the Effective Date, Settling Defendants, on behalf of themselves

19

and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties. For the avoidance of doubt, by way of this Settlement, except to the extent required by the PSLRA's contribution bar, Settling Defendants are not releasing any past, present, or future claims, regardless of subject matter, against any other Defendant, and claims to enforce the terms of the Stipulation are not released.

## THE SETTLEMENT CONSIDERATION

6. In full settlement of the claims asserted in the Action against Defendants and in consideration of the releases specified in ¶¶4-5, above, all of which the Settling Parties agree are good and valuable consideration, Masimo agrees to pay or cause the payment of the Settlement Amount into the Escrow Account within twenty (20) business days following the later of (i) the date of entry of the Preliminary Approval Order; or (ii) Lead Counsel providing to Settling Defendants' Counsel complete payment instructions, including a W-9 form for the Settlement Fund.

7. Lead Plaintiffs and each of the Settlement Class Members shall look solely to the Settlement Fund as satisfaction of all claims that are released hereunder. With the sole exceptions of Settling Defendants' obligation to pay or cause the payment of the Settlement Amount into the Escrow Account as provided for in ¶6 and any obligations of Masimo pursuant to ¶21 and ¶37, Settling Defendants and Settling Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or

20

distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions, or other payments from the Escrow Account, or the filing of any federal, state, or local tax returns.

8.     Other than the obligation of Masimo to pay or cause the payment of the Settlement Amount pursuant to ¶6, Settling Defendants shall have no obligation to make any other payments into the Escrow Account or to any Settlement Class Member.

**USE AND TAX TREATMENT OF SETTLEMENT FUND**

9.     The Settlement Fund shall be used: (i) to pay any Taxes; (ii) to pay Notice and Administration Expenses; (iii) to pay any attorneys' fees and expenses of Plaintiffs' Counsel awarded by the Court; (iv) to pay any other fees and expenses awarded by the Court; and (v) to pay the claims of Authorized Claimants.

10.     The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶22–35 hereof. The Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held in the Escrow Account, and all earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, and/or further order of the Court. The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance.  Settling Defendants and Settling Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow

21

Agent. All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

11.     After the Settlement Amount has been paid into the Escrow Account, the Settling Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Settlement Fund being a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, the Escrow Agent shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this paragraph 11, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such election shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to timely occur. Consistent with the foregoing:

(a)     For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be Lead Counsel or their successors, which shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns (together, "Tax Returns") necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)).  Such Tax Returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in subparagraph (c) of this paragraph 11.

(b)    All Taxes shall be paid out of the Settlement Fund. In all events, Settling Defendants and Settling Defendants' Counsel shall have no liability or responsibility whatsoever for the Taxes or the filing of any Tax Return or other document with the Internal Revenue Service or any other state or local taxing authority or any expenses associated therewith. Neither Settling Defendants nor Settling Defendants' Counsel shall have any liability or responsibility for the Taxes of the Escrow Account with respect to the Settlement Amount or the filing of any Tax Returns or other documents with the Internal Revenue Service or any other taxing authority. In the event any Taxes are owed by any of the Settling Defendants on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund.

(c)    Taxes with respect to the Settlement Fund and the Escrow Account shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by the Escrow Agent out of the Settlement Fund without prior order from the Court or approval by Settling Defendants. Lead Counsel shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)). The Settling Parties agree to cooperate with each other, and their tax attorneys and accountants to the extent reasonably necessary, to carry out the provisions of this paragraph 11.

12.    This is not a claims-made settlement. As of the Effective Date, Defendants and/or any Person funding the Settlement on a Settling Defendant's behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

13.    Lead Counsel will apply, on behalf of Plaintiffs' Counsel, to the Court for an award from the Settlement Fund of attorneys' fees and payment of Litigation

23

Expenses incurred in prosecuting the Action, including reimbursement to Lead Plaintiffs pursuant to the PSLRA, plus earnings on such amounts at the same rate as and for the same periods as earned by the Settlement Fund.

14. The amount of attorneys' fees and Litigation Expenses awarded by the Court is within the sole discretion of the Court. Any attorneys' fees and Litigation Expenses awarded by the Court shall be payable from the Settlement Fund to Lead Counsel immediately after entry of the Order awarding such attorneys' fees and Litigation Expenses and entry of the Judgment or Alternative Judgment, notwithstanding the existence of any timely-filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Fee and Expense Application, the Settlement, or any part thereof, or as otherwise ordered by the Court. Lead Counsel shall allocate any Court-awarded attorneys' fees and Litigation Expenses among Plaintiffs' Counsel.

15. Any payment of attorneys' fees and Litigation Expenses pursuant to ¶¶13–14 above shall be subject to Lead Counsel's obligation to make full refunds or repayments to the Settlement Fund of any paid amounts, plus accrued earnings at the same rate as is earned by the Settlement Fund, if any, if the Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or expenses is reduced or reversed by Final non-appealable court order. Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after receiving notice of the termination of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by Final non-appealable court order, or notice of any reduction or reversal of the award of attorneys' fees and/or expenses by Final non-appealable court order.

16. With the sole exception of Masimo's obligation to pay, or cause the payment of, the Settlement Amount into the Escrow Account as provided for in ¶6, the

24

Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment whatsoever to Lead Counsel in the Action that may occur at any time.

17.    The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or expenses in the Action, or to any other Person who may assert some claim thereto, or any fee or expense awards the Court may make in the Action.

18.    The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of Settlement Class Members, whether or not paid from the Escrow Account. The Settlement Fund will be the sole source of payment from the Released Defendant Parties for any award of attorneys' fees and expenses ordered by the Court.

19.    The Settlement is not conditioned upon any award of attorneys' fees and expenses. The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and any order or proceeding relating to any Fee and Expense Application, including an award of attorneys' fees or expenses in an amount less than the amount requested by Lead Counsel, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment or Alternative Judgment approving the Stipulation and the Settlement set forth herein. Lead Plaintiffs and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶40 or otherwise based on the Court's or any appellate court's ruling with respect to fees and expenses in the Action.

## NOTICE AND ADMINISTRATION EXPENSES

20.    Except as otherwise provided herein, the Net Settlement Fund shall be held in the Escrow Account until the Effective Date.

21. Notwithstanding the fact that the Settlement has not reached the Effective Date, without further approval from Settling Defendants or further order of the Court, Lead Counsel may pay actual and reasonable Notice and Administration Expenses from the Settlement Fund. Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without further approval of Settling Defendants or further order of the Court. Masimo (on behalf of itself and all other Settling Defendants) shall be responsible for providing any required notice under the Class Action Fairness Act of 2005 ("CAFA Notice"), if any, at its own expense, no later than ten (10) calendar days following the filing of this Stipulation with the Court. Masimo will provide, to the extent reasonably available, its transfer agent's lists of purchasers of record during the Class Period in electronic searchable form, such as Excel, at no cost to the Settlement Class or Lead Counsel.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

22. Except as otherwise provided herein, the Settlement Fund shall be held in the Escrow Account until the Effective Date.

23. The Claims Administrator, subject to such supervision and direction of Lead Counsel and/or the Court as may be necessary or as circumstances may require, shall administer the Settlement in accordance with the terms of this Stipulation, the Court-approved Plan of Allocation, and subject to the jurisdiction of the Court. None of the Released Defendant Parties shall have responsibility (except as stated in ¶¶6, 21 and 37 hereof) for, interest in, or liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to any Person, including, but not limited to, Lead Plaintiffs, any member of the Settlement Class, and Lead Counsel in connection with such administration.

24. The Claims Administrator shall receive claims and determine, *inter alia*, whether the claim is valid, in whole or part, and each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized

26

loss, as defined in the Plan of Allocation included in the Notice, or in such other plan of allocation as the Court may approve.

25.    Settling Defendants shall have no role in the development of, and will take no position with respect to, the Plan of Allocation. Any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Plan of Allocation is not a necessary term of the Settlement or this Stipulation and it is not a condition of the Settlement or this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiffs and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶40 or otherwise based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Action. Settling Defendants and Settling Defendants' Counsel shall have no responsibility or liability for reviewing or challenging claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

26.    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

27.    If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and Litigation Expenses, if any, redistribute such balance, in an equitable and economic fashion, among Authorized Claimants who have cashed their checks. Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to Consumer Federation of

America, or such other private, non-profit, non-sectarian 501(c)(3) organization designated by Lead Plaintiffs and approved by the Court.

## ADMINISTRATION OF THE SETTLEMENT

28.    Any Settlement Class Member who fails to timely submit a valid Claim Form (substantially in the form of Exhibit A-2) will not be entitled to receive any distribution from the Net Settlement Fund, except as otherwise ordered by the Court or allowed by Lead Counsel in their discretion, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and all releases provided for herein, and will be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties.

29.    Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator.  Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Lead Counsel deem to be *de minimis* or formal or technical defects in any Claim Form submitted. The Released Defendant Parties shall have no liability, obligation or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund, or the reviewing or challenging claims.  Lead Counsel shall be solely responsible for designating the Claims Administrator, subject to approval by the Court.

30.    For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Claimant shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit A-2, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other

documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)    All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Postcard Notice and long Notice, unless such deadline is extended by Lead Counsel in its discretion or by Order of the Court. Any Settlement Class Member who fails to submit a Claim Form by such date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court or the discretion of Lead Counsel, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment and all releases provided herein, and will be permanently barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties. A Claim Form shall be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)    Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, which shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed;

(d)    Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim Form in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose claims the Claims Administrator proposes to reject in

29

whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)    If any Claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court. Claimants bear the burden of establishing the sufficiency of their claim.

31.    Each Claimant who submits a Claim Form shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, including but not limited to, all releases provided for herein and in the Judgment or Alternative Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's claim. In connection with processing the Claim Forms, no discovery shall be allowed on the merits of the Action or the Settlement.

32.    Payment pursuant to the Stipulation and Court-approved Plan of Allocation shall be deemed final and conclusive against any and all Claimants. All Settlement Class Members whose claims are not approved shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and the releases

30

provided for herein and therein, and will be permanently barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties.

33.    All proceedings with respect to the administration, processing, and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment or Alternative Judgment.

34.    No Person shall have any claim of any kind against the Released Defendant Parties or Settling Defendants' Counsel with respect to the matters set forth in this section (*i.e.*, ¶¶28–34) or any of its subsections, or otherwise related in any way to the administration of the Settlement, including without limitation the processing of claims and distributions.

35.    No Person shall have any claim against Lead Plaintiffs, Lead Counsel, or the Claims Administrator, or other agent designated by Lead Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

36.    Concurrently with the application for preliminary approval by the Court of the Settlement contemplated by this Stipulation and promptly upon execution of this Stipulation, Lead Counsel shall apply to the Court for entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A. The Preliminary Approval Order will, *inter alia*, preliminarily approve the Settlement, set the date for the Settlement Hearing, approve the form of notice, and prescribe the method for giving notice of the Settlement to the Settlement Class.

37.    Masimo, to the extent it has not already done so, shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator, within seven (7) calendar

31

days of entry of the Preliminary Approval Order, at no cost to Lead Plaintiffs or the Settlement Class, to the extent reasonably available, its transfer agent's lists of purchasers of record during the Class Period, in electronic searchable form, such as Excel.

## TERMS OF THE JUDGMENT

38.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Settling Defendants' Counsel shall jointly request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

## EFFECTIVE DATE OF SETTLEMENT

39.     The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

(a)     entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit A annexed hereto;

(b)     payment of the Settlement Amount into the Escrow Account;

(c)     approval by the Court of the Settlement, following notice to the Settlement Class, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(d)     a Judgment, which shall be in all material respects substantially in the form set forth in Exhibit B annexed hereto, has been entered by the Court and has become Final; or in the event that an Alternative Judgment has been entered, the Alternative Judgment has become Final.

## WAIVER OR TERMINATION

40.     Settling Defendants and Lead Plaintiffs, respectively, shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice"), through counsel, to all other Settling Parties hereto within thirty (30) calendar days of: (i) the Court's Final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's Final refusal to approve this Stipulation or any material part thereof; (iii) the Court's Final refusal to enter (a) the Judgment in any material respect or (b) an Alternative Judgment; (iv) the

32

date upon which the Judgment or Alternative Judgment is modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals for the Ninth Circuit, or the Supreme Court of the United States; or (v) a Final order declining to dismiss the Action with prejudice. Without limitation, any reduction in the scope of the definitions of the Settlement Class or Released Plaintiffs' Claims will be deemed material. For the avoidance of doubt, Lead Plaintiffs shall not have the right to terminate the Settlement due to any decision, ruling, or order respecting the Fee and Expense Application, the Plan of Allocation, or any other plan of allocation.

