Lauren A. Ormsbee (*pro hac vice*)
Nicole M. Zeiss (*pro hac vice*)
David M. Saldamando (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Fax: (212) 818-0477
lormsbee@labaton.com
nzeiss@labaton.com
dsaldamando@labaton.com

*Attorneys for Lead Plaintiffs
and Lead Counsel for the Proposed Class*

*[Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO VAZQUEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MASIMO CORPORATION, JOSEPH KIANI, MICAH YOUNG, BILAL MUHSIN, and ELI KAMMERMAN<br><br>Defendants. | Case No.: 3:23-cv-01546-DEB<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES**<br><br>Judge: Hon. Daniel E. Butcher<br>Date: May 11, 2026<br>Time: 10:00 a.m.<br>Courtroom: 2B |

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...................................................................................1

STATEMENT OF RELEVANT FACTS.......................................................................2

ARGUMENT.................................................................................................................3

I.    THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION ...................................................................................................3

II.   THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF LEAD COUNSEL'S FEE AND EXPENSE APPLICATION ................................................................................4

CONCLUSION..............................................................................................................5

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Lead Plaintiffs Boston Retirement System, Central Pennsylvania Teamsters Pension Fund-Defined Benefit Plan, and Central Pennsylvania Teamsters Pension Fund-Retirement Income Plan (together, "Lead Plaintiffs"), on behalf of themselves and the other members of the Settlement Class, and Lead Counsel Labaton Keller Sucharow LLP ("Lead Counsel"), respectfully submit this reply memorandum of law in further support of (i) Lead Plaintiffs' motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation (ECF No. 100) and (ii) Lead Counsel's motion for an award of attorneys' fees and payment of expenses (ECF No. 101) (together, the "Motions").[1]

## PRELIMINARY STATEMENT

Now that the April 14, 2026 deadline for objecting or seeking exclusion from the Settlement Class has passed, Lead Plaintiffs and Lead Counsel respectfully submit that the reaction of the Settlement Class to the Settlement, the proposed Plan of Allocation, and Lead Counsel's Fee and Expense Application has been overwhelmingly positive.

Notice of the Settlement has been disseminated to 83,194 potential Settlement Class Members or their nominees through April 27, 2026. *See* Supplemental Declaration of Adam D. Walter Regarding (A) Dissemination of the Postcard Notice; and (B) Report on Requests for Exclusion and Objections Received to Date, dated April 27, 2026, at ¶4, filed herewith ("Supp. Mailing Decl."). Additionally, the long-form Notice and Claim Form were posted on the website created for the Settlement on February 17, 2026, and the Summary Notice was published in *The Wall Street Journal* and transmitted over *PR Newswire* on

---

[1] The terms of the Settlement are set forth in the Stipulation and Agreement of Settlement, dated August 14, 2025 (the "Stipulation", ECF No. 97-2). All capitalized terms used herein are defined in the Stipulation and have the same meanings as set forth therein. Unless otherwise noted, citations and internal quotations have been omitted.

March 3, 2026. *See* Declaration of Adam D. Walter Regarding (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections Received to Date, dated March 27, 2026, ("Initial Mailing Decl.") at ¶¶11-13; ECF No. 102-5. There have been ***no objections*** to the proposed Settlement, Plan of Allocation, or the Fee and Expense Application, and ***no requests for exclusion***.

Accordingly, Lead Plaintiffs and Lead Counsel respectfully submit that this reaction by the Settlement Class further demonstrates the fairness, adequacy, and reasonableness of the Settlement, Plan of Allocation, and Lead Counsel's Fee and Expense Application.

## STATEMENT OF RELEVANT FACTS

Pursuant to the Court's Preliminary Approval Order, the Claims Administrator has disseminated notice of the Settlement to 83,194 potential Settlement Class Members and/or their nominees identified to date. *See* Supp. Mailing Decl. at ¶4. In addition, copies of the long-form Notice, Claim Form, Stipulation, and other Court documents were posted on the website maintained for the Action, www.MasimoSecuritiesSettlement.com, as well as the website of Lead Counsel. Further, on March 3, 2026, the Claims Administrator published the Summary Notice in *The Wall Street Journal* and released it over the internet via *PR Newswire* (*see* Initial Mailing Decl. at ¶11).