41.    In addition to the foregoing, Masimo, in its sole discretion, shall also have the option to terminate the Settlement in the event the Termination Threshold (defined below) has been reached. Simultaneously herewith, Settling Defendants' Counsel and Lead Counsel are executing a confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement"). The Supplemental Agreement sets forth certain conditions under which Masimo shall have the sole option to terminate the Settlement and render this Stipulation null and void in the event that requests for exclusion from the Settlement Class exceed certain agreed-upon criteria (the "Termination Threshold"). The Settling Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Settling Parties will undertake to have the Termination Threshold submitted to the Court *in camera* or under seal. In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶46–48 which shall continue to apply.

42.    The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that requests for exclusion shall be received no later than twenty-one (21)

calendar days prior to the Settlement Hearing. Upon receiving any request for exclusion, Lead Counsel shall promptly, and in no event no later than five (5) calendar days after receiving a request for exclusion or fifteen (15) calendar days prior to the Settlement Hearing, whichever is earlier, notify Settling Defendants' Counsel of such request for exclusion and provide copies of such request for exclusion and any documentation accompanying it by email.

43.     In addition to all of the rights and remedies that Lead Plaintiffs have under the terms of this Stipulation, Lead Plaintiffs shall also have the right to terminate the Settlement, by providing written notice of the election to terminate to all other Settling Parties, in the event that (a) the Settlement Amount has not been paid in the time period provided for in ¶6 above and (b) thereafter, there is a failure to pay the Settlement Amount within fourteen (14) calendar days of the receipt by Masimo of Lead Plaintiffs' written notice of termination.

44.     If, before the Settlement becomes Final, any Settling Defendant files for protection under the Bankruptcy Code or any similar law or a trustee, receiver, conservator, or other fiduciary is appointed under Bankruptcy, or any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Settlement Fund by or on behalf of such Settling Defendant to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, the Settling Parties shall jointly move the Court to vacate and set aside the releases given and the Judgment or Alternative Judgment entered in favor of that Settling Defendant and that Settling Defendant and Lead Plaintiffs and the members of the Settlement Class shall be restored to their litigation positions as of June 26, 2025. All releases and the Judgment or Alternative Judgment as to other Settling Defendants shall remain unaffected. Masimo warrants, as to the payments it makes as to itself and the payments made on Settling Defendants' behalf, pursuant to this Stipulation, that, at

34

the time of such payment, it will not be insolvent, nor will payment render it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including Sections 101 and 547 thereof.

45.    If an option to withdraw from and terminate this Stipulation and Settlement arises under any of ¶¶40–44 above: (i) neither Settling Defendants nor Lead Plaintiffs (as the case may be) will be required for any reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be made in good faith, but in the sole discretion of Settling Defendants or Lead Plaintiffs, as applicable.

46.    With the exception of the provisions of this ¶¶46-48 which shall continue to apply, in the event the Settlement is terminated as set forth herein or cannot become effective for any reason, then the Settlement shall be without prejudice, and none of its terms shall be effective or enforceable except as specifically provided herein; the Settling Parties shall be deemed to have reverted to their respective positions in the Action as of June 26, 2025, and the Settling Parties shall proceed in all respects as if this Stipulation and all related orders had not been entered. In such event, this Stipulation, and any aspect of the discussions or negotiations leading to this Stipulation shall not be admissible in this Action or any other action and shall not be used against or to the prejudice of Settling Defendants or against or to the prejudice of Lead Plaintiffs, in any court filing, deposition, at trial, or otherwise.

47.    In the event the Settlement is terminated, as provided herein, or fails to become effective, any portion of the Settlement Amount previously paid into the Escrow Account, together with any earnings thereon, less any Taxes paid or due, less reasonable Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount, shall be returned pursuant to Settling Defendants' instructions within thirty (30) calendar days after written notification of such event in accordance with instructions provided by Settling Defendants' Counsel to Lead Counsel. Lead Counsel or their designees shall apply for any tax refund owed on the

35

amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), of such refund to those who funded the Settlement or as otherwise directed by Settling Defendants.

## NO ADMISSION

48.     Except as set forth in ¶49 below, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of any of the parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any allegation by Lead Plaintiffs or the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault or wrongdoing of any of the Released Defendant Parties or any person or entity whatsoever, or of any infirmity in any of Settling Defendants' defenses;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Settling Defendants, or against or to the prejudice of Lead Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiffs, or the other members of the Settlement Class;

(c)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)     do not constitute, and shall not be construed against any of the Released Defendant Parties, Lead Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)     do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiffs or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

49.     Notwithstanding ¶48 above, the Settling Parties, and their respective counsel, may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy or seek contribution. The Settling Parties may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment or Alternative Judgment. All Settling Parties submit

37

to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

## MISCELLANEOUS PROVISIONS

50.    All of the exhibits to the Stipulation (except any plan of allocation to the extent incorporated in those exhibits), and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

51.    The Settling Parties intend this Stipulation and the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Settling Parties with respect to the Released Plaintiffs' Claims and Released Defendants' Claims. Accordingly, the Settling Parties agree not to assert in any forum that the Action was brought, prosecuted, or defended in bad faith or without a reasonable basis. The Settling Parties and their respective counsel agree that each has complied fully with Rule 11 of the Federal Rules of Civil Procedure in connection with the maintenance, prosecution, defense, and settlement of the Action and shall not make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Action. The Settling Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Settling Parties and their respective counsel, including through a mediation process, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

52.    This Stipulation, along with its exhibits and the Supplemental Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Lead Plaintiffs and Settling Defendants (or their successors-in-interest) by counsel for the Settling Parties hereto, that are materially and adversely affected by the modification, amendment, or waiver.

53.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

54.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses and implementing and enforcing the terms of this Stipulation.

55.     The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver by any other Settling Party, or a waiver by any Settling Party, of any other prior or subsequent breach of this Stipulation.

56.     This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Settling Parties concerning the Settlement as against the Defendants, and no representation, warranty, or inducement has been made by any Settling Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

57.     Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

58.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

59.     All designations and agreements made, or orders entered during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation.

60.     This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.  Signatures sent by facsimile or via e-mail in pdf format shall be deemed originals.

61.     This Stipulation shall be binding when signed, but the Settlement shall be effective upon the entry of the Judgment or Alternative Judgment and the payment in full of the Settlement Amount, subject only to the condition that the Effective Date will have occurred.

62.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

63.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate the Settlement, shall be governed by the laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

64.     This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations among the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

65.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

66.     The Settling Parties and their respective counsel agree to cooperate fully with one another in promptly applying for preliminary approval by the Court of the Settlement and for the scheduling of a hearing for consideration of Final approval of the Settlement and Lead Counsel's Fee and Expense Application, and to agree promptly upon and execute all such other documentation as reasonably may be required to obtain Final approval by the Court of the Settlement.

67.    If any disputes arise out of the finalization of the Settlement documentation or the Settlement itself prior to joint submission to the Court of the application for preliminary approval of the Settlement, as set forth in ¶36 above, those disputes (after good faith attempts at resolution between the Settling Parties) will be submitted to the Mediator for expedited mediation.

68.    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, the Settling Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, drafts, and proceedings in connection with negotiating the Stipulation confidential, unless disclosure is compelled by the Court or required under applicable laws, rules, or regulations.  Notwithstanding the foregoing, the Settling Parties agree that this fully executed Stipulation may be filed publicly via ECF as part of any motion for preliminary approval of the Settlement.

69.    The Settling Parties further understand and agree that Settling Defendants deny all of the Settlement Class and Lead Plaintiffs' claims and material allegations asserted in this proceeding; and that the Settling Parties shall, in good faith, communicate the terms of the Settlement in a manner that is consistent with the fact that no adjudication of fault was made by any court or jury.

70.    Except as otherwise provided herein, each Settling Party shall bear its own costs and legal fees.

**IN WITNESS WHEREOF**, the Settling Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of August 14, 2025.

**LABATON KELLER SUCHAROW LLP**

LAUREN A. ORMSBEE
LISA M. STREJLAU
CHARLES J. STIENE
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700

41

Facsimile: (212) 818-0477
lormsbee@labaton.com
lstrejlau@labaton.com
cstiene@labaton.com

*Counsel for Lead Plaintiffs Boston
Retirement System, Central Pennsylvania
Teamsters Pension Fund-Defined Benefit
Plan, and Central Pennsylvania Teamsters
Pension Fund-Retirement Income Plan
1987, and Lead Counsel for the Proposed
Class*

**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**

_____

MICHAEL E. SWARTZ (*pro hac vice*)
295 5th Avenue, 9th Floor
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
michaelswartz@quinnemanuel.com

HARRY A. OLIVAR, JR.
VALERIE RODDY
ROBERT M. GARSSON
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
harryolivar@quinnemanuel.com
valerieroddy@quinnemanuel.com
robgarsson@quinnemanuel.com

*Counsel for Defendants Masimo
Corporation, Micah Young, Bilal Muhsin,
and Eli Kammerman*

STIPULATION AND AGREEMENT OF SETTLEMENT
Case No.: 3:23-cv-01546-L-DEB

# Exhibit A

1

2

3

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

4

5

6

7

8

9

10

11

12

13

| | |
|---|---|
| SERGIO VAZQUEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>MASIMO CORPORATION, JOSEPH KIANI, MICAH YOUNG, BILAL MUHSIN, and ELI KAMMERMAN<br><br>                    Defendants. | Case No.: 3:23-cv-01546-L-DEB<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT** |

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WHEREAS:**

A.     Lead Plaintiffs Boston Retirement System, Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan, and Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan (collectively, "Lead Plaintiffs"), on behalf of themselves and the other members of the Settlement Class (defined below), on the one hand, and Masimo Corporation ("Masimo" or the "Company"), Micah Young ("Young"), Bilal Muhsin ("Muhsin"), and Eli Kammerman ("Kammerman") (collectively, "Settling Defendants" and, together with Lead Plaintiffs, the "Settling Parties"), on the other hand, entered into a Stipulation and Agreement of Settlement, dated August 14, 2025 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in Lead Plaintiffs' First Amended Complaint for Violations of the Federal Securities Laws ("Complaint"), filed on February 12, 2024, on the merits and with prejudice (the "Settlement");

B.     On August 14, 2025, Lead Plaintiffs filed a motion seeking preliminary approval of the proposed Settlement and related relief. The Court has reviewed and considered the motion, the Stipulation, and the accompanying exhibits;

C.     The Settling Parties to the Stipulation have consented to the entry of this order; and

D.     All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2025 that:**

1.     **Preliminary Approval of Settlement.** The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair,

reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing described below.  The Court finds that the Stipulation resulted from good faith, arm's length negotiations.

2.    **Certification of the Settlement Class for Purposes of Settlement.** Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of the Settlement only, the Settlement Class of: all persons and entities who or that purchased or acquired the publicly traded common stock of Masimo during the period from May 4, 2022 through August 8, 2023, both dates inclusive (the "Class Period"), and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Families, or any individual trust or family trust, of any Defendant who is an individual; (iii) any person who was an officer, director, or control person of Masimo during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest and/or beneficial interest; (v) parents, affiliates, as defined by 17 C.F.R. § 240.12b-2, or subsidiaries of Masimo; and (vi) the legal representatives, heirs, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such. Also excluded from the Settlement Class are any persons or entities who or that exclude themselves by submitting a timely and valid request for exclusion in accordance with the requirements set forth below and in the Notice. For the avoidance of doubt and notwithstanding anything herein to the contrary, no shareholder that directly owns less than 10% of Masimo stock shall be deemed an "affiliate" for purposes of the Settlement Class.

3.    The Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(i)     the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(ii)    there are questions of law and fact common to the Settlement Class Members;

(iii)   the claims of Lead Plaintiffs are typical of the Settlement Class's claims;

(iv)    Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(v)     the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(vi)    a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Boston Retirement System, Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan, and Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan are preliminarily certified as Class Representatives for the Settlement Class.  The law firm of Labaton Keller Sucharow LLP is preliminarily appointed Class Counsel for the Settlement Class, and Hagens Berman Sobol Shapiro LLP as Liaison Counsel for the Settlement Class.