Collectively, the notices provided important information about the Action and the Settlement and stated that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund and payment of Litigation Expenses in an amount not to exceed $400,000. *See* Initial Mailing Decl. Exs. A-B. The notices also apprised Settlement Class Members of their right to seek exclusion from the Settlement Class or object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application, and the April 14, 2026 deadline for doing so. The long-form Notice provided more detailed

information about the Action and Settlement, including the Plan of Allocation. Lead Plaintiffs and Lead Counsel also filed their opening papers in support of the Motions.  Those papers—which are available on the public docket (*see* ECF Nos. 100-102), the case website (www.MasimoSecuritiesSettlement.com), and Lead Counsel's firm website—described Lead Plaintiffs' and Lead Counsel's views of the Settlement, the Plan of Allocation, work performed in this litigation, and the fee and expense awards requested.

No objections have been filed with the Court or received by the Claims Administrator or Lead Counsel, and no one has requested exclusion from the Settlement Class.

## ARGUMENT

### I.   THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION

Following a thorough notice program, no Settlement Class Member objected to any aspect of the Settlement or the Plan of Allocation.  "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to class members." *In re Stable Rd. Acquisition Corp. Sec. Litig.*, No. 2:21-CV-5744, 2024 WL 3643393, at *9 (C.D. Cal. Apr. 23, 2024); *Destefano v. Zynga Inc.,* No. 12-cv-04007, 2016 WL 537946, at *13 (N.D. Cal. Feb. 11, 2016) ("By any standard, the lack of objection of the Class Members favors approval of the Settlement.")

The absence of objections from institutional investors and pension funds is also noteworthy. That these sophisticated Settlement Class Members—which have the resources to carefully evaluate the Settlement and object if it were appropriate to do so—have not objected to the Settlement (or the Plan of Allocation or Fee and Expense Application) provides further evidence of the fairness of the Settlement. *See, e.g., In re Extreme Networks, Inc. Sec. Litig.*, No. 15-cv-4883, 2019 WL

3290770, at *9 (N.D. Cal. July 22, 2019) ("Many potential class members are sophisticated institutional investors; the lack of objections from such institutions indicates that the settlement is fair and reasonable.")

The lack of objections also supports approval of the proposed Plan of Allocation. *See In re Heritage Bond Litig*., No. 02–ML–1475, 2005 WL 1594403, at *12 (C.D. Cal. June 10, 2005) ("In light of the lack of objectors to the plan of allocation at issue, and the competence, expertise, and zeal of counsel in bringing and defending this action, the Court finds the plan of allocation as fair and adequate."); *Atlas v. Accredited Home Lenders Holding Co*., No. 07-CV-00488-H (CAB), 2009 WL 3698393, at *4 (S.D. Cal. Nov. 4, 2009) (noting the "predominantly positive response" to the plan of allocation where only two objections to it were submitted).

Similarly, the lack of requests for exclusion reflects favorably on approval of the Settlement and offers clear support for the Court's final approval. *See, e.g., Zynga, Inc.*, 2016 WL 537946, at *10 (noting that a low number of exclusions supports the reasonableness of a securities class action settlement).

## II. THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF LEAD COUNSEL'S FEE AND EXPENSE APPLICATION

Not one Settlement Class Member has objected to Lead Counsel's Fee and Expense Application. The fact that there have been no objections is also strong evidence that the requests are fair and reasonable. *See, e.g., Ferreira v. Funko, Inc*., No. 20-cv-2319, 2022 WL 22877154, at *9 (C.D. Cal. Dec. 13, 2022) ("The positive reaction by Settlement Class Members demonstrated by the 5,848 claims, the lack of objections to the Settlement, and the sole request for exclusion also support Class Counsel's fee request."); *Cheng Jiangchen v. Rentech, Inc.,* No. 17-cv-1490, 2019 WL 5173771, at *10 (C.D. Cal. Oct. 10, 2019) (noting that the fact "there have been no objections filed to the requested attorney's fees" [] "supports granting the

requested fees"); *Marshall v. Northrop Grumman Corp.*, No. 16-CV-6794, 2020 WL 5668935, at *6 (C.D. Cal. Sept. 18, 2020) (considering response from the class, including that there were very few objections, as a factor weighing in favor of the requested fee).