5.     **Settlement Hearing.** A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before

the Court, either in person or remotely at the Court's discretion, at the United States District Court, United States District Court for the Southern District of California, Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, CA 92101 on _____, 2025, at __:____ _.m. (Pacific Time) for the following purposes:

(i)   to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(ii)   to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Plaintiffs' Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(iii)   to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiffs should be finally certified as Class Representatives for the Settlement Class; and whether the law firm of Labaton Keller Sucharow LLP should be finally appointed as Class Counsel and Hagens Berman Sobol Shapiro LLP as Liaison Counsel for the Settlement Class;

(iv)   to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(v)   to consider Lead Counsel's application for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Lead Plaintiffs for reimbursement of their reasonable costs and expenses directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(vi)   to rule upon such other matters as the Court may deem appropriate.

6.   The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind. The Court further reserves the right to enter the Judgment approving the Settlement

regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further individual notice to members of the Settlement Class. Any such changes shall be posted on the website of the Claims Administrator.

7.      **Approval of Form and Manner of Giving Notice.** The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice"), the Proof of Claim and Release form ("Claim Form"), the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses ("Summary Notice"), and the Postcard Notice, substantially in the forms annexed hereto as Exhibits 1 through 4, respectively, and finds they collectively: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the Due Process Clause of the United States Constitution, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and the Rules of this Court.

8.      **Retention of Claims Administrator and Notice Date.** The Court approves the retention of A.B. Data, Ltd. as the Claims Administrator. The Claims Administrator shall cause the Postcard Notice, substantially in the form annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort. The Claims Administrator may

also email the Postcard Notice (or Notice) or a link to the Postcard Notice (or Notice) to Settlement Class Members, to the extent it is provided with email addresses. Masimo, to the extent it has not already done so, shall use its best efforts to obtain and provide to Lead Counsel, or the Claims Administrator, at no cost to Lead Counsel, the Settlement Class, or the Claims Administrator, within seven (7) calendar days of entry of this Preliminary Approval Order, its transfer agent's lists of the names/addresses/emails of Masimo common stock purchasers of record during the Class Period, in electronic searchable form, such as Excel, to the extent reasonably available.

9.     Lead Plaintiffs shall cause the Claims Administrator to use reasonable efforts to provide notice of the Settlement to all Settlement Class Members who can be identified with reasonable effort, including by providing notice to nominees such as custodians, brokerage firms and other persons and entities that purchased Masimo publicly traded common stock during the Class Period as record owners but not as beneficial owners.  Lead Plaintiffs shall further cause the Claims Administrator to request that such nominees, and such nominees shall, EITHER: (a) WITHIN TEN (10) CALENDAR DAYS of receipt of the Postcard Notice or Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Postcard Notice promptly to such identified beneficial owners; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the Postcard Notice or Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners, and WITHIN TEN (10) CALENDAR DAYS of receipt of those Postcard Notices from the Claims Administrator, forward them to all such beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. Nominees who elect to send the Postcard Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that

the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.

10.   Upon FULL AND TIMELY compliance with these directions, such nominees may seek reimbursement of their reasonable expenses incurred in providing notice to beneficial owners of up to: $0.05 per Postcard Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for notices mailed by nominees; or $0.05 per mailing record provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with this order shall be paid from the Settlement Fund, and any unresolved disputes regarding reimbursement of such expenses shall be subject to review by the Court.

11.   Contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Postcard Notice, long-form Notice, and Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Postcard Notice and long-form Notice and Claim Form can be downloaded.

12.   Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Postcard Notice.

13.   **Approval of Summary Notice.** The Court approves the form of the Summary Notice and directs that Lead Counsel shall cause the Summary Notice to be published in *The Wall Street Journal* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

14.   The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-

4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

15.    **Claims Process.** To be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(i)    A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address stated, postmarked no later than seven (7) calendar days before the Settlement Hearing. Such deadline may be further extended by Court order or by Lead Counsel in its discretion. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Claim Form. Any Settlement Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by Lead Counsel, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 17 of this order.

(ii)    The Claim Form submitted by each Claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such

other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of her current authority to act on behalf of the Claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury. Claimants bear the burden of establishing their right to a recovery from the Net Settlement Fund.

(iii)   As part of the Claim Form, each Claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

16.   Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

17.   **Exclusion from Settlement Class.** Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Such request for exclusion must state the name, address, telephone number, and email address (if any) of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *Vazquez v. Masimo Corporation, et al.,* No. 3:23-cv-010546-L-DEB (S.D. Cal.)" and must be signed by such Person. Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares for each purchase and sale (if any) of Masimo

Corporation publicly traded common stock during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

18. Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund.

19. **Objections to the Settlement.** Any Settlement Class Member who does not request exclusion from the Settlement Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and expenses. Any objections must state: (a) the name, address, telephone number, and email address (if any) of the objector and must be signed by the objector; (b) that the objector is objecting to the proposed Settlement, Plan of Allocation, or application for attorneys' fees and Litigation Expenses in "*Vazquez v. Masimo Corporation, et al.,* No. 3:23-cv-010546-L-DEB, (S.D. Cal.);" (c) the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support, and witnesses, the Settlement Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove the objector's membership in the Settlement Class, such as the date(s), price(s), and number(s) of shares of Masimo Corporation publicly traded common stock purchased and sold (if any) during the Class Period. Objectors who are represented by counsel must also provide the name, address and telephone number of all counsel, if any, who represent them; the number of times the objector and their counsel have filed an objection to a class action settlement in the last five years; the nature of each such objection in each case; and the name and docket number of each case.

20. The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys'

1  fees or expenses only if such Settlement Class Member has served by hand or by mail
2  his, her or its written objection and supporting papers, such that they are received on
3  or before twenty-one (21) calendar days before the Settlement Hearing, upon Lead
4  Counsel: Lauren A. Ormsbee, Labaton Keller Sucharow LLP, 140 Broadway, New
5  York, NY 10005; and Settling Defendants' Counsel: Michael E. Swartz, Quinn
6  Emanuel Urquhart & Sullivan, LLP, 295 5th Avenue, 9th Floor, New York, NY 10016,
7  and has filed, either by mail or in person, said objections and supporting papers with
8  the Clerk of the Court, United States District Court for the Southern District of
9  California, Edward J. Schwartz United States Courthouse, 221 West Broadway, San
10  Diego, CA 92101.

11      21.    Attendance at the Settlement Hearing is not necessary, however, Persons
12  wishing to be heard orally in opposition to the approval of the Settlement, the Plan of
13  Allocation, and/or the application for an award of attorneys' fees and expenses are
14  required to state in their written objection their intention to appear at the hearing.
15  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the
16  application for an award of attorneys' fees and expenses and desire to present evidence
17  at the Settlement Hearing must include in their written objections the identity of any
18  witnesses they may call to testify and exhibits they intend to introduce into evidence at
19  the Settlement Hearing.

20      22.    Settlement Class Members do not need to appear at the hearing or take
21  any other action to state their approval.

22      23.    Any Settlement Class Member who does not make his, her, or its objection
23  in the manner provided for in the Notice shall be deemed to have waived such objection
24  and shall forever be foreclosed from making any objection to any aspect of the
25  Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses,
26  unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment
27  to be entered and the releases to be given.

28

24.      Until otherwise ordered by the Court, the Court stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement.  Pending final determination of whether the Settlement should be approved, Lead Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Plaintiffs' Claims against the Released Defendant Parties.

25.      **Supporting Papers.** All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

26.      **Settlement Fund.** All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

27.      Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation nor any application for attorney's fees or Litigation Expenses submitted by Lead Counsel or Lead Plaintiffs.

28.      **Termination of Settlement.** If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Settling Parties, and

the Settling Parties shall be deemed to have reverted to their respective litigation positions in the Action as of June 26, 2025.

29.     **Use of this Order.** Neither this Order, the Term Sheet, the Stipulation (whether or not finally approved or consummated), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiffs, or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties; (b) shall be offered against any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind or in any way referred to for any other reason as against any of the Released Plaintiff Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; and (d) shall be construed against the Released Plaintiff Parties that any of their claims are without merit, that any of Released Defendant Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

14

30.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

SO ORDERED this _____ day of _____ 2025.


_____
THE HONORABLE M. JAMES LORENZ
UNITED STATES DISTRICT JUDGE

# Exhibit A-1

Lauren A. Ormsbee (*pro hac vice*)
Lisa M. Strejlau (*pro hac vice*)
David M. Saldamando (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Fax: (212) 818-0477
lormsbee@labaton.com
lstrejlau@labaton.com
dsaldamando@labaton.com

*Attorneys for Lead Plaintiffs
and Lead Counsel for the Proposed Class*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO VAZQUEZ, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MASIMO CORPORATION, JOSEPH KIANI, MICAH YOUNG, BILAL MUHSIN, and ELI KAMMERMAN <br><br> Defendants. | Case No.: 3:23-cv-01546-L-DEB |

## NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

**If you purchased or acquired the publicly traded common stock of Masimo Corporation during the period from May 4, 2022 through August 8, 2023, both dates inclusive (the "Class Period"), and were allegedly damaged thereby, you may be entitled to a payment from a class action settlement.[1]**

---

[1] The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated August ___, 2025 (the "Stipulation"), which can be viewed at www._____.com.

11716-00003/17232160.2

***A Federal Court authorized this Notice. This is <u>not</u> a solicitation from a lawyer.***

- This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement of this securities class action, wish to object, or wish to be excluded from the Settlement Class.

- If approved by the Court, the proposed Settlement will create a $33,750,000 fund, plus earned interest, for the benefit of eligible Settlement Class Members after the deduction of Court-approved attorneys' fees, expenses, and Taxes. This is an average recovery of approximately $1.30 per allegedly damaged share before deductions for awarded attorneys' fees and Litigation Expenses, and approximately $0.96 per allegedly damaged share after deductions for awarded attorneys' fees and Litigation Expenses.

- The Settlement resolves claims by Court-appointed Lead Plaintiffs Boston Retirement System, Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan, and Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan (collectively, "Lead Plaintiffs"), that have been asserted on behalf of the Settlement Class (defined below) against Masimo Corporation ("Masimo" or the "Company"), Micah Young ("Young"), Bilal Muhsin ("Muhsin"), and Eli Kammerman ("Kammerman") (collectively, "Settling Defendants") and Defendant Joseph Kiani. The Settlement avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability.

**If you are a Settlement Class Member, the Settlement will affect your legal rights whether you act or do not act. Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2025** | The <u>only</u> way to get a payment. *See* Question 8 for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY _____, 2025** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Settling Defendants and/or the other Released Defendant Parties concerning the Released Plaintiffs' Claims. *See* Question 10 for details. |

---

All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

2

| OBJECT BY _____, 2025 | Write to the Court about why you do not like the Settlement, the Plan of Allocation for distributing the proceeds of the Settlement, and/or Lead Counsel's Fee and Expense Application. If you object, you will still be in the Settlement Class. *See* Question 14 for details. |
|---|---|
| **PARTICIPATE IN A HEARING ON _____, 2025 AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2025** | Ask to speak in Court at the Settlement Hearing about the fairness of the Settlement and other requested relief. *See* Questions 16 and 18 for details. |
| **DO NOTHING** | Get no payment. Give up all legal rights relating to the claims at issue. Still be bound by the terms of the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained below.

- The Court in charge of this case still has to decide whether to approve the proposed Settlement. Payments will be made to all eligible Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.

## WHAT THIS NOTICE CONTAINS

PSLRA Summary of the Notice ........................................................... Page ___
Why did I get the Postcard Notice? .................................................... Page ___
How do I know if I am part of the Settlement Class? ............................ Page ___
Are there exceptions to being included? .............................................. Page ___
Why is this a class action? ................................................................... Page ___
What is this case about and what has happened so far? ......................... Page ___
What are the reasons for the Settlement? ............................................. Page ___
What does the Settlement provide? ...................................................... Page ___
How can I receive a payment? ............................................................. Page ___
What am I giving up to receive a payment and by staying in the
   Settlement Class? ........................................................................... Page ___
How do I exclude myself from the Settlement Class? .......................... Page ___
If I do not exclude myself, can I sue Defendants and the other
   Released Defendant Parties for the same reasons later? ................... Page ___

3

Do I have a lawyer in this case?                                                    Page __

How will the lawyers be paid?                                                       Page __

How do I tell the Court that I do not like something about the
  proposed Settlement?                                                             Page __

What is the difference between objecting and seeking exclusion?                     Page __

When and where will the Court decide whether to approve the
  Settlement?                                                                      Page __

Do I have to come to the Settlement Hearing?                                        Page __

May I speak at the Settlement Hearing?                                              Page __

What happens if I do nothing at all?                                               Page __

Are there more details about the Settlement?                                        Page __

How will my claim be calculated?                                                    Page __

Special notice to securities brokers and nominees.                                  Page __

## PSLRA SUMMARY OF THE NOTICE

### Statement of the Settlement Class's Recovery

1.    Lead Plaintiffs have entered into the proposed Settlement with the Settling Defendants which, if approved by the Court, will resolve the Action in its entirety. Subject to Court approval, Lead Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a payment of $33,750,000 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund"). Based on Lead Plaintiffs' consulting damages expert's estimate of the number of shares of Masimo publicly traded common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, Litigation Expenses, Taxes, and Notice and Administration Expenses, would be approximately $1.30 per allegedly damaged share. If the Court approves Lead Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately $0.96 per allegedly damaged share. **These average recovery amounts are only estimates and Settlement Class Members may**

4

**recover more or less than these estimates.** A Settlement Class Member's actual recovery will depend on, for example: (i) the number and value of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when and how many shares of Masimo publicly traded common stock the Settlement Class Member purchased; and (iv) whether and when the Settlement Class Member sold Masimo publicly traded common stock. *See* the Plan of Allocation beginning on page [___] for information about the calculation of your Recognized Claim.