* * *

Accordingly, Lead Plaintiffs and Lead Counsel respectfully submit that this reaction by the Settlement Class further demonstrates the fairness, adequacy, and reasonableness of the Settlement, Plan of Allocation, and Lead Counsel's Fee and Expense Application.

## CONCLUSION

For the reasons set forth herein and the opening papers filed in support of the Motions, Lead Plaintiffs and Lead Counsel respectfully request that the Court approve the proposed Settlement and Plan of Allocation as fair, reasonable, and adequate, and approve the Fee and Expense Application. Three proposed orders are submitted herewith: a proposed Final Order and Judgment, negotiated by the Settling Parties; a proposed Order Approving Plan of Allocation; and a proposed Order Awarding Attorneys' Fees and Expenses.

Dated: April 28, 2026

Respectfully submitted,

**LABATON KELLER SUCHAROW LLP**

By: ___/s/ *Lauren A. Ormsbee*___
Lauren A. Ormsbee (*pro hac vice*)
Nicole M. Zeiss (*pro hac vice*)
David Saldamando (*pro hac vice*)
140 Broadway
New York, New York 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
lormsbee@labaton.com
nzeiss@labaton.com
dsaldamando@labaton.com

*Attorneys for Lead Plaintiffs Boston Retirement System, Central Pennsylvania*

*Teamsters Pension Fund-Defined Benefit Plan and Central Pennsylvania Teamsters Pension Fund-Retirement Income Plan 1987, and Lead Counsel for the Proposed Class*

Lucas E. Gilmore (SBN 250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Tel: (510) 725-3000
Fax: (510) 725-3001
Lucasg@hbsslaw.com

*Liaison Counsel for the Proposed Class*

# CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2026, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered ECF participants only.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 28, 2026

/s/ *Lauren A. Ormsbee*
Lauren A. Ormsbee

**Mailing Information for a Case 3:23-cv-01546-DEB Vazquez v. Masimo Corporation et al.**

Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- Adam Marc Apton

aapton@zlk.com

- Marshall A. Camp

mcamp@hueston.com, docketing@hueston.com, mschneider@hueston.com

- Robert James Ellison

robert.ellison@lw.com, robert-ellison-6864@ecf.pacerpro.com

- James M. Fee

jfee@labaton.com, 7935099420@filings.docketbird.com, ElectronicCaseFiling@labaton.com

- Christine M. Fox

cfox@labaton.com, ndonlon@labaton.com, vvibar@labaton.com, ElectronicCaseFiling@labaton.com, kjudd@labaton.com, 6312349420@filings.docketbird.com

- Robert Matthew Garsson

robgarsson@quinnemanuel.com

- Lucas E. Gilmore

lucasg@hbsslaw.com, sf_filings@hbsslaw.com

- Matthew J. Grier

mgrier@labaton.com, ElectronicCaseFiling@labaton.com, 2099396420@filings.docketbird.com

- John Charles Hueston

jhueston@hueston.com, docketing@hueston.com, lhiles@hueston.com

- Harry Arthur Olivar, Jr.

harryolivar@quinnemanuel.com

- Lauren Amy Ormsbee

LOrmsbee@labaton.com, 4457202420@filings.docketbird.com

- Jennifer Pafiti

jpafiti@pomlaw.com, efile@pomlaw.com

- Jeffrey F. Robertson

jeffrey.robertson@srz.com, courtfilings@srz.com, evan.melluzzo@srz.com, ecf-1822127e5d6b@ecf.pacerpro.com

- Valerie Suzanne Roddy

valerieroddy@quinnemanuel.com, ecf-8cc00a9b9174@ecf.pacerpro.com, calendar@quinnemanuel.com

- David Saldamando

dsaldamando@labaton.com

- Lisa Marie Strejlau

lstrejlau@labaton.com

- Michael E. Swartz

michaelswartz@quinnemanuel.com, michael-swartz-3349@ecf.pacerpro.com

- Jonathan D. Uslaner

JonathanU@blbglaw.com, managingclerk@blbglaw.com

- Carol C. Villegas

cvillegas@labaton.com, 5739893420@filings.docketbird.com, electroniccasefiling@labaton.com

- Thomas A. Zaccaro

tzaccaro@hueston.com, mgreen@hueston.com

**Manual Notice List**

The following is the list of attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

(No manual recipients)