### Statement of Potential Outcome of Case if the Action Continued to Be Litigated

2.    The Settling Parties disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Lead Plaintiffs were to prevail on each claim. The issues on which the Settling Parties disagree include, for example: (i) whether Settling Defendants made any statements or omissions that were materially misleading or were otherwise actionable under the federal securities laws; (ii) whether any such statements or omissions were made with the requisite level of intent; (iii) the amount by which the prices of Masimo publicly traded common stock was allegedly artificially inflated, if at all, during the Class Period; and (iv) the extent to which factors such as general market, economic and industry conditions influenced the trading prices of Masimo publicly traded common stock at various times.

3.    Settling Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiffs and the Settlement Class have suffered any loss attributable to Settling Defendants' actions or omissions.

5

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND
MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO.: 3:23-CV-01546-L-DEB

**Statement of Attorneys' Fees and Expenses Sought**

4.       Lead Counsel, on behalf of Plaintiffs' Counsel,[2] will apply to the Court for attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund, which includes any accrued interest, or $8,437,500, plus accrued interest. Lead Counsel will also apply for payment of Litigation Expenses incurred in prosecuting the Action in an amount not to exceed $400,000, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs publicly traded and expenses (including lost wages) of Lead Plaintiffs directly related to their representation of the Settlement Class. If the Court approves Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses is estimated to be approximately $0.34 per allegedly damaged share of Masimo common stock. A copy of the Fee and Expense Application will be posted on www. _____ after it has been filed with the Court.

**Reasons for the Settlement**

5.       For Lead Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class.  This benefit must be compared to, among other factors, the uncertainty of being able to prove the allegations in the Complaint and certify a litigation class; the difficulties and delays inherent in completing discovery; the risk that the Court may grant some or all of the anticipated summary judgment motions to be filed by Settling Defendants; the risks of litigation, especially in complex securities actions like this; as well as the difficulties and delays inherent in such litigation (including any trial and appeals). For Settling Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that

---

[2] "Plaintiffs' Counsel" are Labaton Keller Sucharow LLP and Hagens Berman Sobol Shapiro LLP.

6

Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Representatives**

6.     Lead Plaintiffs and the Settlement Class are represented by Lead Counsel, Lauren A. Ormsbee, Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com.

7.     Further information regarding this Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: *Masimo Securities Settlement*, c/o _____, P.O. Box ___, ___, __ __, (XXX) XXX-XXXX, www._____.com.

**Please Do Not Call the Court with Questions About the Settlement.**

**BASIC INFORMATION**

| **1. Why did I get the Postcard Notice?** |
| --- |

8.     You may have received a Postcard Notice about the proposed Settlement. This long-form Notice provides additional information about the Settlement and related procedures. The Court authorized that the Postcard Notice be sent to you because you or someone in your family may have purchased or acquired Masimo publicly traded common stock during the Class Period. **Receipt of the Postcard Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment. The parties to the Action do not have access to your individual investment information. If you wish to be eligible for a payment, you are required to submit the Claim Form that is available at www._____.com.** *See* **Question 8 below.**

9.     The Court directed that the Postcard Notice be sent to Settlement Class Members because they have a right to know about the proposed Settlement of this

7

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND
MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO.: 3:23-CV-01546-L-DEB

class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

10. The Court in charge of the Action is the United States District Court for the Southern District of California, and the case is known as *Vazquez v. Masimo Corporation, et al.,* No. 3:23-cv-010546-L-DEB (S.D. Cal.). The Action is assigned to the Honorable M. James Lorenz, United States District Judge.

| **2. How do I know if I am part of the Settlement Class?** |
|---|

11. The Court directed that everyone who fits the following description is a Settlement Class Member and subject to the Settlement, unless they are an excluded person (see Question 3 below) or take steps to exclude themselves from the Settlement Class (*see* Question 10 below):

> **All persons and entities who or which purchased or acquired the publicly traded common stock of Masimo during the period from May 4, 2022 through August 8, 2023, both dates inclusive, and were allegedly damaged thereby.**

12. If one of your mutual funds purchased Masimo publicly traded common stock during the Class Period, that does not make you a Settlement Class Member, although your mutual fund may be. You are a Settlement Class Member only if you individually purchased Masimo publicly traded common stock during the Class Period. Check your investment records or contact your broker to see if you have any eligible purchases or acquisitions. **The parties to the Action do not independently have access to your trading information.**

| **3. Are there exceptions to being included?** |
|---|

13. Yes. There are some individuals and entities who are excluded from the Settlement Class by definition. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Families, or any individual trust or family trust, of any Defendant who is an individual; (iii) any person who was an officer,

8

director, or control person of Masimo during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest and/or beneficial interest; (v) parents, affiliates, as defined by 17 C.F.R. § 240.12b-2, or subsidiaries of Masimo; and (vi) the legal representatives, heirs, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such. For the avoidance of doubt and notwithstanding anything herein to the contrary, no shareholder that directly owns less than 10% of Masimo stock shall be deemed an "affiliate" for purposes of the Settlement Class. Also excluded from the Settlement Class are any persons or entities who timely and validly seek exclusion from the Settlement Class in accordance with the procedures described in Question 10 below.

### 4.  Why is this a class action?

14.    In a class action, one or more persons or entities (in this case, Lead Plaintiffs) sue on behalf of people and entities who have similar claims.  Together, these people and entities are a "class," and each is a "class member."  A class action allows one court to resolve, in a single case, many similar claims that, if brought separately by individual people, might be too small economically to litigate.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.  In this Action, the Court has appointed Boston Retirement System, Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan, and Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan as Lead Plaintiffs and Labaton Sucharow LLP (n/k/a Labaton Keller Sucharow LLP) to serve as Lead Counsel.

### 5.  What is this case about and what has happened so far?

15.    Masimo is a medical technology company that is divided into two business segments: traditional healthcare and non-healthcare (Sound United). The Action is based on allegations that Defendants' made false and misleading statements

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND
MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO.: 3:23-CV-01546-L-DEB

and omissions about Masimo's healthcare business, Masimo's acquisition of Sound United and the integration of the Sound United business.

16.    By Order dated November 14, 2023, and pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Court: (i) appointed Boston Retirement System, Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan, and Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987 as Lead Plaintiffs; (ii) approved Labaton Sucharow LLP (n/k/a Labaton Keller Sucharow LLP) ("Labaton") as Lead Counsel; and (iii) approved Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Liaison Counsel.

17.    On February 12, 2024, Lead Plaintiffs filed Lead Plaintiffs' First Amended Complaint for Violations of the Federal Securities Laws ("Complaint") asserting claims under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against the Settling Defendants and defendant Kiani, and asserting claims against Kiani, Young, Muhsin, and Kammerman under Section 20(a) of the Exchange Act. In particular, the Complaint alleges that, during the Class Period of May 4, 2022 through August 8, 2023, inclusive, Defendants made false and misleading statements and omissions related to Masimo's acquisition and integration of consumer audio firm, Sound United. The Complaint also alleged false and misleading statements regarding Masimo's traditional healthcare unit—specifically that Defendants failed to disclose: (i) that Masimo misled the market about its healthcare division's inability to introduce new products into the market that would support Defendants' revenue forecasts; and (ii) the offering of large discounts to customers to take additional product before quarter end, which led to excess inventories of single-use sensors, which were a key growth driver for the Company.

18.    On April 29, 2024, Defendants filed a motion to dismiss the Complaint and on June 27, 2024, Lead Plaintiffs filed their memorandum of law in opposition

10

to the motion to dismiss. On July 26, 2024, Defendants filed their reply brief in support of the motion to dismiss.

19.    On November 5, 2024, the Court entered its Opinion and Order granting in part and denying in part Defendants' motion to dismiss the Complaint. In its Order, the Court sustained two categories of alleged misstatements regarding Masimo's alleged misstatements about the Sound United integration and alleged improper use of "plugs" and other account manipulations to allegedly fraudulently balance Sound United's (and, as a result, Masimo's) books. The Court dismissed several categories of alleged misstatements regarding: (i) claims based on allegations that Defendants misrepresented Masimo's past financial performance, including that Masimo offered large customer discounts to take additional product before quarter end, which led to excess inventories; (ii) claims based on alleged misrepresentations of Masimo's internal controls; and (iii) claims based on statements made by Defendants Kiani, Muhsin, and Kammerman, as the Court found Plaintiffs failed to adequately plead scienter as to those defendants. As a result of the Opinion and Order, the Section 10(b) claims against Kiani, Muhsin, and Kammerman were dismissed, with the Section 10(b) claims against Masimo and Young remaining. The Section 20(a) claims against Kiani, Young, Muhsin, and Kammerman also remained. In addition, the Court granted Lead Plaintiffs leave to amend the Complaint.

20.    On December 3, 2024, Lead Plaintiffs filed notice to the Court informing the Court that Lead Plaintiffs did not intend to amend the Complaint but reserved the right to seek to amend the Complaint for good cause in the future if warranted.

21.    On January 21, 2025, the Settling Defendants filed their Answer to the Complaint. Kiani filed his own Answer and discovery commenced.

22.    Lead Plaintiffs and Defendants engaged in formal discovery efforts, which began in March 2025 when Lead Plaintiffs and Defendants exchanged initial

disclosures and served requests for production of documents and interrogatories on each other, as well as subpoenas on third parties. Lead Plaintiffs and Defendants responded to each other's discovery demands. The parties engaged in numerous meet and confer conferences regarding the scope of discovery and began document productions as those negotiations continued. By the end of May 2025, Defendants had produced over 16,000 pages of documents and Lead Plaintiffs were in the process of responding to Defendants' requests for production. Confidential witnesses cited in the Complaint provided almost 900 documents (totaling approximately 13,000 pages), and third-parties later produced over 5,500 pages of documents. Lead Plaintiffs reviewed these documents, totaling approximately 74,500 pages, including the approximately 40,000 pages of documents from ongoing, related litigations involving Defendants Masimo and Kiani. Fact discovery was ongoing when the Settling Parties agreed to settle.

23.    In December 2024, Lead Plaintiffs and Defendants first began exploring the possibility of a negotiated resolution. Discussions regarding a potential mediation resumed in January and February 2025 and Lead Plaintiffs and Defendants agreed to schedule a mediation session in Spring 2025. Ultimately, Lead Plaintiffs and Defendants agreed to participate in a mediation by May 28, 2025 and retained David Murphy of Phillips ADR Services to act as the mediator in the case (the "Mediator"). The parties agreed that Defendants would expedite targeted discovery in advance of the mediation.

24.    On May 28, 2025, Lead Counsel and counsel for Defendants, among others, participated in a full-day, in-person mediation session before the Mediator. In advance of that session, Lead Plaintiffs and Defendants submitted detailed opening and reply mediation statements to the Mediator, together with numerous supporting exhibits, which addressed both liability and damages issues. Lead Plaintiffs and Defendants weighed the risks and benefits of settlement during the May 28, 2025

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND
MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO.: 3:23-CV-01546-L-DEB

mediation session and in discussions with the Mediator thereafter. The session ended without any agreement being reached. Lead Plaintiffs and Defendants continued discussions with the Mediator following the mediation to further explore the possibility of a settlement.

25.    On June 16, 2025, following additional discussions, the Mediator issued a mediator's recommendation to resolve all claims in the Action for $33,750,000, which the Settling Parties accepted. The Settling Parties' acceptance of the Mediator's recommendation took into account, among other things, each of their respective views on Lead Plaintiffs' claims and the parties' defenses, inclusive of Lead Plaintiffs' position that they would seek to amend their Complaint to reassert claims and theories that were dismissed pursuant to the Court's November 5, 2024 Opinion and Order, including claims that Defendants made false and misleading statements regarding the offering of large customer discounts to take additional product before quarter end, which allegedly led to customers holding excess inventories.

26.    The Settling Parties' agreement in principle was subsequently memorialized in a confidential term sheet dated as of July 24, 2025 (the "Term Sheet"), and the Stipulation was executed on _____ ___, 2025.

### 6.  What are the reasons for the Settlement?

27.    The Court did not finally decide in favor of Lead Plaintiffs or Settling Defendants. Instead, both sides agreed to a settlement. Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit. They recognize, however, the expense and length of continued proceedings needed to pursue the claims through trial and appeals, as well as the difficulties in establishing liability and damages. Assuming the claims proceeded to trial, the parties would present factual and expert testimony on each of the disputed issues, and there is risk that the Court or jury would resolve these issues unfavorably against Lead Plaintiffs and the class. In

13

light of the Settlement and the guaranteed cash recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

28.     Settling Defendants have denied and continue to deny each and every one of the claims alleged by Lead Plaintiffs in the Action, including all claims in the Complaint, and specifically deny that they have committed any act or omission giving rise to any liability or violation of law. Settling Defendants deny that any member of the Settlement Class has suffered damages or that the prices of Masimo publicly traded common stock were artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise. Nonetheless, Settling Defendants have concluded that continuation of the Action would be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action.

## THE SETTLEMENT BENEFITS

### 7.  What does the Settlement provide?

29.     In exchange for the Settlement and the release of the Released Plaintiffs' Claims against the Released Defendant Parties (*see* Question 9 below), Masimo has agreed to cause a $33,750,000 payment to be made, which, along with any interest earned, will be distributed, after deduction of Court-awarded attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to Settlement Class Members who submit valid and timely Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund.

### 8.  How can I receive a payment?

30.     To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form. A Claim Form may be obtained from the websites www.____.com and www.labaton.com or you can submit a claim online at

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND
MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO.: 3:23-CV-01546-L-DEB

www.\_\_\_\_.com. You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (\_\_\_) \_\_\_-\_\_\_\_.

31.    Please read the instructions contained in the Claim Form carefully, fill out the form, include all the documents the form requests, sign it, and mail or submit it online to the Claims Administrator so that it is **postmarked or received no later than _____, 2025.**

> **9.  What am I giving up to receive a payment and by staying in the Settlement Class?**

32.    If you are a Settlement Class Member and do not timely and validly exclude yourself from the Settlement Class, you will remain in the Settlement Class and that means that, upon the Effective Date of the Settlement, you will release all Released Plaintiffs' Claims against the Released Defendant Parties. All of the Court's orders about the Settlement, whether favorable or unfavorable, will apply to you and legally bind you.

(a)    **"Released Plaintiffs' Claims"** means any and all claims and causes of action of every nature and description, whether known or Unknown Claims (as defined herein), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member of the Settlement Class: (a) asserted in the Action or (b) could have asserted in the Action, or in any forum, that in any way arise out of (directly or indirectly) or are based upon both: (1) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to (or that could have been involved, set forth, or referred to concerning the predicate allegations, transactions, facts, matters or occurrences, representations or omissions of the claims) in the complaints filed in the Action, and (2) the purchase, acquisition, or sale of Masimo publicly traded common stock during the Class Period.  For the avoidance of

15

doubt, Released Plaintiffs' Claims shall not include: (i) claims to enforce the Settlement; (ii) claims in any shareholder derivative action, including *In re Masimo Corporation Stockholder Derivative Litigation*, Lead Case No. 3:24-cv-00781-L-DEB (S.D. Cal.) and any actions consolidated therewith; and (iii) claims arising from any regulatory or governmental investigation or proceeding.

(b)    **"Released Defendant Parties"** means Defendants and each of their respective former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities, affiliates, present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, general or limited partners or partnerships, limited liability companies, members, joint ventures, insurers and reinsurers of each of them, predecessors, successors, estates, Immediate Family Members, heirs, executors, trustees, administrators, legal representatives, and assigns of each of them, in their capacities as such; and the predecessors, successors, estates, Immediate Family Members, heirs, executors, trustees, administrators, agents, legal representatives, and assigns of each of them, in their capacities as such, as well as any trust of which any Released Defendant Party is the settlor or which is for the benefit of any of their Immediate Family Members.

(c)    "**Unknown Claims**" means any and all Released Plaintiffs' Claims that Lead Plaintiffs or any other Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Settling Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.

16

With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Settling Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs, other Settlement Class Members, or Settling Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the Action, the Released Plaintiffs' Claims or the Released Defendants' Claims, but Lead Plaintiffs and Settling Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiffs and Settling Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the

17

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND
MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO.: 3:23-CV-01546-L-DEB

definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

(d)    The "**Effective Date**" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal.

33.    Upon the Effective Date, Settling Defendants will also provide a release of any claims against Lead Plaintiffs, the Settlement Class, and Plaintiffs' Counsel in accordance with the terms of the Stipulation.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

34.    If you want to keep any right you may have to sue or continue to sue Settling Defendants and the other Released Defendant Parties on your own concerning the Released Plaintiffs' Claims, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out." **Please note: If you decide to exclude yourself from the Settlement Class, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed, including because the suit is not filed within the applicable time periods required for filing suit.** Settling Defendants have the option to terminate the Settlement if a certain amount of Settlement Class Members request exclusion.

| **10.  How do I exclude myself from the Settlement Class?** |
| --- |

35.    To exclude yourself from the Settlement Class, you must mail a signed letter stating that you request to be "excluded from the Settlement Class in *Vazquez v. Masimo Corporation, et al.,* No. 3:23-cv-010546-L-DEB (S.D. Cal.)." You cannot exclude yourself by telephone or email. Each request for exclusion must also: (i) state the name, address, telephone number, and email address (if any) of the Person seeking exclusion; (ii) state the date(s), price(s), and number(s) of shares of all purchases and sales of Masimo publicly traded common stock during the Class Period; and (iii) be signed by the Person requesting exclusion. A request for exclusion must be mailed so that it is **received no later than _____, 2025** at:

18

*Masimo Securities Settlement*
c/o _____
P.O. Box ____
__, __ ____

36.     This information is needed to determine whether you are a member of the Settlement Class. Your exclusion request must comply with these requirements in order to be valid.

37.     If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because you will not be a Settlement Class Member and the Settlement will not affect you. If you submit a timely and valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Settling Defendants and the other Released Defendant Parties in the future.

---

**11.  If I do not exclude myself, can I sue Settling Defendants and the other Released Defendant Parties for the same reasons later?**

---

38.     No. Unless you properly exclude yourself, you will give up any rights to sue Settling Defendants and the other Released Defendant Parties for any and all Released Plaintiffs' Claims. If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**. You must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is _____, **2025.**

### THE LAWYERS REPRESENTING YOU

---

**12.  Do I have a lawyer in this case?**

---

39.     Labaton Keller Sucharow LLP is Lead Counsel in the Action and represents all Settlement Class Members. You will not be separately charged for these lawyers. The Court will determine the amount of attorneys' fees and Litigation

Expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **13.  How will the lawyers be paid?** |
|---|

40.    Lead Counsel, together with the other Plaintiffs' Counsel, has been prosecuting the Action on a contingent basis and has not been paid for any of its work.  Lead Counsel, on behalf of itself and the other Plaintiffs' Counsel, will seek an attorneys' fee award of no more than 25% of the Settlement Fund, which will include accrued interest. Lead Counsel has agreed to share the awarded attorneys' fees with other Plaintiffs' Counsel. Lead Counsel will also seek payment of Litigation Expenses incurred by Plaintiffs' Counsel in the prosecution of the Action of no more than $400,000, plus accrued interest, which may include an application in accordance with the PSLRA for the reasonable costs and expenses (including lost wages) of Lead Plaintiffs directly related to their representation of the Settlement Class. As explained above, any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund.

**OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION**

| **14.  How do I tell the Court that I do not like something about the proposed Settlement?** |
|---|

41.    If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Lead Counsel's Fee and Expense Application. You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief. If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

42.    To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application

in "*Vazquez v. Masimo Corporation, et al.,* No. 3:23-cv-010546-L-DEB (S.D. Cal.)" The objection must also: (i) state the name, address, telephone number, and email address (if any) of the objector and must be signed by the objector; (ii) state the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support, and witnesses, the Settlement Class Member wishes to bring to the Court's attention; and (iii) include documents sufficient to show the objector's membership in the Settlement Class, including the number of shares of Masimo publicly traded common stock purchased and sold during the Class Period, as well as the dates  and price per share of each such purchase  and/or sale. Objectors who are represented by counsel must also provide the name, address, and telephone number of all counsel, if any, who represent them; the number of times the objector and their counsel have filed an objection to a class action settlement in the last five years; the nature of each such objection in each such case; and the name and docket number of each such case. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be unable to make any objection to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application.

43.   Your objection must be filed with the Court **no later than** _____, 2025 **and** be mailed or delivered to the following counsel so that it is **received no later than** _____, 2025:

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND
MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO.: 3:23-CV-01546-L-DEB

| **Court** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| **Clerk of the Court**<br>U.S. District Court<br>Southern District of California<br>Edward J. Schwartz<br>United States Courthouse<br>221 West Broadway<br>San Diego, CA 92101 | **Labaton Keller Sucharow LLP**<br>Lauren A. Ormsbee<br>140 Broadway<br>New York, NY 10005 | **Quinn Emanuel Urquhart & Sullivan, LLP**<br>Michael E. Swartz<br>295 5th Avenue, 9th Floor<br>New York, NY 10016 |

44.     You do not need to attend the Settlement Hearing to have your written objection considered by the Court. However, any Settlement Class Member who has complied with the procedures described in this Question 14 and below in Question 18 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court. An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

**15.  What is the difference between objecting and seeking exclusion?**

45.     Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application. You can still recover money from the Settlement. You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

## THE SETTLEMENT HEARING

**16.  When and where will the Court decide whether to approve the Settlement?**

46.     The Court will hold the Settlement Hearing on _____, **2025 at ____ _.m.** (Pacific Time) either remotely or in person, at the United States District Court for the Southern District of California, Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, CA 92101.

22

47.    At this hearing, the Honorable M. James Lorenz will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses is reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above. We do not know how long it will take the Court to make these decisions.

48.    The Court may change the date and time of the Settlement Hearing, or hold the hearing remotely, without another individual notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed, or periodically check the Settlement website at www.____.com to see if the Settlement Hearing has stayed as scheduled or has changed.

**17.  Do I have to come to the Settlement Hearing?**

49.    No. Lead Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense. If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it. You may have your own lawyer attend (at your own expense), but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than _____, 2025**.

**18.  May I speak at the Settlement Hearing?**

50.    You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must, **no later than _____ __, 2025,** submit a statement that you, or your attorney, intend to appear in "*Vazquez v. Masimo Corporation, et al.,* No. 3:23-cv-010546-L-DEB (S.D. Cal.)." If you intend to present evidence at the Settlement Hearing, you must also include in your objections (prepared and

23

submitted according to the answer to Question 14 above) the identities of any witnesses you may wish to call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing. You may not speak at the Settlement Hearing if you exclude yourself from the Settlement Class or if you have not provided written notice of your intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 18 and in Question 14 above.

## IF YOU DO NOTHING

### 19.  What happens if I do nothing at all?

51.    If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Settling Defendants and the other Released Defendant Parties concerning the Released Plaintiffs' Claims. To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above). To start, continue, or be a part of any other lawsuit against Settling Defendants and the other Released Defendant Parties concerning the Released Plaintiffs' Claims, you must exclude yourself from the Settlement Class (*see* Question 10 above).

## GETTING MORE INFORMATION

### 20.  Are there more details about the Settlement?

52.    This Notice summarizes the proposed Settlement. More details are in the Stipulation. You can get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement, by visiting the website www.____.com. You may also call the Claims Administrator toll free at (___) ___-___ or write to the Claims Administrator at *Masimo Securities Settlement,* c/o ____, P.O. Box ___, ___, ___ ___.

53.    You may also review the Stipulation filed with the Court, or other documents in the case, during business hours at the Office of the Clerk of the United

24

States District Court for the Southern District of California, Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, CA 92101, between 9:00 a.m. and 4:00 p.m. on Monday through Friday, excluding Court holidays. (Please check the Court's website, www.casd.uscourts.gov, for information about Court closures before visiting.) Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

**Please do not call the Court with questions about the Settlement.**

**PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND**

**21.  How will my claim be calculated?**

54.    As discussed above, the Settlement Amount and any interest it earns constitute the Settlement Fund. The Settlement Fund, after the deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the Net Settlement Fund. If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to Authorized Claimants – *i.e.*, members of the Settlement Class who timely submit valid Claim Forms that are accepted for payment – in accordance with the following proposed Plan of Allocation, or such other plan of allocation as the Court may approve. Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional individual notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on www._____.com and www.labaton.com.

55.    The objective of this Plan of Allocation is to distribute the Net Settlement Fund equitably among those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws

25

during the Class Period. wrongdoing. To design the Plan of Allocation, Lead Counsel conferred with Lead Plaintiffs' consulting damages expert. The Plan of Allocation, however, is not a formal damages analysis. The calculations made pursuant to the Plan of Allocation are not intended to estimate, or be indicative of, the amounts that Settlement Class Members might have been able to recover as damages after a trial. The calculations, including the Recognized Loss formulas, are also not intended to estimate the amounts that will be paid to Authorized Claimants. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund and the Recognized Claim amounts are the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants. An individual Settlement Class Member's recovery will depend on, for example: (i) the total number and value of claims submitted; (ii) when the Claimant purchased or acquired Masimo publicly traded common stock; and (iii) whether and when the Claimant sold his, her, or its Masimo publicly traded common stock. The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim."

56.    For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the securities at issue.  In this case, Lead Plaintiffs allege that Defendants issued false statements and omitted material facts during the Class Period which allegedly artificially inflated the price of Masimo common stock. It is alleged that corrective information released to the market after market close on July 17, 2023 and after market close on August 8, 2023 negatively impacted the market price of Masimo common stock on July 18, 2023 and August 9, 2023 in a statistically significant manner and removed artificial inflation from the price of Masimo common stock on those days. Accordingly, in order to have a compensable loss in

26

this Settlement, Masimo common stock must have been purchased or acquired during the Class Period and held through at least one of the alleged corrective disclosure dates listed above.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

57.    For purposes of determining whether a Claimant has a Recognized Claim, purchases, acquisitions, and sales of Masimo publicly traded common stock will first be matched on a First In/First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

58.    A "Recognized Loss Amount" will be calculated as set forth below for each purchase of Masimo publicly traded common stock during the Class Period (May 4, 2022 through and including August 8, 2023) that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number (a gain), that number shall be set to zero.

59.    For each share of Masimo publicly traded common stock purchased or otherwise acquired during the Class Period and sold before the close of trading on November 6, 2023, an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the purchase price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions). To the extent that the calculation of the Out of Pocket Loss results in a negative number (a gain), that number shall be set to zero.

60.    **For each share of Masimo publicly traded common stock purchased from May 4, 2022 through and including August 8, 2023, and:**

A. Sold before market open on July 18, 2023, the Recognized Loss Amount for each share shall be zero.

27

B. Sold after market open on July 18, 2023 through the close of trading on August 8, 2023, the Recognized Loss Amount for each share shall be ***the lesser of***:

    i.    the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below _minus_ the dollar artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below; or

    ii.    the Out of Pocket Loss.

C. Sold after market open on August 9, 2023 through the close of trading on November 6, 2023, the Recognized Loss Amount for each such share shall be ***the least of***:

    i.    the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

    ii.    the actual purchase/acquisition price of each such share _minus_ the average closing price from August 9, 2023, up to the date of sale as set forth in **Table 2** below; or

    iii.    the Out of Pocket Loss.

D. Held as of the close of trading on November 6, 2023, the Recognized Loss Amount for each such share shall be ***the lesser of***:

    i.    the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

    ii.    the actual purchase/acquisition price of each such share minus $95.50.[3]

---

[3] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Masimo common stock during the "90-day look-back period," August 9, 2023 through November 6, 2023. The mean (average) closing price for Masimo common stock during this 90-day look-back period was $95.50.

**Table 1**
**Masimo Common Stock**
**Alleged Artificial Inflation for Purposes of Calculating Purchase and Sale Inflation**

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| May 4, 2022 – July 17, 2023 | $31.22 |
| July 18, 2023 – August 8, 2023 | $1.93 |

**Table 2**
**Masimo Common Stock Closing Price and Average Closing Price**
**August 9, 2023 - November 6, 2023**

| Date | Closing Price | Average Closing Price Between August 09, 2023 and Date Shown | Date | Closing Price | Average Closing Price Between August 09, 2023 and Date Shown |
|---|---|---|---|---|---|
| 8/9/2023 | $117.96 | $117.96 | 9/25/2023 | $91.37 | $107.57 |
| 8/10/2023 | $114.15 | $116.06 | 9/26/2023 | $88.55 | $107.01 |
| 8/11/2023 | $113.62 | $115.24 | 9/27/2023 | $84.17 | $106.35 |
| 8/14/2023 | $112.84 | $114.64 | 9/28/2023 | $88.39 | $105.86 |
| 8/15/2023 | $110.79 | $113.87 | 9/29/2023 | $87.68 | $105.36 |
| 8/16/2023 | $109.00 | $113.06 | 10/2/2023 | $87.71 | $104.90 |
| 8/17/2023 | $111.22 | $112.80 | 10/3/2023 | $84.63 | $104.38 |
| 8/18/2023 | $109.68 | $112.41 | 10/4/2023 | $82.75 | $103.84 |
| 8/21/2023 | $110.20 | $112.16 | 10/5/2023 | $85.61 | $103.39 |
| 8/22/2023 | $110.51 | $112.00 | 10/6/2023 | $84.05 | $102.93 |
| 8/23/2023 | $110.54 | $111.86 | 10/9/2023 | $83.91 | $102.49 |
| 8/24/2023 | $109.08 | $111.63 | 10/10/2023 | $85.83 | $102.11 |
| 8/25/2023 | $110.75 | $111.56 | 10/11/2023 | $81.75 | $101.66 |
| 8/28/2023 | $111.77 | $111.58 | 10/12/2023 | $78.52 | $101.16 |
| 8/29/2023 | $114.62 | $111.78 | 10/13/2023 | $77.35 | $100.65 |
| 8/30/2023 | $114.45 | $111.95 | 10/16/2023 | $76.73 | $100.15 |
| 8/31/2023 | $114.28 | $112.09 | 10/17/2023 | $78.46 | $99.71 |
| 9/1/2023 | $113.59 | $112.17 | 10/18/2023 | $79.24 | $99.30 |
| 9/5/2023 | $112.88 | $112.21 | 10/19/2023 | $80.00 | $98.92 |
| 9/6/2023 | $110.36 | $112.11 | 10/20/2023 | $83.18 | $98.62 |

29

| | | | | | |
|---|---|---|---|---|---|
| 9/7/2023 | $108.44 | $111.94 | 10/23/2023 | $78.99 | $98.25 |
| 9/8/2023 | $105.37 | $111.64 | 10/24/2023 | $80.54 | $97.92 |
| 9/11/2023 | $105.10 | $111.36 | 10/25/2023 | $82.34 | $97.64 |
| 9/12/2023 | $98.47 | $110.82 | 10/26/2023 | $80.85 | $97.34 |
| 9/13/2023 | $101.31 | $110.44 | 10/27/2023 | $82.58 | $97.08 |
| 9/14/2023 | $102.35 | $110.13 | 10/30/2023 | $80.09 | $96.79 |
| 9/15/2023 | $101.12 | $109.79 | 10/31/2023 | $81.13 | $96.52 |
| 9/18/2023 | $99.81 | $109.44 | 11/1/2023 | $78.57 | $96.22 |
| 9/19/2023 | $101.76 | $109.17 | 11/2/2023 | $79.37 | $95.95 |
| 9/20/2023 | $99.87 | $108.86 | 11/3/2023 | $82.28 | $95.73 |
| 9/21/2023 | $97.03 | $108.48 | 11/6/2023 | $81.57 | $95.50 |
| 9/22/2023 | $95.41 | $108.07 | | | |

## **ADDITIONAL PROVISIONS**

61.     Purchases, acquisitions, and sales of Masimo common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or "sale" date. The receipt or grant by gift, inheritance, or operation of law of Masimo common stock during the Class Period shall not be deemed a purchase, acquisition, or sale for the calculation of a Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase or acquisition of such shares of Masimo common stock unless (i) the donor or decedent purchased or otherwise acquired such shares of Masimo common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Masimo common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

62.     In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short

sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.

63.    Masimo publicly traded common stock purchased or acquired from May 4, 2022 through August 8, 2023, both dates inclusive, is the only security eligible for a recovery under the Plan of Allocation. With respect to Masimo publicly traded common stock purchased or sold through the exercise of an option, the purchase/sale date of the Masimo common stock is the exercise date of the option, and the purchase/sale price is the exercise price of the option.

64.    An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

65.    If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

66.    The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

67.    Settlement Class Members who do not submit acceptable Claim Forms will not share in the distribution of the Net Settlement Fund, however they will

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND
MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO.: 3:23-CV-01546-L-DEB

nevertheless be bound by the Settlement and the final Judgment of the Court dismissing this Action and related claims.

68.     Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement and the Settlement has reached its Effective Date. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. These redistributions shall be repeated until the balance in the Net Settlement Fund is no longer feasible and economical to distribute. Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and any unpaid attorneys' fees and expenses, shall be contributed to the Consumer Federation of America, a non-profit, non-sectarian organization, or such other organization approved by the Court.

69.     Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Claimants. No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, their damages expert, the Claims Administrator, or other agent designated by Lead Counsel, arising from determinations or distributions to Claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Lead Plaintiffs, Settling Defendants, Settling Defendants' counsel, and all other Released Defendant Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims

1    Administrator, the payment or withholding of Taxes owed by the Settlement Fund or

2    any losses incurred in connection therewith.

3    **SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**

4    70.    If you purchased or otherwise acquired Masimo publicly traded

5    common stock from May 4, 2022 through August 8, 2023, inclusive, for the

6    beneficial interest of a person or entity other than yourself, the Court has directed

7    that **WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THE**

8    **POSTCARD NOTICE OR THIS NOTICE**, **YOU MUST EITHER**: (a) provide

9    a list of the names and addresses of all such beneficial owners to the Claims

10    Administrator and the Claims Administrator is ordered to send the Postcard Notice

11    promptly to such identified beneficial owners; or (b) request from the Claims

12    Administrator sufficient copies of the Postcard Notice to forward to all such

13    beneficial owners and **WITHIN TEN (10) CALENDAR DAYS** of receipt of those

14    Postcard Notices from the Claims Administrator, forward them to all such beneficial

15    owners. Nominees shall also provide email addresses for all such beneficial owners

16    to the Claims Administrator, to the extent they are available. Nominees who elect to

17    send the Postcard Notice to their beneficial owners SHALL ALSO send a statement

18    to the Claims Administrator confirming that the mailing was made and shall retain

19    their mailing records for use in connection with any further notices that may be

20    provided in the Action.

21    71.    Upon FULL AND TIMELY compliance with these directions, such

22    nominees may seek reimbursement of their reasonable expenses incurred in

23    providing notice to beneficial owners of up to: $0.05 per Postcard Notice, plus

24    postage at the current pre-sort rate used by the Claims Administrator, for notices

25    mailed by nominees; or $0.05 per mailing record provided to the Claims

26    Administrator, by providing the Claims Administrator with proper documentation

27    supporting the expenses for which reimbursement is sought.    Such properly

28

documented expenses incurred by nominees in compliance with the above shall be paid from the Settlement Fund, and any unresolved disputes regarding reimbursement of such expenses shall be subject to review by the Court. All communications concerning the foregoing should be addressed to the Claims Administrator:

*Masimo Securities Settlement*
c/o _____
P.O. Box _____
_____, ___ _____
(___) ___-___
www._____.com
info@_____.com

Dated: _____, 2025          BY ORDER OF THE U.S. DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

# Exhibit A-2

Lauren A. Ormsbee (*pro hac vice*)
Lisa M. Strejlau (*pro hac vice*)
David M. Saldamando (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Fax: (212) 818-0477
lormsbee@labaton.com
lstrejlau@labaton.com
dsaldamando@labaton.com

*Attorneys for Lead Plaintiffs*
*and Lead Counsel for the Proposed Class*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO VAZQUEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>v.<br><br>MASIMO CORPORATION, JOSEPH KIANI, MICAH YOUNG, BILAL MUHSIN, and ELI KAMMERMAN<br><br>                    Defendants. | Case No.: 3:23-cv-01546-L-DEB |

## PROOF OF CLAIM AND RELEASE FORM

**I.    GENERAL INSTRUCTIONS**

1.    To recover as a member of the Settlement Class based on your claims in the class action entitled *Vazquez v. Masimo Corp., et al.,* No. 3:23-cv-010546-L-DEB (S.D. Cal.) (the "Action"), you must complete and, on page _____ below, sign this Proof of Claim and Release form ("Claim Form").  If you fail to submit a timely and properly addressed (as explained in paragraph 2 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action.  Submission of this Claim Form, however, does not ensure that you will share in the proceeds of the Settlement.[1]

2.    **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW._____.COM NO LATER THAN _____, 2025 OR, IF MAILED, BE POSTMARKED NO LATER THAN _____, 2025, ADDRESSED AS FOLLOWS:**

*Masimo Securities Settlement*
c/o _____
P.O. Box ___
City/State/Zip
(___) ___-___

3.    If you are a member of the Settlement Class and you have not requested exclusion from the Settlement Class, you will be bound by and subject to the terms of all judgments and orders entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

---

[1] All capitalized terms not defined in this Claim Form have the meanings given in the Stipulation and Agreement of Settlement, dated as of August__, 2025 (the "Stipulation"), available at www._____.com.

PROOF OF CLAIM AND RELEASE FORM
CASE NO. 2:22-CV-08395-SVW(SKX)

## II.   CLAIMANT IDENTIFICATION

4.   If you purchased or acquired Masimo Corporation ("Masimo") publicly traded common stock during the period from May 4, 2022 through August 8, 2023, both dates inclusive (the "Class Period"), and held the stock in your name, you are the beneficial and record owner of the shares. If, however, the Masimo shares were purchased or acquired through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

5.   Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of Masimo publicly traded common stock that forms the basis of this claim, as well as the owner of record if different. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

6.   All joint owners must sign this claim. Executors, administrators, guardians, conservators, legal representatives, and trustees filing this claim must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.   IDENTIFICATION OF TRANSACTIONS

7.   Use **Part II** of this form entitled "Schedule of Transactions in Masimo Publicly Traded Common Stock" to supply all required details of the transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

8.   On the schedules, provide all of the requested information with respect to the purchases or acquisitions of Masimo publicly traded common stock, whether the

2

transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

9.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Masimo common stock. The date of a "short sale" is deemed to be the date of sale.

10.     Copies of broker trade confirmations or other documentation of the transactions must be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. **THE SETTLING PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN MASIMO PUBLICLY TRADED COMMON STOCK.**

11.     NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be asked, to submit information regarding their transactions in electronic files. (This is different than the online claim portal on the Settlement website.)  All such Claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies. If you wish to submit your claim electronically, you must contact the Claims Administrator at ___-___-____ to obtain the required file layout or visit www. _____.com. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## **PART I – CLAIMANT IDENTIFICATION**

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name | MI | Beneficial Owner's Last Name

Co-Beneficial Owner's First Name | MI | Co-Beneficial Owner's Last Name

Entity Name (if Claimant is not an individual)

3

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

City                                                                 State     ZIP/Postal Code

Foreign Country (only if not USA)                    Foreign County (only if not USA)

Social Security Number (last four digits only)    Taxpayer Identification Number (last four digits only)

Telephone Number (home)                    Telephone Number (work)

Email address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):

       Individual (includes joint owner accounts)       Pension Plan          Trust
       Corporation                                      Estate
       IRA/401K                                         Other _____ (please specify)

4

PROOF OF CLAIM AND RELEASE FORM
CASE NO. 3:23-CV-01546-L-DEB

## PART II:  SCHEDULE OF TRANSACTIONS IN MASIMO PUBLICLY TRADED COMMON STOCK

**1.  BEGINNING HOLDINGS-**State the total number of shares of Masimo publicly traded common stock held at the opening of trading on May 4, 2022. If none, write "0" or "Zero." (Must submit documentation.)_____

**2.  PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD**– Separately list each and every purchase and acquisition of Masimo publicly traded common stock during the period from May 4, 2022 through August 8, 2023. (Must submit documentation.)

| Date of Purchase/ Acquisition (List Chronologically) MM/DD/YY | Number of Shares | Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**3.  PURCHASES/ACQUISITIONS DURING THE 90-DAY LOOK BACK PERIOD**– State the total number of shares of Masimo publicly traded common stock purchased/acquired from August 9, 2023 through the close of trading on November 6, 2023.[2] (Must submit documentation.) _____

**4.  SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD.**  Separately list each and every sale of Masimo publicly traded common stock from May 4, 2022 through, and including, the close of trading on November 6, 2023. (Must submit documentation.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

---

[2] Information requested in this Claim Form with respect to purchases/acquisitions from August 9, 2023 through November 6, 2023 is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases/acquisitions during this period, however, are not eligible for a recovery because they are outside the Class Period and will not be used for purposes of calculating Recognized Loss Amounts pursuant to the Plan of Allocation.

5

**5. ENDING HOLDINGS–** State the total number of shares of Masimo publicly traded common stock held as of the close of trading on November 6, 2023. If none, write "0" or "Zero." (Must submit documentation.) _____

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** [  ]

## IV. SUBMISSION TO JURISDICTION OF THE COURT AND ACKNOWLEDGMENTS

12.    By signing and submitting this Claim Form, the Claimant(s) or the person(s) acting on behalf of the Claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Plan of Allocation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of California with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that, once the Settlement reaches its Effective Date, I (we) will be bound by and subject to the terms of all judgments and orders entered in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in Masimo publicly traded common stock and other Masimo securities, if required to do so. I (We) have not submitted any other claim covering the same transactions in Masimo publicly traded common stock during the time periods herein and know of no other person having done so on my (our) behalf.

## V. RELEASES, WARRANTIES, AND CERTIFICATION

13.    I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the notices, and that I am (we are) not excluded from the Settlement Class.

14.    I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish,

6

waive, and discharge with prejudice the Released Plaintiffs' Claims as to each and all of the Released Defendant Parties (as these terms are defined in the Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

15.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

16.    I (We) hereby warrant and represent that I (we) have included information about all purchases, acquisitions, and sales of Masimo publicly traded common stock that occurred during the relevant time periods and the number of shares held by me (us), to the extent requested.

17.    I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2025

_____     _____
Signature of Claimant                 Type or print name of Claimant

_____     _____
Signature of Joint Claimant, if any   Type or print name of Joint Claimant

7

_____        _____
Signature of person signing on behalf          Type or print name of person signing
of Claimant                                                    on behalf of Claimant

_____
Capacity of person signing on behalf of Claimant/Joint Claimant, if other than an individual (*e.g.,* Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

### REMINDER CHECKLIST:

1.   Sign this Claim Form.

2.   DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3.   Attach only copies of supporting documentation as these documents will not be returned to you.

4.   Keep a copy of your Claim Form for your records.

5.   The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. **Your claim is not deemed submitted until you receive an acknowledgment postcard.** If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at ___-___-___ or email at info@_____.com.

6.   If you move after submitting this Claim Form, please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

8

# Exhibit A-3

Lauren A. Ormsbee (*pro hac vice*)
Lisa M. Strejlau (*pro hac vice*)
David M. Saldamando (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Fax: (212) 818-0477
lormsbee@labaton.com
lstrejlau@labaton.com
dsaldamando@labaton.com

*Attorneys for Lead Plaintiffs*
*and Lead Counsel for the Proposed Class*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO VAZQUEZ, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MASIMO CORPORATION, JOSEPH KIANI, MICAH YOUNG, BILAL MUHSIN, and ELI KAMMERMAN <br><br> Defendants. | Case No.: 3:23-cv-01546-L-DEB |

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION, AND MOTION FOR ATTORNEY'S FEES AND EXPENSES**

**To: all persons and entities that purchased or acquired the publicly traded common stock of Masimo Corporation ("Masimo" or the "Company") during the period from May 4, 2022 through August 8, 2023, both dates inclusive (the "Class Period') and were allegedly damaged thereby (the "Settlement Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of California, that Court-appointed Lead Plaintiffs, on behalf of themselves

and all members of the proposed Settlement Class, and against Masimo Corporation ("Masimo" or the "Company"), Micah Young, Bilal Muhsin, and Eli Kammerman (collectively, "Settling Defendants"), have reached a proposed settlement of the above-captioned class action (the "Action") in the amount of $33,750,000 (the "Settlement"). Settling Defendants deny any liability or wrongdoing.

A hearing will be held before the Honorable M. James Lorenz, either in person or remotely in the Court's discretion, on _____, 2025, at _____ ___.m. (Pacific Time) at the United States District Court, Southern District of California, Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, CA 92101 (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated _____ ___, 2025; (iii) for purposes of the Settlement only, finally certify the Settlement Class, finally certify Lead Plaintiffs as Class Representatives for the Settlement Class, and finally appoint the law firm of Labaton Keller Sucharow LLP as Class Counsel and Hagens Berman Sobol Shapiro LLP as Liaison Counsel for the Settlement Class; (iv) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and (v) approve Lead Counsel's Fee and Expense Application. The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another notice. You do NOT need to attend the Settlement Hearing in order to receive a distribution from the Net Settlement Fund.

IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT. If you have not yet received a Postcard Notice, you may obtain copies of the Postcard Notice, long-form Notice, and Claim Form by visiting the website, www._____, or by contacting the Claims Administrator at:

2

1

2

3

4

5

*Masimo Securities Settlement*
c/o _____
P.O. Box ___
City/State/Zip
(___) ___-___
www._____
info@_____

6

7

Inquiries, other than requests for copies of notices or about the status of a claim, may also be made to Lead Counsel:

8

9

10

11

12

LABATON KELLER SUCHAROW LLP
Lauren A. Ormsbee, Esq.
140 Broadway
New York, NY 10005
www.labaton.com
settlementquestions@labaton.com
(888) 219-6877

13    If you are a Settlement Class Member, to be eligible to share in the distribution

14  of the Net Settlement Fund, you must submit a Claim Form postmarked or submitted

15  online *no later than* _____ __, *2025*.  If you are a Settlement Class Member

16  and do not timely submit a valid Claim Form, you will not be eligible to share in the

17  distribution of the Net Settlement Fund, but you will nevertheless be bound by all

18  judgments or orders entered by the Court relating to the Settlement, whether favorable

19  or unfavorable.

20    If you are a Settlement Class Member and wish to exclude yourself from the

21  Settlement Class, you must submit a written request for exclusion in accordance with

22  the instructions set forth in the Notice available on the settlement website, and such

23  request must be received *no later than* _____ __, *2025*.  If you properly

24  exclude yourself from the Settlement Class, you will not be bound by any judgments

25  or orders entered by the Court relating to the Settlement, whether favorable or

26  unfavorable, and you will not be eligible to share in the distribution of the Net

27  Settlement Fund.

28

SUMMARY NOTICE
Case No.: 3:23-cv-01546-L- DEB

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Settling Parties in accordance with the instructions in the Notice available on the website, such that they are received *no later than* _____ __*, 2025*.

### PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE

DATED: _____, 2025  BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

4

# Exhibit A-4

## Court-Ordered Legal Notice

Important Legal Notice Authorized by the United States District Court, Southern District of California about the Settlement of a Class Action.

**If you purchased or acquired Masimo Corporation publicly traded common stock during the period from May 4, 2022 through August 8, 2023, both dates inclusive, and were allegedly damaged thereby, a class action Settlement has been reached that will impact your legal rights.**

**You may be eligible for a cash payment. Please read this postcard carefully.**

For more information, please visit www._____.com.

Scan QR Code for a more detailed notice about the proposed Settlement.

[ADD QR CODE]

*Masimo Securities Settlement*
c/o ___
PO Box ___
City, Date Zip

Postal Service: Please do not mark barcode

[NAME1]
[ADDR2]
[CITY] [ST] [ZIP]
[COUNTRY]

This postcard is to inform you that a proposed Settlement totaling **$33,750,000** has been reached with Masimo Corporation ("Masimo" or the "Company"), Micah Young, Bilal Muhsin, and Eli Kammerman (collectively, "Settling Defendants"), which will resolve all claims, and related claims, in the class action captioned *Vazquez v. Masimo Corp., et al.,* No. 3:23-cv-010546-L-DEB (S.D. Cal.) (the "Action"). If approved, the Settlement will end the lawsuit, in which Lead Plaintiffs bring claims under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder, and Section 20(a) of the Exchange Act, alleging Defendants made material misrepresentations and omissions related to (i) Masimo's acquisition and integration of consumer audio firm, Sound United and (ii) Masimo's healthcare division's inability to introduce new products and the accumulation of excess inventory of single-use sensors, which were a key growth driver.

You received this postcard because you, or an investment account you represent, may be a member of the proposed Settlement Class (explained below). The issuance of this postcard does not reflect the opinion of the Court on the merits of the claims or defenses asserted by either side in the lawsuit. Defendants deny all liability or wrongdoing. Capitalized terms not defined in this postcard have the meanings given in the Stipulation and Agreement of Settlement, dated as of _____ ___, 2025 (the "Stipulation"). THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT. PLEASE VISIT **WWW.____.COM** FOR MORE INFORMATION AND THE FULL SETTLEMENT NOTICE.

## What does the Settlement provide?

Masimo has agreed to pay, or cause the payment of, **$33,750,000** in exchange for the settlement and release of all claims in the Action and related claims ("Released Plaintiffs' Claims"). The Settlement Amount, plus accrued interest, after deduction of Court-awarded attorneys' fees and expenses, Notice and Administration Expenses, and Taxes, will be allocated among Settlement Class Members who submit timely and valid claims.

Your *pro rata* share of the Settlement proceeds will depend on, among other things, the number and value of submitted claims, how many eligible shares of Masimo publicly traded common stock you bought, and when your shares were purchased, acquired, or sold. If all Settlement Class Members participate in the Settlement, the estimated average recovery will be approximately $1.30 per eligible share before deduction of Court-approved fees and costs. Your portion of the Settlement proceeds will be determined by the plan of allocation approved by the Court. The proposed plan is in the full Notice.

## Am I affected by the Settlement?

Receipt of this postcard does not mean you are a Settlement Class Member. The Settlement Class is: **all persons and entities who or that purchased or acquired Masimo's publicly traded common stock during the period from May 4, 2022 through August 8, 2023, both dates inclusive, and were allegedly damaged thereby (the "Settlement Class").** Certain individuals and entities (including Defendants and their family members) are excluded from the Settlement Class by definition.

## How do I get a payment?

Receipt of this postcard does not mean you are eligible for a recovery. To qualify for payment, you must submit a valid Claim Form, which can be found at **www._____.com**, or you can request one by contacting the Claims Administrator. Claim Forms must be postmarked by **_____, 2025**, and be mailed to: *Masimo Securities Settlement,* c/o ___, PO Box ____, __, __ __, or be submitted online by **_____, 2025**.

## How will Plaintiffs' Counsel be paid?

The Court has appointed the law firm of Labaton Keller Sucharow LLP as Lead Counsel. Lead Counsel will ask the Court to award Plaintiffs' Counsel up to 25% of the Settlement Fund in attorneys' fees, plus expenses of no more than $400,000, which may include reimbursement to Lead Plaintiffs for their costs pursuant to 15 U.S.C. § 78u-4(a)(4). These fees and costs would total approximately $0.34 per eligible share.

## What are my other options?

You may request exclusion from the Settlement Class by **_____, 2025**; object to the Settlement, the plan of allocation, or Lead Counsel's Fee and Expense Application by **_____, 2025**, or do nothing.  If you exclude yourself, you may be able to pursue the claims being settled on your own, but you cannot get money from the Settlement or object. If the Court does not approve the Settlement, no payments will be made, and the lawsuit will continue. By doing nothing, you will get no payment, and you will not be able to sue any of the Released Defendant Parties for the Released Plaintiffs' Claims. The full Notice provides instructions for submitting a Claim Form, requesting exclusion, and objecting, and you must comply with all of the instructions. Visit **www._____.com**.

## What happens next?

The Court will hold a hearing on **____, 2025, at __:__ _.m. (Pacific Time)**, to consider whether to approve the Settlement, the Fee and Expense Application, or the plan of allocation. You will be represented by Lead Counsel unless you enter an appearance through your own counsel, at your cost. You may attend the hearing and do not need an attorney to do so.

## Questions?

To learn more, scan the QR code, visit www._____.com, call (__) ___-___, email info@_____com, or *Masimo Securities Settlement* c/o _____, PO Box ____, City, State, Zip

# Exhibit B

1
2
3
4
5
**UNITED STATES DISTRICT COURT**

6
**SOUTHERN DISTRICT OF CALIFORNIA**

7
8
9
| | |
|---|---|
| SERGIO VAZQUEZ, Individually and on Behalf of All Others Similarly Situated, | Case No.: 3:23-cv-01546-L-DEB |
| Plaintiff, | **[PROPOSED] FINAL ORDER AND JUDGMENT** |
| v. | |
| MASIMO CORPORATION, JOSEPH KIANI, MICAH YOUNG, BILAL MUHSIN, and ELI KAMMERMAN | |
| Defendants. | |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**WHEREAS:**

A.     Lead Plaintiffs Boston Retirement System, Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan, and Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan (collectively, "Lead Plaintiffs"), on behalf of themselves and all other members of the Settlement Class (defined below), on the one hand, and Masimo Corporation ("Masimo" or the "Company"), Micah Young ("Young"), Bilal Muhsin ("Muhsin"), and Eli Kammerman ("Kammerman") (collectively, "Settling Defendants" and together with Lead Plaintiffs, the "Settling Parties"), on the other, have entered into the Stipulation and Agreement of Settlement, dated _____ 2025 (the "Stipulation"), which provides for a complete dismissal with prejudice of the claims asserted in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

B.     Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered _____, 2025 (the "Preliminary Approval Order"), the Court scheduled a hearing for _____, 2025 at ___:___ __.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Lead Counsel's Fee and Expense Application;

C.     The Court ordered that the Postcard Notice, substantially in the form attached to the Preliminary Approval Order as Exhibit 4, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order (the "Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, that the Summary Notice

2

of the proposed Settlement and Fee and Expense Application (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date; and that the long-form Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice") and the Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, be posted on the website for the Settlement developed by the Claims Administrator, from which copies of the long-form Notice and Claim Form can be downloaded;

D.     The notices advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing. The notices further advised that any objections to the Settlement were required to be filed with the Court on or before _____, 2025;

E.     The provisions of the Preliminary Approval Order as to notice were complied with;

F.     As required by the Preliminary Approval Order, on _____, 2025, Lead Plaintiffs moved for final approval of the Settlement on _____, 2025. The Settlement Hearing was duly held before this Court on _____, 2025 at which time all interested Persons were afforded the opportunity to be heard; and

G.     This Court has duly considered Lead Plaintiffs' motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement at the Settlement Hearing;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.    **Incorporation of Settlement Documents.** This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on _____, 2025; and (ii) the long-form Notice and Postcard Notice, which were filed with the Court on _____, 2025. Capitalized terms not defined in this Judgment shall have the meanings set forth in the Stipulation.

2.    **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Settling Parties to the Action, including all Settlement Class Members.

3.    **Class Certification for Purposes of Settlement**. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all persons and entities who or that purchased or acquired the publicly traded common stock of Masimo during the period from May 4, 2022 through August 8, 2023, both dates inclusive (the "Class Period"), and were allegedly damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Families, or any individual trust or family trust, of any Defendant who is an individual; (iii) any person who was an officer, director, or control person of Masimo during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest and/or beneficial interest; (v) parents, affiliates, as defined by 17 C.F.R. § 240.12b-2, or subsidiaries of Masimo; and (vi) the legal representatives, heirs, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such. For the avoidance of doubt and notwithstanding anything herein to the contrary, no shareholder that directly owns less than 10% of Masimo stock shall be deemed an "affiliate" for purposes of the Settlement Class. Also excluded from the Settlement Class are any persons or entities who or that submitted a timely and valid request for

4

exclusion that is accepted by the Court. [Exhibit A attached hereto lists the requests for exclusion that are being accepted by the Court.]

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Boston Retirement System, Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan, and Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan as Class Representatives for the Settlement Class; and finally appoints the law firms of Labaton Keller Sucharow LLP as Class Counsel and Hagens Berman Sobol Shapiro LLP as Liaison Counsel for the Settlement Class.

5.      **Notice.** The Court finds that the dissemination of the Postcard Notice, Summary Notice, long-form Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Class Members of the effect of the Settlement, of the proposed Plan of Allocation for the proceeds of the Settlement, of Lead Counsel's request for payment of attorneys' fees and expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' rights to object thereto and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6.      **Objections**. [There have been no objections to the Settlement.]

7.      **Final Settlement Approval and Dismissal of Claims**. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, the Court hereby approves the

5

Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

8.    Lead Plaintiffs' First Amended Complaint for Violations of the Federal Securities Laws filed on February 12, 2024, is dismissed in its entirety, with prejudice, as to the Lead Plaintiffs and other Settlement Class Members, and as to each of the Defendants, and without costs to any Settling Party, except as otherwise provided in the Stipulation.

9.    **Rule 11 Findings**. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10.    **Releases.**  The releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.

6

11.     Upon the Effective Date of the Settlement, Lead Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed, with prejudice, each and every one the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim form or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

12.     Upon the Effective Date of the Settlement, Settling Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties. Claims to enforce the terms of the Stipulation are not released.

13.     Notwithstanding paragraphs 11–12 above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

1    14.    **Binding Effect.** Each Settlement Class Member, whether or not such

2  Settlement Class Member executes and delivers a Claim Form or receives a payment

3  from the Net Settlement Fund, is bound by this Judgment, including, without

4  limitation, the release of claims as set forth in the Stipulation and paragraph 11 above.

5  [The Persons listed on Exhibit A hereto are excluded from the Settlement Class

6  pursuant to request and are not so bound.]

7    15.    **No Admissions**. Except as set forth paragraph 16 below, this Judgment

8  and the Stipulation, whether or not consummated or Final, and any discussion,

9  negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and

10  any matter arising in connection with settlement discussions or negotiations,

11  proceedings, or agreements (including the Term Sheet), shall not be offered or

12  received against or to the prejudice of the Settling Parties or their respective counsel

13  for any purpose other than to enforce the terms hereof, and in particular, but without

14  limitation:

15    (a)    do not constitute, and shall not be offered or received against or

16  to the prejudice of any of the Released Defendant Parties as evidence of, or construed

17  as, or deemed to be evidence of any presumption, concession, or admission by any of

18  the Released Defendant Parties with respect to the truth of any allegation by Lead

19  Plaintiffs or the Settlement Class, or the validity of any claim that has been or could

20  have been asserted in the Action or in any litigation, including but not limited to the

21  Released Plaintiffs' Claims, or of any liability, damages, negligence, fault or

22  wrongdoing of any of the Released Defendant Parties or any person or entity

23  whatsoever, or of any infirmity in any of Settling Defendants' defenses;

24    (b)    do not constitute, and shall not be offered or received against or

25  to the prejudice of any of the Released Defendant Parties as evidence of a

26  presumption, concession, or admission of any fault, misrepresentation, or omission

27  with respect to any statement or written document approved or made by any of the

28                                                          8

Settling Defendants, or against or to the prejudice of Lead Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiffs, or the other members of the Settlement Class;

(c)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)    do not constitute, and shall not be construed against any of the Released Defendant Parties, Lead Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)    do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiffs or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

16.    Notwithstanding paragraph 15 above, the Settling Parties, and their respective counsel, may file this Judgment and/or the Stipulation in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any

9

liability protection granted them under any applicable insurance policy or seek contribution. The Settling Parties may file this Judgment and/or Stipulation in any action that may be brought to enforce the terms of this Judgment and/or Stipulation. All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement

17.    The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

18.    **Termination of the Settlement**.  In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated per the terms of the Stipulation, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with paragraph 47 of the Stipulation.

19.    **Modification of the Stipulation.**  Without further approval from the Court, Lead Plaintiffs and Settling Defendants are hereby authorized, upon written agreement of all Settling Parties to the Stipulation, to adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20.    **Fee Order and Order on Plan of Allocation**.  A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order shall be entered regarding the

proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

21. **Retention of Jurisdiction.** Without affecting the finality of this Judgment in any way, this Court, including any assigned U.S. Magistrate Judge, hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; (v) all Settling Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

22. **Entry of Final Judgment.** There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

SO ORDERED this _____ day of _____ 2025.


_____
THE HONORABLE M. JAMES LORENZ
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## List of Persons and Entities Excluded from the Settlement Class Pursuant to Request